UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11625 RWZ

|  |  |
|---|---|
| JOAN CHARLES,<br>　　　　Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK, OCWEN FINANCIAL CORPORATION, MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION and ONE CALL INSURANCE AGENCY, INC.,<br>　　　　Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF DEFENDANT MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION TO COMPLAINT

### INTRODUCTION

Deny

### FACTS

1. Defendant can neither admit nor deny and therefore denies and calls upon Plaintiff to prove the same.

2. Defendant can neither admit nor deny and therefore denies and calls upon Plaintiff to prove the same.

3. Defendant can neither admit nor deny and therefore denies and calls upon Plaintiff to prove the same.

4. Admit.

5. Defendant can neither admit nor deny and therefore denies and calls upon Plaintiff to prove the same.

4.[sic] Defendant can neither admit nor deny and therefore denies and calls upon Plaintiff to prove the same.

5.[sic] Defendant can neither admit nor deny and therefore denies and calls upon Plaintiff to prove the same.

6. Defendant can neither admit nor deny and therefore denies and calls upon Plaintiff to prove the same.

7. Defendant can neither admit nor deny and therefore denies and calls upon Plaintiff to prove the same.

8. Defendant can neither admit nor deny and therefore denies and calls upon Plaintiff to prove the same.

9. This Defendant denies to the extent that paragraph is intended to apply to it.

10. Defendant can neither admit nor deny and therefore denies and calls upon Plaintiff to prove the same.

11. Deny. Further answering the Defendant says that Massachusetts Property Insurance Underwriting Association had issued Policy No. 0662672-3 to Joan Charles for 14 Ditson Street, Dorchester, MA for a policy period of January 8, 2003 to January 8, 2004. The premium for that policy was paid. No request for a Renewal Policy was received by Massachusetts Property Insurance Underwriting Association prior to the expiration of the existing policy on January 8, 2004.

12. Deny. See answer to paragraph 11.

13. Massachusetts Property Insurance Underwriting Association admits that the policy expired on January 8, 2004. Massachusetts Property Insurance Underwriting Association denies that the policy "lapsed".

14. Deny.

13.[sic] Defendant can neither admit nor deny and therefore denies and calls upon Plaintiff to prove the same.

14.[sic] Deny.

15. Deny.

16. Deny.

17. Deny.

18. Massachusetts Property Insurance Underwriting Association admits that it returned the check received from OCWEN on the grounds that the policy in place had expired. The property was ineligible for a new policy because of unrepaired damage. Massachusetts Property Insurance Underwriting Association denies the remaining allegations in this paragraph.

19. Defendant can neither admit nor deny and therefore denies and calls upon Plaintiff to prove the same.

20. Defendant can neither admit nor deny and therefore denies and calls upon Plaintiff to prove the same.

21. Defendant can neither admit nor deny and therefore denies and calls upon Plaintiff to prove the same.

22. Deny.

## COUNT I

23. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

24. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

25. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

26. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

## COUNT II

27. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

28. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

29. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

30. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

31. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

## COUNT III

32. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

33. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

34. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

35. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

## COUNT IV

36. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

37. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

## COUNT V

38. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

39. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

40. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

41. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

## COUNT VI

42. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

43. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

44. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

      a. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

## COUNT VII

45. Defendant repeats answers to paragraphs 1 through 45.

46. Deny.

47. Deny.

48. Deny.

## COUNT VIII

49. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

50. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

51. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

52. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

53. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

## COUNT IX

54. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

55. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

56. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

57. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

## COUNT X

58. Defendant repeats answers to paragraphs 1 through 58.

59. Massachusetts Property Insurance Underwriting Association admits that it issued a Policy of Insurance for 14 Ditson Street, Dorchester, MA to Joan Charles for the policy period of January 8, 2003 to January 8, 2004. The Defendant denies the remaining allegations.

60. Deny.

    a. Deny.

## COUNT XI

61. Defendant repeats answers to paragraphs 1 through 62.

62. Deny.

63. Deny.

64. Deny.

## COUNT XII

65. Defendant repeats answers to paragraphs 1 through 66.

66. Deny.

67. The Defendant Massachusetts Property Insurance Underwriting Association admits that it has refused to pay a claim for a fire arising on February 3, 2004 at 14 Ditson Street, Dorchester, MA because there was no policy in effect at the time of the fire. The Defendant denies the remaining allegations.

68. Deny.

## COUNT XIII

69. Defendant repeats answers to paragraphs 1 through 70.

70. Deny.

71. Deny.

## COUNT XIV

72. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

73. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

74. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

75. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

76. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

77. No responsive pleading is necessary from this Defendant. To the extent that a responsive pleading is necessary, Defendant denies.

### First Affirmative Defense

The Defendant says that the injuries and damages complained of were caused in whole or in part by the negligence of the Plaintiff, Joan Charles, and that the degree of negligence on the part of said Plaintiff is such as to bar recovery under the provisions of M. G. L. c. 231 §85, as amended.

### Second Affirmative Defense

By way of affirmative defense, the Defendant says that the Plaintiff is guilty of contributory negligence and that the damages, if any, recovered by the Plaintiff from the Defendant should be reduced in proportion to the said negligence of the Plaintiff in accordance with M. G. L. c. 231 §85.

### Third Affirmative Defense

The injury and damages complained of by the Plaintiff was caused in whole or in part by the conduct of a person or entity for which the Defendant was not legally responsible.

<u>Fourth Affirmative Defense</u>

The Plaintiffs failed to give adequate notice of any alleged breach of warranties to the Defendant.

WHEREFORE: The Defendant moves this Court to find for the Defendant and award costs and attorney's fees.

        Respectfully submitted,
        By my attorney,

        /s/ Michael W. Reilly, Esq.

        Michael W. Reilly, Esq.
        Tommasino & Tommasino
        2 Center Plaza
        Boston, MA   02108
        (617) 723-1720
        MA BBO# 415900

JURY DEMAND: Now comes the Defendant and demands a jury trial on all counts.

        /s/ Michael W. Reilly, Esq.

        Michael W. Reilly, Esq.