UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JOAN CHARLES, * | |
| Plaintiff, * | |
| * | |
| vs. * | CIVIL ACTION |
| * | No. 04-11625RWZ |
| OCWEN FEDERAL BANK, FSB; * | |
| OCWEN FINANCIAL CORPORATION; * | |
| MASSACHUSETTS PROPERTY * | |
| INSURANCE UNDERWRITING * | |
| ASSOCIATION; and * | |
| ONE CALL INSURANCE AGENCY, * | |
| INCORPORATED, * | |
| Defendants. * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO DISMISS
### BY THE DEFENDANT, ONE CALL INSURANCE AGENCY, INC.

The defendant, One Call Insurance Agency, Inc. ("One Call"), hereby moves, pursuant to the provisions of Fed. Rule Civ. P. 12(b)(6) and 12(b)(1), to dismiss the plaintiff's complaint.

In support hereof, One Call states that the complaint fails to state a claim upon which relief may be granted against this defendant, an insurance agent. One Call also states that this court does not have subject matter jurisdiction relative to the claims against it, nor should the court exercise supplemental jurisdiction under 28 U.S.C. §1367. In further support hereof, the defendant incorporates herein, pursuant to L.R. 7.1, its Memorandum of Reasons in support of this motion.

Counsel hereby certifies pursuant to L.R. 7.1 (A)(2) that he has conferred and has

attempted in good faith to resolve the issues associated with this motion, but that the filing of this motion is now a necessity.

REQUEST FOR ORAL ARGUMENT

The defendant hereby requests oral argument on this motion, pursuant to L.R. 7.1 (D).

9-7-04

ONE CALL INSURANCE AGENCY, INC.
By its attorney,

*/s/ William D. Chapman*
William D. Chapman
BBO #551261
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
(617) 523-6200

CERTIFICATE OF SERVICE

I, William D. Chapman, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

Barry Greene
James Hoyt
PORTNOY AND GREENE, P.C.
197 1st Avenue, Suite 130
Needham, MA 02494

Date: 9-8-04

*/s/ William D. Chapman*

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JOAN CHARLES, <br>    Plaintiff, <br><br> vs. <br><br> OCWEN FEDERAL BANK, FSB; <br> OCWEN FINANCIAL CORPORATION; <br> MASSACHUSETTS PROPERTY <br> INSURANCE UNDERWRITING <br> ASSOCIATION; and <br> ONE CALL INSURANCE AGENCY, <br> INCORPORATED, <br>    Defendants. | CIVIL ACTION <br> No. 04-11625RWZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OF REASONS IN SUPPORT OF MOTION TO DISMISS
BY THE DEFENDANT, ONE CALL INSURANCE AGENCY, INC.

The defendant, One Call Insurance Agency, Inc. ("One Call"), hereby submits its Memorandum of Reasons in support of its Motion to Dismiss pursuant to Fed. Rule Civ. P. 12(b)(6), 12(b)(1), and Local Rule 7.1.

1. According to the plaintiff's "First Complaint and Jury Demand", this action arises out of alleged losses which the plaintiff sustained after her home burned on February 2, 2004. *Complaint, para. 13, 18.* In essence, the plaintiff says that the bank to which she gave a mortgage on her home failed to properly pay her homeowners insurance premium from her escrow account. *Id., para. 5 - 12.* As a result, her homeowners insurance policy expired or lapsed, and she was without

insurance at the time of the fire. *Id., para. 13.* She seeks to recover $750,000 for any liability she may have to the bank under her note and mortgage, presumably for any uninsured damage to the home, losses arising from negative credit reporting regarding the plaintiff, and for alleged emotional distress. *Id., para. 20-22; 25; Plaintiff's Civil Cover Sheet.*

2. With regard to jurisdiction, the plaintiff purports to bring this action on the basis of a federal question under 12 U.S.C. §2605 and 15 U.S.C. §1692c. The defendants are a bank / "financial corporation" (Ocwen Federal Bank and Ocwen Financial Corporation), the state association of property insurers which acted as the plaintiff's homeowners insurer (MPIUA), and an insurance agent (the moving defendant, One Call Insurance Agency, Inc.).

