UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11625-RWZ

| | |
|---|---|
| Joan Charles,<br>    Plaintiff, | )<br>)<br>)<br>) |
| v. | )<br>) |
| Ocwen Federal Bank, FSB;<br>Ocwen Financial Corporation;<br>Massachusetts Property Insurance<br>Underwriting Association;<br>and One Call Insurance Agency,<br>Incorporated,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF, JOAN CHARLES' OPPOSITION TO DEFENDANT, ONE CALL INSURANCE AGENCY, INCORPORATED'S MOTION TO DISMISS

NOW COMES the plaintiff, Joan Charles (hereinafter "Plaintiff" or "Charles") in the above-entitled civil action, and submits her opposition to defendant, One Call Insurance Agency, Incorporated's (hereinafter "Defendant" or "One Call") Motion to Dismiss. In support thereof, Plaintiff states as follows:

### FACTS

Plaintiff is an individual currently residing at 147 Bowdoin Street, First Floor, Dorchester, Suffolk County, Massachusetts.

One Call is a domestic corporation with a principle place of business at 121B Tremont Street, Suite 25, in Brighton, Massachusetts.

Plaintiff is the owner of certain real property known and numbered as 14 Ditson Street, Boston, MA 02122 (hereinafter "the property"). On or about January 7, 2004,

1

payment was due for the hazard insurance premium on the property policy provided by the Massachusetts Property Underwriting Association (hereinafter "MPIUA"). Such premium was not paid by Ocwen Federal Bank, FSB, ("Ocwen"), as escrow agent for hazard insurance premiums paid by Plaintiff, and MPIUA subsequently cancelled the policy. On or about February 2, 2004, the property suffered a substantial fire loss and Plaintiff's insurance claim was denied by MPIUA.

Plaintiff expects that the evidence will or might show that One Call, (as the insurance agent of Plaintiff (termed "Producer" by MPIUA) and as liaison between Ocwen and MPIUA as required by, and according to MPIUA and / or the Massachusetts "FairPlan"), received notice of premiums due and of threatened termination or expiration of the policy and failed to forward them or give notice to either Ocwen or Plaintiff. As such agent / producer of insurance policies, according to standard practice and the MPIUA "Producers Manual", One Call had an affirmative duty to ensure and coordinate payment of the insurance premium, including sending bills and giving notice to Ocwen and / or Plaintiff, as well as overall coordinating and providing hazard insurance for Plaintiff and the property.

. One Call negligently breached its duty by failing to ensure and coordinate payment of the insurance premium and by failing to provide notice and / or forward correspondence between the parties. One Call's failure to ensure and coordinate payment of the insurance premium and to provide notice and / or forward correspondence between the parties was negligent and caused Plaintiff to incur substantial damages through the loss of insurance coverage and the subsequent fire loss which occurred at the property.

Additionally, Plaintiff expects the evidence to show that Plaintiff and One Call were parties to an agency contract for One Call to act as the agent of Plaintiff. One Call was to procure and coordinate insurance on the property including payment of the insurance premium in accordance with MPIUA standard practice and the MPIUA "Producer's Manual." One Call breached its contract with Plaintiff by failing to coordinate payment of the insurance premium and failing to provide notice and / or forward correspondence between the parties. One Call's failure to coordinate payment of the insurance premium was a breach of contract and caused Plaintiff to incur substantial damages through the loss of insurance coverage and the subsequent fire loss which occurred at the property.

## ARGUMENT

JURISDICTION

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

"[A] Federal court may exercise supplemental jurisdiction over a state claim whenever it is joined with a federal claim and the two claims 'derive from a common nucleus of operative fact' and the plaintiff 'would ordinarily be expected to try them both in one judicial proceeding.'" Nisselson v. Lernout, 2004 WL 1630492 (D.Mass.) quoting Vera-Lozano v. Int'l Broad, 50 F.3d 67, 70 (1st Cir.1995) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

3

In Nisselson, supra, this Court held that it had supplemental jurisdiction over plaintiff's state-law claims against a particular defendant because the claims of negligence and breach of contract were closely related to the Federal Question claims asserted by the Plaintiff against other defendants. The Court found that all claims arose out of the same transaction, and that none of the grounds for declining jurisdiction under 28 U.S.C. § 1367(c) existed. Id.

