UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11625-RWZ

| | |
|---|---|
| JOAN CHARLES,<br>　　　　Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK FSB;<br>OCWEN FINANCIAL CORPORATION;<br>MASSACHSUETTS PROPERTY<br>INSURANCE UNDERWRITERS<br>ASSOCIATION; and ONE CALL<br>INSURANCE AGENCY, INCORPORATED,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER and CROSS-CLAIMS OF
## OCWEN FEDERAL BANK FSB AND
## OCWEN FINANCIAL CORPORATION

Now come Ocwen Federal Bank FSB and Ocwen Financial Corporation (together, "Ocwen") and respectfully respond to the plaintiff's Complaint as follows.

### Facts

1. Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

2. Ocwen admits the allegations contained in this paragraph.

3. Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

4. Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

5. The allegations in this paragraph call for a legal conclusion to which no response is required.

4. [sic]. Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

5. [sic]. Ocwen admits that the plaintiff gave a mortgage on the Property to New Century Mortgage Corp. on or about January 7, 2002.

6. Ocwen admits that the mortgage was ultimately assigned to it.

7. Uniform Covenant 3 of the mortgage speaks for itself and, as a result, no response is required.

8. Uniform Covenant 5 of the mortgage speaks for itself and, as a result, no response is required.

9. The allegations in this paragraph call for a legal conclusion to which no response is required. Further answering, Ocwen denies that it was responsible for payment of the insurance premiums due on the Property.

10. Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

11. Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

12. Ocwen admits that it did not pay the insurance premium, but Ocwen denies that it was obligated to do so.

13. Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

14. Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

13.[sic] Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

14.[sic] Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

15. Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

16. Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

17. The check, if any, referenced in this paragraph speaks for itself and as a result no response is required.

18. Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

19. The letter, if any, referenced this paragraph speaks for itself and as a result no response is required. Further, Ocwen denies that the letter constitutes a demand letter pursuant to Mass. General Laws chapter 93A.

20. Ocwen denies the allegations contained in this paragraph.

21. Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

22. Ocwen denies the allegations contained in this paragraph.

## Count I
### Violation of 12 USC sec. 2605 (Ocwen)

23. Ocwen repeats and realleges its responses to paragraphs 1 through 22 above.

24. Ocwen denies the allegations contained in this paragraph.

25. 12 USC sec. 2605 speaks for itself and, as a result, no response is required.

26. Ocwen denies the allegations contained in this paragraph.

### Count II
### Violation of 15 USC sec. 1692c (Ocwen)

27. Ocwen repeats and realleges its responses to paragraphs 1 through 26 above.

28. The letters, if any, referred to in this paragraph speak for themselves and, as a result, no response is required.

29. Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph. Further, to the extent that Ocwen did in fact contact plaintiff, such contact was legal and reasonable.

30. Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph. Further, to the extent that Ocwen did in fact report information to credit reporting agencies, such reporting was legal and reasonable.

31. Ocwen denies the allegations contained in this paragraph.

### Count III
### Violation of Mass. Gen. Laws ch. 93A (Ocwen)

32. Ocwen repeats and realleges its responses to paragraphs 1 through 31 above.

33. The letter, if any, referred to in this paragraph speaks for itself and, as a result, no response is required. Further, the allegations contained in this paragraph call for a legal conclusion to which no response is required.

34. The reply letter referred to in this paragraph speaks for itself and, as a result, no response is required.

35. Ocwen denies the allegations contained in this paragraph.

## Count IV
## Violation of Mass. Gen. Laws ch. 93 and Thereby ch. 93A (Ocwen)

36. Ocwen repeats and realleges its responses to paragraphs 1 through 35 above.

37. Ocwen denies the allegations contained in this paragraph.

## Count V
## Negligence (Ocwen)

38. Ocwen repeats and realleges its responses to paragraphs 1 through 37 above.

39. Ocwen denies the allegations contained in this paragraph.

40. Ocwen denies the allegations contained in this paragraph.

41. Ocwen denies the allegations contained in this paragraph.

## Count VI
## Negligence (One Call)

42. Ocwen repeats and realleges its responses to paragraphs 1 through 41 above.

43. The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen. To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

44. The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen. To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

45. The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen. To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

## Count VII
## Negligence (MPIUA)

46. Ocwen repeats and realleges its responses to paragraphs 1 through 45 above.

47.     The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen. To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

48.     The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen. To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied. Further, to the extent that this paragraph states that Ocwen was responsible for payment of the insurance premium, that allegation is denied.

49.     The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen. To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied. Further, to the extent that this paragraph states that Ocwen was responsible for payment of the insurance premium, that allegation is denied.

### Count VIII
### Breach of Contract (Ocwen)

50.     Ocwen repeats and realleges its responses to paragraphs 1 through 49 above.

51.     Ocwen admits that it succeeded to New Century Mortgage Corp.'s interests under the mortgage and that the plaintiff was a party to the mortgage.

52.     Ocwen denies the allegations contained in this paragraph.

53.     Ocwen denies the allegations contained in this paragraph.

54.     Ocwen denies the allegations contained in this paragraph.

### Count IX
### Breach of Contract (One Call)

55.     Ocwen repeats and realleges its responses to paragraphs 1 through 54 above.

56. The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen. To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

57. The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen. To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

58. The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen. To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

### Count X
### Breach of Contract (MPIUA--Notice)

59. Ocwen repeats and realleges its responses to paragraphs 1 through 58 above.

60. The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen. To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

61. The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen. To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied. Further, to the extent that this paragraph states that Ocwen was responsible for payment of the insurance premium, that allegation is denied.

62. The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen. To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied. Further, to the extent that this

paragraph states that Ocwen was responsible for payment of the insurance premium, that allegation is denied.

