UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JOAN CHARLES,
  Plaintiff,

vs.

OCWEN FEDERAL BANK, FSB;
OCWEN FINANCIAL CORPORATION;
MASSACHUSETTS PROPERTY
INSURANCE UNDERWRITING
ASSOCIATION; and
ONE CALL INSURANCE AGENCY,
INCORPORATED,
  Defendants.

CIVIL ACTION
No. 04-11625RWZ

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER AND CROSSCLAIM OF ONE CALL INSURANCE AGENCY TO CROSSCLAIM OF OCWEN FEDERAL BANK FSB AND OCWEN FINANCIAL CORPORATION

      The defendant-in-crossclaim, One Call Insurance Agency, Incorporated (hereinafter "One Call"), in the above-captioned matter, hereby makes this its answer to the crossclaim of Ocwen Federal Bank, FSB and Ocwen Federal Corporation.

### FIRST DEFENSE

1.    The defendant-in-crossclaim is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and calls upon the plaintiff-in-crossclaim to prove the same.

2.    The defendant-in-crossclaim is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and calls upon the plaintiff-in-crossclaim to prove the same.

3.    The defendant-in-crossclaim admits the allegations contained in paragraph 3.

## COUNT I

4. Count I is not directed to this defendant-in-crossclaim and therefore does not require a response; however, in the event that this Count is read to be applicable to it, the defendant-in-crossclaim denies the allegations contained therein.

5. Count I is not directed to this defendant-in-crossclaim and therefore does not require a response; however, in the event that this Count is read to be applicable to it, the defendant-in-crossclaim denies the allegations contained therein.

## COUNT II

6. The defendant-in-crossclaim incorporates herein by reference its answers to paragraphs 1 through 5 and makes them its answer to paragraph 6.

7. The defendant-in-crossclaim denies the allegations contained in paragraph 7.

### SECOND DEFENSE

And further answering, the defendant-in-crossclaim says that the acts complained of were not committed by a person and/or entity for whose conduct the defendant-in-crossclaim was legally responsible.

### THIRD DEFENSE

And further answering, the defendant-in-crossclaim says that the cross-claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### FOURTH DEFENSE

And further answering, the defendant-in-crossclaim says that the plaintiff-in-crossclaim was actually negligent, and therefore is barred from recovering against the defendant-in-crossclaim.

### FIFTH DEFENSE

And further answering, the defendant-in-crossclaim says that the cause of action is barred by reason of the Statute of Limitations.

SIXTH DEFENSE

And further answering, the defendant-in-crossclaim says that the crossclaim should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the plaintiff-in-crossclaim seeks contribution.

SEVENTH DEFENSE

And further answering, the defendant-in-cross states that it had no duty to the plaintiff-in-crossclaim, wherefore the plaintiff-in-crossclaim is barred from recovery.

## CROSS-CLAIM OF ONE CALL INSURANCE AGENCY, INC. AGAINST OCWEN FEDERAL BANK FSB AND OCWEN FINANCIAL CORPORATION

1. The defendant-in-crossclaim, One Call Insurance Agency Inc. ("One Call") is a domestic corporation with a principle place of business at 121B Tremont Street, Suite 25, Brighton, Massachusetts.

2. The plaintiff-in-crossclaim Ocwen Federal Bank FSB and Ocwen Financial Corporation ("Ocwen") are entities with an address at 1675 Palm Beach Lakes Blvd., West Palm Beach, Florida.

COUNT I
(Contribution)

3. One Call repeats and incorporates by reference paragraphs 1 through 2 above, as if set forth fully herein.

4. The plaintiff's alleged damages were the direct and proximate result of Ocwen's negligence. If One Call is liable in tort to the plaintiff, which it denies, then Ocwen is jointly liable in tort for the same damages. One Call is therefore entitled to contribution from Ocwen, pursuant to the provisions of Mass. G. L. c.231B.

WHEREFORE, One Call demands that judgment for contribution enter in its favor against Ocwen, together with interest, costs and attorneys' fees.

## JURY CLAIM

One Call, claims a trial by jury of each claim asserted or to be asserted by One Call, and of each defense asserted or to be asserted by any co-defendant/defendant-in-crossclaim.

ONE CALL INSURANCE AGENCY, INC.

By its attorney,

 /s/Kerry D. Florio
William D. Chapman, BBO #551261
Kerry D. Florio, BBO #647489
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
(617) 523-6200