UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *Joan Charles,* <br> *Plaintiff,* <br><br> v. <br><br> *Ocwen Federal Bank, FSB;* <br> *Ocwen Financial Corporation;* <br> *Massachusetts Property Insurance* <br> *Underwriting Association and One Call* <br> *Insurance Agency, Inc.* <br> *Defendants.* | C.A. No. 04-11625-RWZ |

## PLAINTIFF, JOAN CHARLES MEMORANDUM OF FACTS AND LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW COMES the plaintiff, Joan Charles (hereinafter "Plaintiff" or "Charles"), in this action, by and through her counsel, James Hoyt, Portnoy & Greene, P.C., and hereby submits this Memorandum of Law in Support of her Motion for Partial Summary Judgment.

### INTRODUCTION

Plaintiff moves the Court for Partial Summary Judgment on Count I of her amended complaint against Ocwen Loan Servicing, LLC, successor to Ocwen Federal Bank, FSB, et al. (hereinafter "Ocwen") to establish liability only for Ocwen's violation of the Real Estate Settlement Practices Act ("RESPA"). It is Plaintiff's belief that there is no good faith argument regarding the clear violation of RESPA, and that the only issue is damages and mitigation thereof, if any, by the existence of a forced placement insurance policy. Once liability for the RESPA violation is conclusively established by the Court, the only significant question becomes one of damages.

## LAW

12 U.S.C. § 2605 (g) states: "If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a *timely manner* as such payments become due." (emphasis added)

24 C.F.R. 3500.17(k) further states "(1) If the terms of any federally related mortgage loan require the borrower to make payments to an escrow account, the *servicer must pay the disbursements in a timely manner, that is, on or before the deadline to avoid a penalty*, as long as the borrower's payment is not more than 30 days overdue. (2) The servicer must advance funds to make disbursements in a timely manner as long as the borrower's payment is not more than 30 days overdue." (emphasis added)

12 U.S.C. § 2605 (f) states in relevant part: "Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts: (1) Individuals: In the case of any action by an individual, an amount equal to the sum of (A) any actual damages to the borrower as a result of the failure, and (3) Costs: In addition to the amounts under paragraph (1) or (2), in the case of any successful action under this section, the costs of the action together with any attorneys fees incurred in connection with such action as the court may determine to be reasonable under the circumstances.

## FACTS

Despite continued equivocation and vagueness on the part of Ocwen, Ocwen's Response to Plaintiff's Request for Admissions (Exhibit "A") and Ocwen's "Answer and Crossclaims"

paragraphs 7, 8 and 12, clearly establish the RESPA violation. There is absolutely no question as to such liability and no reasonable or good faith argument available to Ocwen: They were the loan servicer. There was an escrow of hazard insurance premiums required by the mortgage agreement. Ocwen failed to pay the hazard insurance premium in a timely manner. Ocwen is liable to Plaintiff for her actual damages, costs and attorney.

## ARGUMENT

The purpose of summary judgment is "to pierce the pleadings and to assess the proof, in order to see whether there is a genuine need for trial." Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). In order to prevail at summary judgment, the moving party must show, based on the pleadings, discovery, and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact is only evident where the non-moving party can provide evidence that shows "that a reasonable jury could return a verdict for the [it]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party shows that there is no issue of material fact, the burden then shifts to the nonmoving party to show that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is appropriate where, after viewing the record in the light most favorable to the non-moving party, the Court determines that no genuine issue of material fact exists. Chapman v. Bernard's Inc., 167 F.Supp.2d 406, 411 (D.Mass. 2001).

Ocwen's equivocation in responding to Plaintiff's Request for Admissions regarding Plaintiff's alleged failure to give proper notice is completely irrelevant. The statutory provisions on which Plaintiff relies do not make Ocwen's liability contingent on any notice whatsoever.

Ocwen's arguments regarding the forced placement insurance that they carried is relevant only as to damages, not as to liability under RESPA.

Based upon the Requests for Admissions, Ocwen's Answer to Plaintiff's complaint, and plain English reading of the relevant provisions of RESPA, Plaintiff has established that Ocwen has violated RESPA and is liable to Plaintiff for her actual damages, attorneys fees and costs. The only genuine issue is that of damages.

WHEREFORE, Plaintiff respectfully submits that this Court enter the enclosed Order for Partial Summary Judgment for Plaintiff and against Ocwen on Count I of Plaintiff's Amended Complaint.

Dated: June 1, 2006

Respectfully Submitted
Plaintiff, by her Attorneys

James Hoyt, BBO # 644651
Portnoy and Greene, P.C.
197 1st Ave., Suite 130
Needham, MA 02494
(781) 444-8888