UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN CHARLES,<br>    Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK FSB;<br>OCWEN FINANCIAL CORPORATION;<br>MASSACHSUETTS PROPERTY<br>INSURANCE UNDERWRITERS<br>ASSOCIATION; and ONE CALL<br>INSURANCE AGENCY,<br>INCORPORATED,<br>    Defendants. | CIVIL ACTION NO. 04-11625-RWZ |

**MOTION OF OCWEN LOAN SERVICING, LLC
TO EXTEND DEADLINES**

NOW COMES Ocwen Loan Servicing, LLC, successor-in-interest to Ocwen Federal Bank, FSB ("Ocwen"), and respectfully moves this Court to extend by two (2) weeks the relevant deadlines in this Court's scheduling order, dated May 22, 2006. In support of its motion, Ocwen states as follows:

    1.    Plaintiff Joan Charles ("Plaintiff") commenced this action on or about July 21, 2004, following a fire that damaged certain real property known and numbered as 14 Ditson Street, Dorchester, Massachusetts (the "Property").

    2.    By first-class U.S. mail, Ocwen served Plaintiff's counsel, James Hoyt of Portnoy and Green, P.C., with *First Interrogatories to Plaintiff Joan Charles* and with *First Request for Production of Documents to Plaintiff Joan Charles* (the "Discovery Requests"). Ocwen served the Discovery Requests on May 12, 2006. *See Affidavit in Support of*

*Motion of Ocwen Loan Servicing, LLC to Extend Deadlines,* attached as Exhibit A (the "Affidavit"), ¶ 2.

    3.    Under the Federal Rules of Civil Procedure, the Plaintiff was required to respond no later than Wednesday, June 14, 2006.

    4.    On May 22, 2006, following the Court's sixth scheduling conference, the Court issued a scheduling order (the "Order"). In the Order, the Court set the following deadlines:

        a.    Plaintiff to file motion for summary judgment by June 1, 2006.

        b.    Defendants to file their oppositions and any cross-motions for summary judgment by June 22, 2006.

        c.    Plaintiff to file opposition to cross-motions for summary judgment by July 13, 2006.

        d.    Defendants' reply to Plaintiffs' opposition to cross-motions for summary judgment to be filed no later than July 27, 2006.

        e.    Court to hear oral argument on August 8, 2006.

    5.    The Plaintiff filed her motion for partial summary judgment on June 1, 2006.

    6.    On June 12, 2006, Ocwen served the Plaintiff by facsimile and first-class mail a notice of taking deposition for Monday, June 19, 2006. See Affidavit, ¶ 3.

    7.    Plaintiff failed to respond to the Discovery Requests by the June 14, 2006 deadline.

8. By letter dated June 15, 2006 and sent by facsimile and first-class mail to Plaintiff's counsel, counsel for Ocwen reminded Plaintiff's counsel that the Discovery Responses were due on June 14, 2006. *See Affidavit,* ¶ 4. Ocwen's counsel asked for a discovery conference. Plaintiff's counsel did not respond to this request.

9. By letter dated June 16, 2006 and sent by facsimile and first-class mail to Plaintiff's counsel, counsel for Ocwen again reminded Plaintiff's counsel that the Discovery Responses were due on June 14, 2006. *See Affidavit,* ¶ 5. Ocwen's counsel asked for a discovery conference. Plaintiff's counsel did not respond to this request.

10. Also on June 16, 2006, Ocwen's counsel called the office of Plaintiff's counsel twice. Ocwen's counsel left a voicemail message with Plaintiff's counsel and Ocwen left a message with "Sarah," the administrative assistant for the office of Plaintiff's counsel, asking Plaintiff's counsel to call Ocwen's counsel for a discovery conference to discuss the Discovery Requests. Plaintiff's counsel did not respond to this request. *See Affidavit,* ¶ 6.

11. Finally, by a second letter dated June 16, 2006 and sent by facsimile and first-class mail, Ocwen's counsel informed Plaintiff's counsel that, if Plaintiff's counsel failed to produce his client's responses to the Discovery Requests by 4 p.m. on Friday, July 16, 2006, Ocwen's counsel would reschedule the deposition scheduled for Monday, June 19, 2006, move to extend the deadlines in this matter and move to compel discovery. *Affidavit,* ¶ 7.

12. As of 4 p.m. on Friday, June 16, 2006, Plaintiff's counsel still had not responded to the five attempts Ocwen's counsel had made to have a discovery

conference with him. *Affidavit,* ¶ 8. An assistant from Plaintiff's counsel's office named "Rebecca" called Ocwen's counsel at 3:54 p.m. on Friday, June 16, 2006 to offer an unsigned copy of Plaintiff's response to Ocwen's *First Interrogatories to Joan Charles.* Ocwen's counsel stated that this offer did not comply with the federal rules of civil procedure. *Affidavit,* ¶ 9.

