UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *Joan Charles*,<br>　　*Plaintiff,*<br><br>v.<br><br>*Ocwen Federal Bank, FSB;*<br>*Ocwen Financial Corporation;*<br>*Massachusetts Property Insurance*<br>*Underwriting Association and One Call*<br>*Insurance Agency, Inc.*<br>　　*Defendants.* | )<br>)<br>)<br>)<br>)　C.A. No. 04-11625-RWZ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### **PLAINTIFF, JOAN CHARLES', OPPOSITION TO MOTION OF OCWEN LOAN SERVICING, LLC TO EXTEND DEADLINES**

NOW COMES the plaintiff in this action, Joan Charles (hereinafter "Plaintiff"), by and through her counsel, James Hoyt, Portnoy & Greene, P.C., and hereby opposes the Motion of defendant Ocwen Loan Servicing, LLC, successor to Ocwen Federal Bank, FSB, et al. (hereinafter "Ocwen"), "to extend deadlines."

In support thereof, Plaintiff states as follows:

### **INTRODUCTION**

Ocwen has not stated any reasonable or relevant grounds for delay in its response to Plaintiff's motion for partial summary judgment. Ocwen is effectively trying to cram discovery in between Plaintiff's submission of her motion and Ocwen's scheduled response. Not only is this an effort to gain an unfair advantage over Plaintiff regarding the summary judgments, but it is also an effort to cloud the issues in the summary judgment motion itself: Plaintiff's motion for partial summary judgment has nothing to do with the Plaintiff's actions or statements. The motion for partial summary judgment is based entirely on the undisputed facts in this case, to wit: Ocwen's failure to pay the MPIUA insurance premium as required by RESPA.

## FACTS

Ocwen's response to Plaintiff's partial summary judgment (filed on June 1, 2006) is due on June 22, 2006. On or about June 12, 2006, Ocwen noticed the deposition of Plaintiff for June 19, 2006. Rather than challenge the reasonableness of such short notice and the unfair timing of both noticing and holding the deposition within the window between the filing of the partial summary judgment motion and the response date, Plaintiff and counsel made efforts to modify their schedules and be available to attend the deposition.

On the date of the Court's latest scheduling conference, May 16, 2006, Plaintiff's counsel received interrogatory and document requests from Ocwen. The large majority of documents requested were provided by Plaintiff in her initial production, but Plaintiff was instructed to gather any additional documents that might be in her possession or control. Additionally, Plaintiff, who speaks broken English and understands little or nothing of the legal system, was asked to provide counsel with written interrogatory responses, which she did in a very limited fashion. Plaintiff's counsel has been in communications with Plaintiff in an effort to provide more sufficient responses, but communications have been difficult and as of Friday, June 16, the responses were still in draft form.

On Thursday, June 15, and Friday, June 16, Ocwen's counsel began calling, writing and faxing counsel for Plaintiff, demanding discovery responses, claiming that such responses were due on the 15th and demanding that they be received prior to the deposition. Plaintiff's counsel was unable to coordinate finalization and signing of the interrogatories by Friday, and offered as a segway an unsigned response draft to be followed by a signed document Monday at the deposition. Ocwen's counsel declined and indicated that the deposition was cancelled.

**LAW AND ARGUMENT**

Ocwen is seeking an extension of its summary judgment response based entirely on a very questionable discovery timeline that has nothing to do with the substance of Plaintiff's Motion for Partial Summary Judgment. Ocwen has not sought to compel discovery under Rule 37, which would be the only appropriate remedy, if in fact Plaintiff had failed to use reasonable efforts to respond, and if Ocwen itself had provided timely and adequate discovery when it was due, neither of which is the case here (reference is made to untimely and inadequate initial disclosures and inadequate responses to Plaintiff's Request for Admissions).

Ocwen is now asking the Court to act on its behalf by furthering an inappropriate and unfair attempt to gain an unfair advantage regarding the summary judgment motion itself. To squeeze or sneak Plaintiff's deposition into the time between her own submission and the required response is just plain unfair. Ocwen now asks the Court to act in support of such impropriety. Ocwen bases its request on a deposition that was not reasonably noticed and was then cancelled by Ocwen and on an arguably tardy discovery response that Plaintiff attempted to cure but was rebuffed.

The relevant portions of RESPA do not rely on the actions or in-actions of the borrower. Ocwen's liability under RESPA has almost nothing to do with Joan Charles. Ocwen was the servicer of Ms. Charles' loan. Ocwen was obligated to pay the insurance premium and it failed to pay. Liability for the harm caused to Plaintiff is established under RESPA. The sooner this reality is judicially established, hopefully the sooner this case can be resolved. To allow Ocwen to cloud this very simple theory of liability by delay and the use of an unfairly noticed deposition to cloud the issues is not in the interests of justice.

WHEREFORE, Plaintiff respectfully requests that the Court deny Ocwen's Motion for Extension of Deadlines.

|  |  |
|---|---|
|  | Respectfully Submitted,<br>The Plaintiff,<br>Joan Charles,<br>By her Attorney, |
|  | _____s/ James Hoyt_____<br>James Hoyt (BBO # 644651)<br>Portnoy & Greene, P.C.<br>Attorney for Plaintiff<br>687 Highland Ave.<br>Needham, MA 02494 |
| Dated: June 19, 2006 | (781) 644-6050 |

## CERTIFICATE OF SERVICE

I, James Hoyt, hereby certify that a copy of the forgoing Opposition was served June 19, 2006 via the Court's ECF system and by first class mail postage prepaid to:

William B. Chapman
Kerry D. Florio
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109-1775

Michael W. Reilly
Tommasino & Tommasino
2 Center Plaza
Boston, MA 02108

Paul Michienzie
Richard C. Demerle
Michienzie & Sawin, LLC
745 Boylston Street, 5th Floor
Boston, MA 02114

_____s/ James Hoyt_____
James Hoyt