UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN CHARLES,<br>　　　Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK FSB;<br>OCWEN FINANCIAL CORPORATION;<br>MASSACHSUETTS PROPERTY<br>INSURANCE UNDERWRITERS<br>ASSOCIATION; and ONE CALL<br>INSURANCE AGENCY,<br>INCORPORATED,<br>　　　Defendants. | CIVIL ACTION NO. 04-11625-RWZ |

## MOTION OF OCWEN LOAN SERVICING, LLC
## TO EXTEND DEADLINES

NOW COMES Ocwen Loan Servicing, LLC, successor-in-interest to Ocwen Federal Bank, FSB ("Ocwen"), and respectfully moves this Court to extend by four (4) weeks the relevant deadlines in this Court's scheduling order, dated May 22, 2006, as amended by this Court's order of June 20, 2006. In support of its motion, Ocwen states as follows:

　　　1.　　Plaintiff Joan Charles ("Plaintiff") commenced this action on or about July 21, 2004, following a fire that damaged certain real property known and numbered as 14 Ditson Street, Dorchester, Massachusetts (the "Property").

　　　2.　　By first-class U.S. mail, Ocwen served Plaintiff's counsel, James Hoyt of Portnoy and Green, P.C., with *First Interrogatories to Plaintiff Joan Charles* and with *First Request for Production of Documents to Plaintiff Joan Charles* (the "Discovery Requests").

Ocwen served the Discovery Requests on May 12, 2006. *See Affidavit in Support of Motion of Ocwen Loan Servicing, LLC to Extend Deadlines*, attached as Exhibit A (the "Affidavit"), ¶ 2.

3. Under the Federal Rules of Civil Procedure, the Plaintiff was required to respond no later than Wednesday, June 14, 2006.

4. On May 22, 2006, following the Court's sixth scheduling conference, the Court issued a scheduling order (the "Order"). In the Order, the Court set the following deadlines:

    a. Plaintiff to file motion for summary judgment by June 1, 2006.

    b. Defendants to file their oppositions and any cross-motions for summary judgment by June 22, 2006.

    c. Plaintiff to file opposition to cross-motions for summary judgment by July 13, 2006.

    d. Defendants' reply to Plaintiffs' opposition to cross-motions for summary judgment to be filed no later than July 27, 2006.

    e. Court to hear oral argument on August 8, 2006.

5. The Plaintiff filed her motion for partial summary judgment on June 1, 2006.

### First Attempt to Acquire Plaintiff's Discovery Responses

6. On June 12, 2006, by facsimile and first-class mail, Ocwen served the Plaintiff a notice of taking deposition for Monday, June 19, 2006. *See Affidavit*, ¶ 3.

2

7. Plaintiff failed to respond to the Discovery Requests by the June 14, 2006 deadline. *See id.,* ¶ 4.

8. Between June 15, 2006 and June 16, 2006, Ocwen's counsel made five separate attempts to inform Plaintiff's counsel that the Plaintiff had failed to respond to the Discovery Requests and that Ocwen needed the Plaintiff's responses to prepare for the deposition scheduled for Monday, June 19, 2006. *See id.,* ¶ 5-8.

9. In those letters and phone calls, Ocwen's counsel asked Plaintiff's counsel to contact Ocwen's counsel to discuss the outstanding discovery. *See id.,* ¶ 5-7.

10. Finally, shortly before 4 p.m. on Friday, June 16, 2006, an assistant from Plaintiff's counsel's office named "Rebecca" called Ocwen's counsel to offer an unsigned copy of Plaintiff's response to Ocwen's *First Interrogatories to Joan Charles.* Ocwen's counsel stated that this offer did not comply with the federal rules of civil procedure. *See id.,* ¶ 10.

11. Ocwen, through its counsel, then filed a *Motion of Ocwen Loan Servicing, LLC to Extend Deadlines.*

12. Co-defendant One Call Insurance Agency, Inc. joined in support of Ocwen's motion to extend the deadlines.

13. This Court granted that motion on June 19, 2006, extending all relevant deadlines by two (2) weeks but leaving in place the hearing scheduled for August 8, 2006 on the cross-motions for summary judgment.

