UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-11625RWZ

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
JOAN CHARLES,                               *
                                            *
        Plaintiff,                          *
                                            *
vs.                                         *
                                            *
OCWEN FEDERAL BANK, FSB;                    *
OCWEN FINANCIAL CORPORATION;                *
MASSACHUSETTS PROPERTY                      *
INSURANCE UNDERWRITING         *
ASSOCIATION; and                            *
ONE CALL INSURANCE AGENCY,                  *
INCORPORATED,                               *
                                            *
        Defendants.                         *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

**DEFENDANT, ONE CALL INSURANCE AGENCY'S MEMORANDUM
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AGAINST
PLAINTIFF, JOAN CHARLES**

### I. Introduction

Defendant, One Call Insurance Agency, Inc. ("One Call") moves for summary judgment

against plaintiff, Joan Charles.   Plaintiff filed this action alleging that the defendants' conduct

led to a "lapse of coverage" or "the wrongful refusal of insurance coverage" after the plaintiff's

home was damaged in a fire. Exhibit A, Amended Complaint, Introduction.  The plaintiff alleges

that her insurance coverage through the MPIUA should have been in effect at the time of the fire.

She alleges she is without insurance because her mortgage company Ocwen failed to pay her

premium from her escrow account after she sent them the bill for the upcoming renewal.  This

action arose after MPIUA denied coverage for the fire loss on the basis that the policy was not renewed and had lapsed about one month before the fire.

An insurance agent may be held liable if it causes its plaintiff-customer to sustain an uninsured loss. However, discovery revealed, and it is now undisputed, that there is and always has been an insurance policy in effect which responded and continues to respond to the plaintiff's loss. As such, the plaintiff is not able to establish the most basic prima facie element of her case: a lack of available insurance coverage. Specifically, the plaintiff can not establish that she suffered any harm - - i.e., an uninsured loss - - due to any alleged error or omission of One Call, because a "forced place" insurance policy obtained by Ocwen prior to the plaintiff's fire loss provides coverage for the loss. One Call may not be held liable for the absence of insurance where the undisputed facts show that, at all relevant times, there was in fact an insurance policy responding to the plaintiff's loss.

Further, even if the forced place coverage did not exist, the undisputed facts show that at the time of the loss, the plaintiff was not looking to One Call to do anything with respect to the payment of her insurance premium. The plaintiff's theory of liability, according to her complaint, is that One Call owed her a legal duty to "ensure and coordinate payment of the insurance premium" to Ocwen (Complaint, ¶ 44) and to "provide notice or forward correspondence between (plaintiff and Ocwen)" (Id.). As a matter of law, an insurance agent owes no such legal duty. Further, as a matter of the undisputed facts of this case, the plaintiff's own deposition testimony establishes that (1) she did in fact receive her insurance bill, (2) she forwarded the bill to Ocwen for Ocwen to pay to MPIUA, (3) One Call played no part in any of this correspondence, nor was One Call asked to play any role or assist the plaintiff in any way

2

with respect to having Ocwen pay her insurance from her escrow account.

Finally, insofar as there is an insurance policy in place and the disagreement is to the amount of the loss, One Call is entitled to summary judgement insofar as there has been no reference proceeding under M.G.L. c. 175 sec. 99. A reference is the required method under the policy and under the law of resolving the value of the plaintiff's claim in this matter, and is a condition precedent to any suit by the plaintiff.

## II. Statement of Material Facts

1. Joan Charles owned a property located at 14 Ditson Street, Dorchester, Massachusetts. Exhibit A, Amended Complaint, ¶ 4.

2. On or about February 2, 2004, the property suffered a fire loss that substantially destroyed the building. Exhibit A, Amended Complaint, ¶ 13.

3. At the time of the fire loss, Ocwen was the "servicer" of a mortgage loan to plaintiff Joan Charles within the meaning of 12 U.S.C. sec. 2605(i)(2). Exhibit B, Ocwen's Response to Request for Admissions, Response No. 1.

4. The terms of the mortgage loan required that the plaintiff make payments to Ocwen which in part were earmarked for deposit into an escrow account for the purposes of paying plaintiff's homeowner's insurance premium. Exhibit B, Ocwen's Response to Request for Admissions, Response No. 3.

5. Harold Salant, of One Call, was the insurance broker from whom plaintiff sought insurance. Exhibit C, Deposition of Plaintiff, pp. 38-39.

6. Massachusetts Property Insurance Underwriting Association ("MPIUA") issued a policy of insurance to Joan Charles for the policy period of 1/8/03 - 1/8/04. Exhibit D, Policy Declarations.