3. Two of the fourteen counts in the plaintiff's complaint are claims under the referenced federal statutes against Ocwen, *only*. (Counts I, II). The two statutes, 12 U.S.C. §2605 and 15 U.S.C. §1692c, have no applicability whatsoever to One Call, insofar as One Call is an insurance agent and is not (and is not alleged to be) a lender, or a debt collector. The remaining twelve counts are state law - based claims against Ocwen (negligence, breach of contract, emotional distress, Chapter 93A), MPIUA (negligence, breach of contract, and failure to provide notice under G.L.c. 175 §193P), and One Call (negligence, breach of contract).

4. The plaintiff's complaint fails to state a proper federal question against One Call. Further, and including for the reasons which follow, this court should decline to treat the plaintiff's claims against One Call as being properly within the federal court's supplemental jurisdiction under 28 U.S.C. §1367. The purported claims

against One Call are not part of the same case or controversy against Ocwen, and otherwise, an exercise of supplemental jurisdiction would be inconsistent with the jurisdictional requirements of 28 U.S.C. 1332, insofar as the purported basis of having One Call in this case is a ploy to avoid the diversity jurisdiction rules.

5. Most importantly, and aside from the jurisdictional issues, the complaint fails to state a cognizable liability claim against an insurance broker. There are two counts against One Call - Counts VI, and IX. It is apparent that the plaintiff's theory of liability against One Call is that One Call should somehow be held responsible for Ocwen's failure to timely pay her insurance premium from her escrow account. *Complaint, para. 11, 12.* The plaintiff's claims against One Call are premised on the allegation that One Call owed the plaintiff a legal duty to "ensure and coordinate payment of the insurance premium". (Count VI - Negligence; Count IX - Breach of Contract). The plaintiff also vaguely alleges a failure to "provide notice or forward correspondence between the parties."

6. An insurance broker does not owe the insured a legal duty to make sure that the insured's mortgage lender pays her premium from her escrow account. Rather, liability of an insurance broker has been traditionally recognized in Massachusetts where the broker failed to obtain insurance which had been requested by the insured, which caused the insured to sustain an uninsured loss. See, *Rayden Engineering v. Church*, 337 Mass. 652 (1958); *Campione v. Wilson*, 422 Mass. 185 (1996). The traditional theory of liability is not an option for the plaintiff in this case, as the complaint recognizes that One Call obtained the MPIUA homeowner policy for the plaintiff. *Complaint, para. 11.*

7. Rather, (and hopefully, obviously) it is the legal duty of the insured, and not the broker, to pay the premium. *See, Rozen v. Cohen,* 350 Mass. 231 (1966). The complaint would appear to state a viable claim that Ocwen, by virtue of the particular provisions of the mortgage, and federal law, also had a legal duty to pay the plaintiff's premium. *Complaint, para. 7 - 9.* However, there are no factual allegations in the complaint which could possibly support the imposition of a legal duty on the insurance broker to "pay" or "ensure the payment of" the plaintiff's insurance premium. *See, Construction Planners, Inc. v. Dobax Insurance Agency, Inc.,* 31 Mass. App. Ct. 672, 675 (1991) ("(T)he broker ordinarily has no duty, absent a request from the client or an undertaking by the broker, to obtain insurance or to renew a policy about to expire.").

8. The plaintiff's "throw in" allegation that One Call failed to "provide notice or forward correspondence" similarly fails to state a proper legal basis for a claim of insurance broker liability. Again, in the absence of a specific undertaking to provide notice, the broker owes no such legal duty to the plaintiff. *See, Construction Planners, Inc.; Rayden Engineering; Campione; supra.* No such specific undertaking is alleged in the plaintiff's complaint. In fact, the plaintiff's complaint correctly alleges to the contrary, insofar as the plaintiff specifically alleges it was the duty of the insurer (the codefendant, MPIUA), and not One Call, to provide the plaintiff with any notice of intended cancellation or nonrenewal. *Complaint, para. 47, 48, 49, 61, 62;* G.L.c. 175 § 193P.

For all the foregoing reasons, One Call respectfully requests that its Motion to Dismiss be allowed.

ONE CALL INSURANCE AGENCY, INC.
By its attorney,

*/s/ William D. Chapman*
William D. Chapman
BBO #551261
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
(617) 523-6200

9-7-04

## CERTIFICATE OF SERVICE

I, William D. Chapman, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

Barry Greene
James Hoyt
PORTNOY AND GREENE, P.C.
197 1st Avenue, Suite 130
Needham, MA 02494

*/s/ William D. Chapman*
William D. Chapman

Date: 9-8-04