The Grounds for supplemental jurisdiction in the instant case are almost exactly the same as in Nisselson, supra: Claims of negligence and breach of contract are made against One Call. Such claims, as all other claims made by Plaintiff, arise from the same transaction (regarding hazard insurance on the property) as the Federal Law Claims brought against Ocwen.

One Call challenges this Court's supplemental jurisdiction under 28 U.S.C. § 1367 by claiming that 1) the "purported claims against One Call are not part of the same case or controversy against Ocwen," and 2) the "purported basis of having One Call in this case is a ploy to avoid the diversity jurisdiction rules." (Memorandum, para. 4).

Addressing the latter claim first, One Call fails to offer any evidence, explanation or reasoning for its allegations of a "ploy" made by Plaintiff. Such allegation is presented in One Call's Memorandum without context or support. How Plaintiff's making claim against One Call, a domestic corporation, might "avoid diversity jurisdiction rules" when there are two federal questions, two domestic defendants and two foreign defendants, is unclear. How being under "diversity jurisdiction rules" might somehow harm Plaintiff and motivate such "ploy" is also unclear. Without One Call further clarifying such alleged "ploy", Plaintiff can only state that her claims against One Call are made with a

4

sincere and substantive belief in One Call's liability and are not made for procedural or improper reasons.

One Call's prior argument, that the claims against One Call are not part of the same case or controversy within the meaning of 28 U.S.C. § 1367, quite simply flies in the face of the facts in this case. As alleged in the complaint, and as further detailed above and below, One Call played an integral and critical part in the failure to ensure that Plaintiff's property was properly insured, which is the core of the proceeding before the Court. One Call was, in fact, exactly in the middle of the transaction or more correctly the failure. To suggest that the claims against One call are not part of the same case or controversy does not make sense.

ALLEGED FAILURE TO STATE A CLAIM

In order to grant One Call's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 596, quoting Conley v. Gibson, 355 U.S. 41, 45—46, 78 S.Ct. 99, 102.

Both of Plaintiff's claims against One Call are simple, straightforward and supported by facts. One Call's allegation that the Complaint fails to state a claim against One Call on which relief can be granted, is without substantive support or merit.

"What constitutes required care and diligence is a question of fact.... Only where no view of the evidence could warrant a jury in finding the defendant negligent can it be held as a matter of law that the plaintiffs can not recover. Luz v. Stop & Shop, 348 Mass. 198, 203-204, 202 N.E.2d 771, 775 (1964) (citations omitted).

Plaintiff contends that the evidence will show that One Call, as Plaintiff's insurance agent and as a "Producer" of insurance policies of or for MPIUA under the Massachusetts "Fair Plan", owed a duty of care to Plaintiff to ensure that the property was properly insured for, amongst others, fire damage. The evidence will further show that One Call's breach of duty caused substantial harm to plaintiff.

One Call cites various precedent for its proposition that One Call owed no legal duty regarding the insurance. Such precedent, however, is either completely distinct or irrelevant in its facts, or is confusingly represented by One Call's Memorandum:

Rozen v. Cohen, 350 Mass. 231, 214 N.E.2d 451 (1966), involves a heated dispute between the plaintiff / insured and defendant / broker, where the plaintiff's "habitual failure to pay the premiums when due, and their slow paying, was conduct which would warrant [the defendant] in taking reasonable measures to protect his interest...." Id., at 235, 454.

Rayden Engineering v. Church, 337 Mass. 652 (1958) expressly holds that the issue of negligence was one for the jury deciding in favor of the defendant because the plaintiff failed to show damages, a factor clearly not presented in the instant case.

Similarly, Campione v. Wilson, 422 Mass. 185 (1996) states that claims of negligence and breach of contract against an insurance broker regarding failure to obtain adequate coverage were questions of fact.

Contruction Planners, Inc. v. Dobax Insurance Agency, Inc., 31 Mass.App.Ct. 672, 583 N.E.2d 255 (1991) again holds that disputes such as the instant case raise questions of fact. This case goes on to state that "[a]lthough an insurance broker who is an agent for a client is generally bound to use due care in implementing the agency, the

broker ordinarily has no duty, absent a request from the client or an undertaking by the broker, to obtain insurance or to renew a policy about to expire." Id., at 676, 257.