## Count XI
## Breach of Contract (MPIUA--Tender of Premium)

63. Ocwen repeats and realleges its responses to paragraphs 1 through 62 above.

64. The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen. To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

65. The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen. To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

66. The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen. To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

## Count XII
## Breach of Contract (MPIUA--Payment of Claim)

67. Ocwen repeats and realleges its responses to paragraphs 1 through 66 above.

68. Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

69. Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.

70. Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph. Further, the allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.

To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

## Count XIII
## Violation of Mass. Gen. Laws ch. 175 sec. 193P (MPIUA)

71. Ocwen repeats and realleges its responses to paragraphs 1 through 70 above.

72. The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen. To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

73. The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen. To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

egation is denied.

## Count XIV
## Intentional Infliction of Emotional Distress (Ocwen)

74. Ocwen repeats and realleges its responses to paragraphs 1 through 73 above.

75. Ocwen admits that it instituted foreclosure proceedings.

76. Ocwen denies the allegations contained in this paragraph.

77. Ocwen denies the allegations contained in this paragraph.

78. Ocwen denies the allegations contained in this paragraph.

79. Ocwen denies the allegations contained in this paragraph.

**Wherefore,** Ocwen denies that the plaintiff is entitled to the relief that she seeks.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate her damages, if any, and, therefore, cannot recover in this action.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because of the loan documents.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff is estopped from recovering in this action.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed because she has not properly served Ocwen.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed because she has not properly effected service upon Ocwen.

## SEVENTH AFFIRMATIVE DEFENSE

The damages alleged by the Plaintiff were not proximately caused by Ocwen.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery in this action because of the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff, by her conduct or actions and/or the conduct or actions of her agents or servants, has waived any and all rights that she may have against Ocwen.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to any recovery under M.G.L. c. 93A because the transactions and actions set out in the Plaintiff's Complaint are permitted under the law of Massachusetts.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to comply with the conditions precedent to bringing this action as required by M.G.L. c. 93A.

### TWELVTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim against Ocwen upon which relief can be granted under M.G.L. c. 93A.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the mortgage at issue places the burden of insuring the Property upon the Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed for failure to join indispensable parties.

### FIFTEENTH AFFIRMATIVE DEFENSE

This action is barred by the applicable statute of frauds.

### SIXTEENTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the parole evidence rule.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of a prior breach of contract.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any breach of the agreement or contract alleged by the Plaintiff was caused by the Plaintiff's prior breach.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unilateral mistake.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her own bad faith.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her own negligence.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for intentional infliction of emotional distress are barred because Ocwen's actions were permitted by law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Ocwen reserves the right to add more affirmative defenses during the course of and after discovery.

**CROSS-CLAIM OF
OCWEN FEDERAL BANK FSB
and OCWEN FINANCIAL CORPORATION
AGAINST
MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION
and ONE CALL INSURANCE AGENCY INCORPORATED**

1. The Defendant / Plaintiff-in-Cross-Claim Ocwen Federal Bank FSB and Ocwen Financial Corporation (together, "Ocwen") are entities with an address at 1675 Palm Beach Lakes Blvd, West Palm Beach, FL.

2. The Co-Defendant / Defendant-in-Cross-Claim Massachusetts Property Insurance Underwriting Association ("MPIUA") is an association of property insurance underwriters with a principle place of business at Two Center Plaza, Boston, MA.

3. The Co-Defendant / Defendant-in-Cross-Claim One Call Insurance Agency Incorporated ("One Call") is a domestic corporation with a principle place of business at 121B Tremont Street, Suite 25, Brighton, MA.

**Count I
(Contribution Against MPIUA)**

4. Ocwen repeats and incorporates by reference paragraphs 1 through 3 above, as if set forth fully herein.

5. Ocwen specifically denies that it is liable to the Plaintiff. However, if Ocwen is found liable to the Plaintiff, then MPIUA is a joint tortfeasor, such that MPIUA is liable for its contribution share of liability to the Plaintiff, in accordance with M.G.L. ch. 231B §1 et seq.

**Wherefore,** Ocwen respectfully requests that judgment enter in its favor on Count I of its Cross-Claim against MPIUA, including interest, costs and attorneys' fees.

## Count II
### (Contribution Against One Call)

6.     Ocwen repeats and incorporates by reference paragraphs 1 through 5 above, as if set forth fully herein.

7.     Ocwen specifically denies that it is liable to the Plaintiff. However, if Ocwen is found liable to the Plaintiff, then One Call is a joint tortfeasor, such that One Call is liable for its contribution share of liability to the Plaintiff, in accordance with M.G.L. ch. 231B §1 et seq.

**Wherefore,** Ocwen respectfully requests that judgment enter in its favor on Count I of its Cross-Claim against One Call, including interest, costs and attorneys' fees.

### Jury Demand

Ocwen respectfully requests a jury trial on all issues so triable.

OCWEN FEDERAL BANK FSB and
OCWEN FINANCIAL CORPORATION;
By their attorneys,

*/s/ RC Demerle*
Paul Michienzie, Esq. (BBO#548701)
Richard C. Demerle, Esq. (BBO#652242)
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, MA 02116
(617) 227-5660

DATED: January 19, 2005

## CERTIFICATE OF SERVICE

I, Richard C. Demerle, hereby certify that a true copy of the above document was served by U.S. mail, first class, postage pre-paid on January 19, 2005 upon the following:

William D. Chapman, Esq.
Counsel for One Call Insurance Agency, Inc.
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109-1775

Michael W. Reilly, Esq.
Tommasino & Tommasino
2 Center Plaza
Boston, MA  02108

James Hoyt, Esq.
Portnoy & Greene, PC
197 First Ave.
Suite 130
Needham, MA  02494

*/s/ Richard C. Demerle*
Richard C. Demerle