13. Plaintiff's failure to respond to the Discovery Requests negatively impacts Ocwen's ability to oppose Plaintiff's motion for partial summary judgment as well as Ocwen's ability to draft and file its own motion for summary judgment.

WHEREFORE, Ocwen Loan Servicing, LLC, successor-in-interest to Ocwen Federal Bank, FSB, respectfully moves this Court to extend the relevant deadlines in its scheduling order of May 22, 2006 by two (2) weeks.

Respectfully submitted,

OCWEN LOAN SERVICING, LLC,
SUCCESSOR-IN-INTEREST TO OCWEN
FEDERAL BANK, FSB AND OCWEN
FINANCIAL CORPORATION,

By its attorneys,

MICHIENZIE & SAWIN, LLC,

_____
Richard C. Demerle, Esq. (BBO#652242)
Paul Michienzie, Esq. (BBO#548701)
745 Boylston Street
Boston, MA 02116-2636
(617) 227-5660

DATE: June 16, 2006

4

## CERTIFICATE OF SERVICE

    I, Richard C. Demerle, attorney for defendant, hereby certify that I have on this 16th day of June 2006, served a copy of the foregoing document, by first-class mail, postage prepaid, to all counsel of record.

                                                                                       _/s/ Richard C. Demerle_
                                                                                       Richard C. Demerle

# Exhibit A

Case 1:04-cv-11625-RWZ    Document 34    Filed 06/16/2006    Page 6 of 8

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN CHARLES,<br>       Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK FSB;<br>OCWEN FINANCIAL CORPORATION;<br>MASSACHSUETTS PROPERTY<br>INSURANCE UNDERWRITERS<br>ASSOCIATION; and ONE CALL<br>INSURANCE AGENCY,<br>INCORPORATED,<br>       Defendants. | CIVIL ACTION NO. 04-11625-RWZ |

**AFFIDAVIT IN SUPPORT OF MOTION OF
OCWEN LOAN SERVICING, LLC
TO EXTEND DEADLINES**

I, Richard C. Demerle, hereby declare under oath as follows:

1. I am currently an associate at the law firm of Michienzie & Sawin, LLC, 745 Boylston Street, Boston, MA 02116-2636, which law firm represents defendants Ocwen Loan Servicing, LLC, successor-in-interest to Ocwen Federal Bank, FSB and Ocwen Financial Corporation in the above-captioned action. I have personal knowledge of the facts set forth herein and, if sworn to testify, could competently testify thereto.

2. On May 12, 2006, I served by first-class mail on behalf of Ocwen Loan Servicing, LLC, successor-in-interest to Ocwen Federal Bank, FSB ("Ocwen"), *First Interrogatories to Plaintiff Joan Charles* and with *First Request for Production of Documents to Plaintiff Joan Charles* (the "Discovery Requests") on counsel for plaintiff Joan Charles.

3. On June 12, 2006, I served by facsimile and first-class mail on James Hoyt, counsel for plaintiff Joan Charles, a notice of taking deposition for his client for Monday, June 19, 2006.

4.  By letter dated June 15, 2006 and sent by facsimile and first-class mail, I informed Attorney Hoyt that his client's responses to the Discovery Requests were due by June 14, 2006 and I asked him to contact me to discuss his client's responses to the Discovery Requests. Attorney Hoyt did not respond to this request.

5.  By letter dated June 16, 2006 and sent by facsimile and first-class mail, I again informed Attorney Hoyt that his client's responses to the Discovery Requests were due by June 14, 2006 and I asked him to contact me to discuss his client's responses to the Discovery Requests. Attorney Hoyt did not respond to this request.

6.  I called Attorney Hoyt's office twice on June 16, 2006 – the first time, leaving a voicemail message for him asking him to call me, the second time speaking with his office's assistant, Sarah. Attorney Hoyt did not respond to these requests.

7.  By letter dated June 16, 2006 and sent by facsimile and first-class mail, I informed Attorney Hoyt that if I did not receive his client's responses to the Discovery Requests by 4 p.m. on June 16, 2006, that I would reschedule the deposition of his client scheduled for Monday, June 19, 2006, file a motion to extend the deadlines in the Court's scheduling order and move to compel answers from his client to the Discovery Requests.

8.  As of 4 p.m. on Friday, June 16, 2006, I had not received the Plaintiff's responses to the Discovery Requests that were due on June 14, 2006.

9.  An assistant from Plaintiff's counsel's office named "Rebecca" called Ocwen's counsel at 3:54 p.m. on Friday, June 16, 2006 to offer an unsigned copy of Plaintiff's response to Ocwen's *First Interrogatories to Joan Charles*. Ocwen's counsel stated that this offer did not comply with the federal rules of civil procedure.

Signed under the pains and penalties of perjury this 16th day of June 2006.

Richard C. Demerle (BBO#652242)

2