### Second Attempt to Acquire Plaintiff's Discovery Responses

14.     On June 21, 2006, Rebecca Prizio of The Law Offices of Portnoy & Greene, P.C., counsel for the Plaintiff, sent a fax to Ocwen's counsel, stating, "We are currently coordinating obtaining the client's signature and should be able to provide you with discovery responses by the end of the week." *See Affidavit in Support of Motion of Ocwen Loan Servicing, LLC to Extend Deadlines,* ¶ 11.

15.     On June 22, 2006, Ocwen, through its counsel, noticed the deposition of the Plaintiff for the second time – this deposition scheduled for Friday, June 30, 2006. Ocwen noticed the deposition with the expectation that it would receive the Plaintiff's responses to the Discovery Requests on or before Monday, June 26, 2006. *See Affidavit,* ¶ 12.

16.     By facsimile dated June 23, 2006 and by letter dated June 26, 2006, Plaintiff, through her counsel, forwarded to Ocwen's counsel *Plaintiff's Answers to Interrogatories Propounded by Defendant Ocwen Loan Servicing LLC. See id.,* ¶ 13.

17.     However, the Plaintiff did not include her responses to Ocwen's *First Request for Production of Documents to Plaintiff Joan Charles* ("Ocwen's Document Request"). *See id.,* ¶ 14.

18.     By letter dated June 27, 2006, sent by facsimile and first-class mail to Plaintiff's counsel, Ocwen's counsel reminded Plaintiff's counsel that the Plaintiff still had not responded to Ocwen's Document Request which were due two weeks earlier on June 14, 2006. *See id.,* ¶ 15.

4

19. In its letter, Ocwen's counsel asked Plaintiff's counsel to provide the Plaintiff's responses to Ocwen's Document Request no later than the end of Wednesday, June 28, 2006. *See id.*

20. As of noon on Thursday, June 29, 2006 – less than 24 hours before the re-scheduled deposition of the Plaintiff – the Plaintiff has not provided her responses to Ocwen's Document Request and Plaintiff's counsel has not responded to Ocwen's counsel's letter of June 27, 2006. *See Affidavit in Support of Motion of Ocwen Loan Servicing, LLC to Extend Deadlines,* ¶ 16.

### Request for Relief

21. The Plaintiff's continued failure to respond to Ocwen's Discovery Requests in a timely fashion negatively impacts Ocwen's ability to respond to the Plaintiff's motion for partial summary judgment as well as Ocwen's ability to pursue its own motion for summary judgment.

WHEREFORE, Ocwen Loan Servicing, LLC, successor-in-interest to Ocwen Federal Bank, FSB, respectfully asks this Court for the following relief:

1. Extend the relevant deadlines in the Court's order of June 20, 2006 by an additional four (4) weeks – with the exception of the re-scheduled hearing date – such that the revised schedule will appear as follows:

   a. **August 3, 2006**: Deadline for Oppositions to Plaintiff's Motion for Summary Judgment and Defendants' Cross-Motions for Summary Judgment;

5

      b.    **August 24, 2006:**  Deadline for Plaintiff's Opposition to Defendants' Cross-Motions for Summary Judgment;

      c.    **August 31, 2006:**  Deadline for replies of no more than five (5) pages to Plaintiff's Opposition; and

      d.    **September 12, 2006:**  Hearing on motions at 2 p.m.

2.    Grant such other relief as this Court deems just and proper.

Respectfully submitted,

OCWEN LOAN SERVICING, LLC,
SUCCESSOR-IN-INTEREST TO OCWEN
FEDERAL BANK, FSB AND OCWEN
FINANCIAL CORPORATION,

By its attorneys,

MICHIENZIE & SAWIN, LLC,

/s/ RC Demerle
_____
Richard C. Demerle, Esq. (BBO#652242)
Paul Michienzie, Esq. (BBO#548701)
745 Boylston Street
Boston, MA 02116-2636
(617) 227-5660

DATE: June 29, 2006

## CERTIFICATE PURSUANT TO LOCAL RULE 37.1

    I, Richard C. Demerle, attorney for defendant, hereby state that I have complied with the provisions of Rule 37.1 of the Local Rules of the U.S. District Court for the District of Massachusetts.

_____
Richard C. Demerle

## CERTIFICATE OF SERVICE

    I, Richard C. Demerle, attorney for defendant, hereby certify that I have on this 29th day of June 2006, served a copy of the foregoing document, by first-class mail, postage prepaid, to all counsel of record.

_____
Richard C. Demerle