3

7.    On or about December 4, 2003, MPIUA issued a "Renewal Offer / Premium Invoice" to the plaintiff indicating her policy was set to expire on January 8, 2004, and stating a renewal premium to be paid to renew the policy.  Exhibit E, Renewal Offer / Premium Invoice, (also marked as Exhibit 21 at the plaintiff's deposition).

8.    The plaintiff admits she received the Exhibit E notice on or shortly after December 4, 2003. The plaintiff then took the notice and  addressed the envelope to Ocwen at the address for insurance / escrow payments which was indicated on the back of her Ocwen mortgage bill for that month. She included her return address on the envelope, and mailed it to Ocwen in early December, 2003. Exhibit C, deposition, pp. 92.

9.    The envelope was not returned to her in the mail.  Exhibit C, deposition, pp. 93.

10.   She did not ask One Call to do anything with respect to her insurance bill.  Exhibit C, pp. 95.

11.   This was consistent with how she handled her insurance bill the previous year: she received the bill, and forwarded it Ocwen, without any involvement by One Call. Exhibit C, pp.  108-109; Exhibit F, "Renewal Offer/Premium Invoice (also marked as Exhibit 21 at the plaintiff's deposition).

12.   In fact, the last time prior to the fire that she had any direct contact with One Call was in early 2002, when her mortgage was with a different company.  Exhibit C, pp. 96.

13.   The premium was not paid prior to the expiration of the policy. Exhibit G, Denial Letter of MPIUA.

14.   MPIUA denied the claim for the fire loss because the policy expired prior to the loss. Exhibit G.

4

15.  Ocwen obtained a policy of insurance from American Security Insurance Company (hereinafter "The Assurant Group") for the policy period of 1/8/04 - 1/8/05 to prevent any gaps in insurance. Exhibit H, The Assurant Group Policy.

16.  This insurance policy obtained by Ocwen was in effect on the date of the fire. Exhibit H.

17.  There was no lapse in coverage relative to the plaintiff's property or the fire. Exhibit H.

18.  Immediately after the fire, the Assurant Group hired independent adjusters Cunningham & Lindsey to adjust the loss. Exhibit I, Letter dated 2/11/04 from Cunningham & Lindsey to plaintiff, (also marked as Exhibit 24 at the plaintiff's deposition).

19.  Cunningham & Lindsey began attempting to contact the plaintiff immediately after the loss. Exhibit I.

20.  The plaintiff acknowledges having direct contact with Cunningham & Lindsey. The plaintiff provided Cunningham & Lindsey with her lawyer's information shortly after the fire. Otherwise, the plaintiff failed to respond to the letters and calls of Cunningham & Lindsey. Exhibit I; Exhibit C, pp. 103-105..

21.  Cunningham & Lindsey continued to adjust the loss despite the lack of cooperation by the plaintiff. Exhibit J, Letter dated 3/11/04 from Cunningham & Lindsey to The Assurant Group.

22.  Cunningham & Lindsey conducted an inspection of the house and generated a detailed adjustment of the claim. Exhibit J.

23.  In 2004, the Assurant Group closed the file until the plaintiff decided to pursue the claim. Exhibit K, Letter dated 5/26/04 from The Assurant Group to plaintiff.

24.  Assurant tendered a check to the plaintiff for the damage to her property, which the plaintiff rejected because it was too low. See Exhibit C pp. 79-80.

5

25.   One Call believes, based on discussions with counsel and the requirements of

Massachusetts law, that the Assurant policy contains a reference condition, stating that, if

the parties fail to agree as to the amount of the loss they shall proceed to a reference and

may not proceed with suit unless and until such reference has been conducted. (See

M.G.L. c. 175 §99 et seq.).    The plaintiff has not demanded a reference, and no

reference has been conducted.

### III. Statement of Legal Elements

1.   Summary judgment is proper if "there is no genuine issue as to any material fact and . . .

the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  If the

moving party demonstrates that the party who bears the burden of proof lacks sufficient

evidence to establish an essential element of their claim, then the opposing party must

come forth with evidence -- beyond the pleadings in the case and by affidavit, answers to

interrogatories, depositions, or similar materials -- demonstrating that a genuine, disputed

issue of material fact nevertheless exists, and that the evidence merits submitting that

issue to a jury. *Kourouvacilis v. General Motors Corp.*, 410 Mass. 706, 715, 575 N.E. 2d

734 (1991).  If the opposing party fails to come forward with sufficient evidence to close

the apparent gap in their case, then summary judgment is appropriately entered. *Id.* at

716; *see also Pederson v. Time, Inc.*, 404 Mass 14, 17, 532 N.E. 2d 1211 (1989); *Madsen

v. Erwin*, 395 Mass. 715, 719, 481 N.E. 2d 1160 (1985).