However, Construction Planners, supra, in its very next sentence holds that "'special circumstances of assertion, representation and reliance,' however, may give rise to such a duty." Id., at 676, 257-258 (citations omitted). The case holds that due to the complex nature of the insurance at issue, a jury could have inferred that the defendant was holding himself out as reasonably knowledgeable on the subject and efficient in securing the necessary coverage, and that a reasonable fact finder could conclude that the defendant "was negligent in failing to renew the policy and that [the plaintiff] was reasonable in relying on [the defendant] to renew it.". Id., at 676, 258.

As an initial matter, in the instant case, Plaintiff is not alleging a failure to obtain or renew coverage, but instead a failure to facilitate or effect such renewal by Ocwen and / or Plaintiff. Plaintiff expects the evidence will show that it was the duty of One Call to forward correspondence and notice and otherwise coordinate and facilitate the insurance of the property. Plaintiff also expects the evidence to show that, in effect, there was a request from Plaintiff and an undertaking by One Call to perform such coordination and facilitation. Plaintiff was completely in the dark regarding the non-payment of premiums by Ocwen as well as MPIUA's policy of not sending bills or notices to the escrow agent / mortgage holder / loss payee. One Call received such notices and knew of MPIUA's policies as well as One Call's obligations to coordinate such payments and renewal as a "Producer" for MPIUA.

"A special relationship between the parties may give rise to a common-law duty." Coughlin v. Titus & Bean Graphics, Inc., 54 Mass.App.Ct. 633, 639, 767 N.E.2d 106,

111 (2002), citing Whittaker v. Saraceno, 418 Mass. 196, 198, 635 N.E.2d 1185 (1994). "The most important consideration in determining whether a special relationship exists between a plaintiff and a defendant is whether the 'defendant reasonably could foresee that he would be expected to take affirmative action to protect the plaintiff and could anticipate harm to the plaintiff from the failure to do so.'" Id., quoting Irwin v. Ware, 392 Mass. 745, 756, 467 N.E.2d 1292 (1984).

Plaintiff contends that the evidence will show such a special duty on the part of One Call. As a "Producer" for MPIUA "Fair Plan", One Call was, according to MPIUA, not only receiving bills and notices directly from MPIUA, but was also aware that bills and notices were not sent to the loss payee / mortgage holder / escrow agent, Ocwen. Also, as such a "Producer" for MPIUA, One Call held itself out as knowledgeable and efficient in obtaining such coverage, and Plaintiff relied on such representation. Furthermore, as such a "Producer" for MPIUA, One Call knew or should have known that its clients were generally "high risk" mortgage holders who were unable, for various reasons, to obtain hazard insurance on the open market and would often required more than "normal" assistance, coordination and guidance in the obtaining and maintaining of hazard insurance.

Plaintiff has clearly stated her claims against One Call. One Call owed Plaintiff a duty of care that was breached and such breach caused Plaintiff significant harm. One Call's liability, for both negligence and breach of contract counts, is clearly a question of fact and can only be properly determined after extensive discovery and presentation of evidence to the finder of fact. As such, Plaintiff's claims against One Call, are not properly disposed of by such Motion to Dismiss

WHEREFORE, Plaintiff requests that One Call's Motion to Dismiss be denied.

Dated: Sept 20, 2004

Respectfully Submitted
Plaintiff, by her Attorneys

Barry Greene, BBO # 209840
James Hoyt, BBO # 644651
Portnoy and Greene, P.C.
197 1st Ave., Suite 130
Needham, MA 02494
(781) 444-8888

I, James Hoyt, hereby certify that a true copy of the above document was sent to the following persons this 20th day of September, 2004, by U.S. Mail, postage prepaid.

William B. Chapman
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109-1775

Michael W. Reilly
Tommasino & Tommasino
2 Center Plaza
Boston, MA 02108

David P. Russman
Michienzie & Sawin, LLC
745 Boylston Street, 5th Floor
Boston, MA 02114

James E. Hoyt

9