2.   Plaintiff is required to offer specific facts, not mere allegations, to show the existence of a

dispute as to material facts. *Baldwin v. Mortimer*, 403 Mass. 142, 143-144, 526 N.E. 2d

776, 777 (Mass. 1988).  A response "must set forth specific facts showing that there is a

genuine issue for trial." Mass. R. Civ. P. 56(e).  *See Community Natl. Bank v. Dawes*,

6

369 Mass. 550, 555, 340 N.E. 2d 877 (1976); *Madsen v. Erwin,* 395 Mass. 715, 721, 481

N.E. 2d 1160 (1985); *Cullen Enterprises, Inc. v. Massachusetts Property Ins.*

*Underwriting Assn.,* 399 Mass. 886, 889-892, 507 N.E. 2d 717 (1987); *Dwyer v.*

*Piccicuto,* 25 Mass. App. Ct. 910, 912, 515 N.E. 2d 596 (1987).  Summary judgment is

appropriate where "the record is barren of any evidence supporting an inference that the

harm which befell [the plaintiff] followed as a natural consequence ... of the [broker's]

breach"). *Schwartz v. Travelers Indemnity Company,* 50 Mass. App. Ct. 672, 680, 740

N.E. 2d 1039 (2001) (*review denied*, 434 Mass. 1102, 751 N.E. 2d 418).

3.      The materials presented by the moving party need not negate or disprove an essential

element of the claim of the party on whom the burden of proof at trial will rest, but they

must demonstrate that there is no reasonable expectation that proof of the elements will

be forthcoming at trial. *Tate v. Dept. of Mental Health*, 419 Mass. 356, 360, 645 N.E. 2d

1159 (1995).

4.      As a general rule, a plaintiff may recover in tort or contract from an insurance agent who

fails to procure adequate insurance coverage as requested by the insured. *See Rae v. Air-*

*Speed, Inc.*, 386 Mass. 187, 192, 435 N.E. 2d 628 (1982); *Rayden Engineering Corp. v.*

*Church,* 337 Mass. 652, 661-62, 151 N.E. 2d 57 (1958).

5.      "The broker ordinarily has no duty, absent a request from the client or an undertaking by

the broker, to obtain insurance or to renew a policy about to expire." Construction

Planners, Inc. V. Dobax Ins. Agency, Inc., 31 Mass.App.Ct. 672 at 675 583 N.E.2d 255

(1991).

5.      Damages in an error and omission claim are computed as under the policy which the

plaintiff claims should have been written. *Rayden Engineering Corp. v. Church*, 337

7

Mass. 652, 661-62, 151 N.E. 2d 57 (1958); *Capital Site Management Associates v. Inland Underwriters Insurance Agency, Ltd.*, 61 Mass. App. Ct. 14, 19, 806 N.E. Ed 959, 964 (2004) (holding damages are measured by amount plaintiff could have recovered under the policy had the agency obtained it); see also The Patterson Agency, Inc. V. Turner, 35 Md. App. 651, 657, 372 A.2d 258, 262 (1977) (holding agent is liable for the amount of insurance that would have been due under the policy had it been obtained).

6.  Total recovery is limited to the amount plaintiff proves that she would have recovered if the defendant had performed its obligations and the property was covered by an insurance policy. *See Rae v. Air-Speed, Inc.*, 386 Mass. 187, 196, 435 N.E. 2d 628 (1982). Double recovery for the same damages is impermissible. *Id.*

7.  In order to recover, plaintiff must establish that the acts of the defendants impacted her recovery. *LaClair v. Silberline Manufacturing Co. Inc.,* 379 Mass. 21, 30, 393 N.E. 2d 867 (1979).

8.  Plaintiff must show that any negligence of the defendants resulted in substantial damage to the plaintiff. *Rayden Engineering Corp. v. Church,* 337 Mass. 652, 662, 151 N.E. 2d 57, 64 (Mass. 1958) (upholding directed verdict where plaintiff failed to prove causation).

9.  Plaintiff is required, under M.G.L. c. 175 §99, to submit her claim to a reference prior to filing suit. Under the statute, when there is fire insurance coverage in effect at the time of the loss and the parties have failed to agree on the amount of the loss, the parties must submit the dispute to a reference as "a condition precedent to any right of action in law or equity to recover for such loss."

## IV. ARGUMENT

1.    **PLAINTIFF HAD INSURANCE COVERAGE IN EFFECT AT THE TIME OF THE FIRE TO COVER THE SUBJECT LOSS.**

Plaintiff's claim against One Call to recover for an "uninsured loss" fails as she in fact has insurance to cover the fire loss. *Rayden Engineering Corp. v. Church*, 337 Mass. 652, 661-62, 151 N.E. 2d 57 (1958); *LaClair v. Silberline Manufacturing Co. Inc.,* 379 Mass. 21, 30, 393 N.E. 2d 867 (1979); *Capital Site Management Associates v. Inland Underwriters Insurance Agency, Ltd.*, 61 Mass. App. Ct. 14, 19, 806 N.E. Ed 959, 964 (2004). Should the plaintiff prove One Call is liable for failing to assist in renewing coverage with MPIUA, which it denies, her damages would be limited to the amount she could have recovered had the policy been obtained. *Id.*

Damages in an insurance broker liability claim are limited to what the policy which the plaintiff claims should have been written would have provided. *Rayden Engineering Corp. v. Church*, 337 Mass. 652, 661-62, 151 N.E. 2d 57 (1958); *Capital Site Management Associates v. Inland Underwriters Insurance Agency, Ltd.*, 61 Mass. App. Ct. 14, 19, 806 N.E. 2d 959, 964 (2004) (holding that since the claim was based on defendant's failure to procure coverage, damages are measured by the amount plaintiff could have recovered under the insurance policy had defendant properly procured it). Total recovery is limited to the amount plaintiff proves that she would have recovered if the defendant had performed its obligations and the property was covered by a insurance policy. *See Rae v. Air-Speed, Inc.*, 386 Mass. 187, 196, 435 N.E. 2d 628 (1982). In order to recover, plaintiff must establish that the acts of the defendants impacted her recovery. *LaClair v. Silberline Manufacturing Co. Inc.,* 379 Mass. 21, 30, 393 N.E. 2d 867 (1979). When there is in fact coverage for the loss, the plaintiff suffered no harm. *See Rae v.*

*Air-Speed, Inc.*, 386 Mass. 187, 196, 435 N.E. 2d 628 (1982); *Rayden Engineering Corp. v. Church*, 337 Mass. 652, 661-62, 151 N.E. 2d 57 (1958); *LaClair v. Silberline Manufacturing Co. Inc.,* 379 Mass. 21, 30, 393 N.E. 2d 867 (1979); *Capital Site Management Associates v. Inland Underwriters Insurance Agency, Ltd.*, 61 Mass. App. Ct. 14, 19, 806 N.E. Ed 959, 964 (2004).

Here, the plaintiff is a named insured on a policy of insurance issued to cover the subject property. Exhibit H. This policy was in effect at the time of the loss. Exhibit H. Simply, there is no uninsured loss. After initially failing to pursue the claim under The Assurant Group policy, plaintiff received a check in the amount of $86,489.91 as a proposed settlement for her loss. The plaintiff rejected the check because it was too low. Exhibit C pp. 79-80. Whether the claim under The Assurant Group policy has been resolved does not change the fact that the plaintiff cannot recover from One Call for being deprived of benefits under a policy when she is entitled to coverage under a policy in effect at the time of the loss. She has not suffered the harm, required in a case like this: an uninsured loss.

2.    **DEFENDANT, ONE CALL INSURANCE AGENCY, INC. DID NOT HAVE A DUTY TO THE PLAINTIFF TO RENEW THE INSURANCE POLICY OR TO PAY THE INSURANCE PREMIUM**

The plaintiff alleges in her complaint that One Call owed her a legal duty to "ensure and coordinate payment of the insurance premium" to Ocwen (Complaint, ¶ 44) and to "provide notice or forward correspondence between (plaintiff and Ocwen)" (Id.). As a matter of law, an insurance agent owes no such legal duty.

An insurance broker does not owe the insured a legal duty to make sure that the insured's mortgage lender pays her premium from her escrow account. Rather, it is the legal duty of the insured, and not the broker, to pay the premium. *See, Rozen v. Cohen,* 350 Mass. 231 (1966).

Further, there are no factual allegations which could possibly support the imposition of a legal duty on the insurance broker to "pay" or "ensure the payment of" the plaintiff's insurance premium.

Here, the plaintiff stated that she mailed the notice of renewal she had received from MPUIA to Ocwen directly and did not ask One Call to do anything with respect to the insurance bill. The plaintiff paid her prior year's insurance with the Fair Plan in the same way, via her escrow account with Ocwen. In the prior year, she had no problem, and One Call was, again, not involved in any way. In fact, the plaintiff's last direct communication with One Call was nearly two years earlier, in 2002, in regards to her prior mortgage provider. The plaintiff did not request or direct One Call to renew the insurance policy and therefore, One Call had no duty to renew the insurance policy.

Absent a special relationship between the parties or direction by the plaintiff, the insurance broker is not required to renew a policy that is about to expire. *Construction Planners, Inc. v. Dobax Insurance Agency, Inc.,*, 31 Mass.App.Ct. 672, 583 N.E.2d 255 (1991); *Gabrielson v. Warnemunde,* 443 N.W.2d 540, 542 (Minn.1989); *Stacy v. J.C. Montgomery Ins. Corp.*, 235 Va. 328, 331, 367 S.E.2d 499 (1988); 18 *Couch Insurance* § 68.12, at 15 (Rhodes rev. 2d ed. 1983); 16A *Appleman, Insurance Law & Practice* § 8836, at 64, 69-71 (1981).

## 3.     THE PLAINTIFF IS REQUIRED TO SUBMIT HER CLAIM TO REFERENCE PRIOR TO SUIT BEING FILED

The plaintiff is required by M.G.L. c. 175 §99, to submit any disagreement as to the value of a loss to a reference prior to the filing of any suit. The plaintiff's property was covered by a The Assurant Group policy at the time of the loss. See Exhibit H. Cunningham & Lindsey, independent adjusters hired by The Assurant Group, adjusted the loss even though they did not

11

receive any cooperation from the plaintiff. See Exhibit J. Based on the adjustment, The Assurant Group sent a check to the plaintiff in the amount of $86,489.91. The plaintiff rejected the check because it was too low. See Exhibit C. pp. 79-80.

One Call should be granted summary judgement based upon the plaintiff's failure to meet the requirements of M.G.L. c. 175 §99. The statute states "In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third being selected by the two so chosen; and the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference, unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss; but no person shall be chosen or act as a referee, against the objection of either party, who has acted in a like capacity within four months." M.G.L. c. 175 §99.

The purpose of the statute was to avoid unnecessary lawsuits and to expedite settlement of claims. *Augenstein v. Insurance Company of North America*, 372 Mass. 30, 360 N.E.2d 320 (1977); *The Employers Liability Assurance Corporation, Ltd. v. Traynor*, 354 Mass. 763, 237 N.E.2d 34 (1968).

The plaintiff was aware of the coverage by The Assurant Group and received a correspondence from the adjusters, Cunnigham & Lindsey on or about February 11, 2004. The correspondence states that Cunningham & Lindsey made several attempts to contact the plaintiff, including leaving voice mail messages regarding inspecting the property. Exhibit I. The plaintiff did provide her lawyer's contact information to Cunningham & Lindsey in a telephone conversation with a representative from Cunningham & Lindsey. Exhibit C, pp. 103-105. The

Assurant Group provided the plaintiff with notice on May 26, 2004, that they had made not been

able to complete the analysis of her claim due to her failure to cooperate and they would close the

file until contacted by the plaintiff. See Exhibit K. This was two months before the plaintiff filed

the complaint in this case, on July 20, 2004. The plaintiff therefore knew that insurance coverage

existed for the policy and that attempts had been made to determine the amount of the loss to the

property, prior to filing this suit. The plaintiff had sufficient time and opportunity to request a

reference prior to filing this suit.  One Call should therefore be granted summary judgement due

to the plaintiff's failure to request a reference as required by M.G.L. c. 175 §99.

### V.  Conclusion

For the forgoing reasoning, One Call Insurance Agency, Inc. respectfully requests that

this honorable court ALLOW the defendant's motion for summary judgment.

> The Defendant,
> ONE CALL INSURANCE AGENCY, INC.
> By its attorneys,
>
> /s/ William D. Chapman
> William D. Chapman, BBO# 551261
> Diana D. Delaney, BBO# 642384
> MELICK, PORTER AND SHEA, LLP
> 28 State Street
> Boston, MA 02109
> (617) 523-6200

Dated: September 27, 2006

## CERTIFICATE OF SERVICE

I, William D. Chapman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

/s/ William D. Chapman
William D. Chapman

Dated: September 27, 2006

14