UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN CHARLES,<br>    Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK FSB, OCWEN FINANCIAL CORPORATION, MASSACHSUETTS PROPERTY INSURANCE UNDERWRITERS ASSOCIATION, and ONE CALL INSURANCE AGENCY, INCORPORATED,<br>    Defendants. | CIVIL ACTION NO. 04-11625-RWZ |

## RESPONSE OF OCWEN LOAN SERVICING, LLC TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

NOW COMES Ocwen Loan Servicing, LLC, successor-in-interest to Ocwen Federal Bank, FSB, defendant in the above-captioned action, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, answers the *First Request for Admissions to Ocwen Federal Bank, FSB* of plaintiff Joan Charles ("Plaintiff") as follows:

### General Objections

1.  Ocwen Loan Servicing, LLC objects to these discovery requests to the extent that they are overly broad and unduly burdensome.

2.  Ocwen Loan Servicing, LLC objects to these discovery requests to the extent that they are vague or that their language is ambiguous.

3.  Ocwen Loan Servicing, LLC objects to these discovery requests to the extent that they seek information that is neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence, and to the extent that they are beyond the permissible scope of discovery under the applicable Rules.

4. Ocwen Loan Servicing, LLC objects to these discovery requests to the extent that they violate the attorney-client privilege and/or the work-product privilege.

5. Ocwen Loan Servicing, LLC objects to these discovery requests to the extent that they seek information prepared in anticipation of litigation.

6. Ocwen Loan Servicing, LLC objects to these discovery requests to the extent that they are premature, including but not limited to discovery requests that seek information concerning Ocwen Loan Servicing, LLC's contentions in this action. Ocwen Loan Servicing, LLC further objects to these discovery requests to the extent that they improperly call for legal conclusions. Ocwen Loan Servicing, LLC reserves its right to supplement its responses to these discovery requests, should it be necessary or appropriate, in accordance with the Rules.

7. Ocwen Loan Servicing, LLC objects to these discovery requests to the extent that they call for publicly available information and/or documents that are equally available to the Plaintiff.

8. Ocwen Loan Servicing, LLC objects to these discovery requests to the extent that they seek to impose obligations on Ocwen Loan Servicing, LLC that are greater than those contained in the Rules, or are beyond the scope of discovery permitted by the Rules.

9. Ocwen Loan Servicing, LLC's investigation of this matter continues, so Ocwen Loan Servicing, LLC reserves its right to supplement these responses.

10. Each of the specific responses of Ocwen Loan Servicing, LLC to these discovery requests is made subject to, and without waiving, these General Objections as well as Ocwen Loan Servicing, LLC's specific objections. Each of the foregoing objections and limitations is incorporated into each of the following responses, regardless of whether or not it is repeated below.

## RESPONSES TO REQUEST FOR ADMISSIONS

### REQUEST NO. 1

On or about February 8, 2004, Ocwen was the "servicer", within the meaning of 12 U.S.C. § 2605(i)(2), of a mortgage loan (the "mortgage loan") to Plaintiff Joan Charles ("Plaintiff") secured by property located at 14 Ditson Street, Dorchester, Massachusetts (the "property").

### RESPONSE NO. 1

Ocwen specifically objects to this request on the grounds that it calls for a legal conclusion. Without waiving this specific objection or the general objections referenced above, Ocwen states that Ocwen was servicing the loan of plaintiff Joan Charles (the "Plaintiff") on or about February 8, 2004.

### REQUEST NO. 2

The mortgage loan was federally related within the meaning of 12 U.S.C. § 2605(g).

### RESPONSE NO. 2

Ocwen specifically objects to this request on the grounds that it calls for a legal conclusion. Without waiving this specific objection or the general objections referenced above, Ocwen states that the terms of the loan require the Plaintiff to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of certain charges with respect to the property. Otherwise, Ocwen denies this request.

### REQUEST NO. 3

The terms of the mortgage loan required that Plaintiff make payments to Ocwen for deposit into an escrow account for the purpose of assuring payment of insurance

premiums ("insurance premiums") with respect to the property within the meaning of 12 U.S.C. § 2605 (g).

RESPONSE NO. 3

Ocwen specifically objects to this request on the grounds that it calls for a legal conclusion. Without waiving this specific objection or the general objections referenced above, Ocwen states that the terms of the loan require the Plaintiff to make payments to the servicer of the loan for payment of insurance premiums for insurance on the property. Otherwise, Ocwen denies this request.

REQUEST NO. 4

Ocwen was required under 12 U.S.C. § 2605 (g) to make payments from the escrow account for insurance premiums in a timely manner as such payments became due.

RESPONSE NO. 4

Ocwen specifically objects to this request on the grounds that it calls for a legal conclusion. Without waiving this specific objection or the general objections referenced above, Ocwen states that the terms of the mortgage require payments from the escrow account for insurance premiums to the extent that the Borrower complied with her obligation under the mortgage to "promptly furnish to Lender all notices of amounts to be paid" for escrow items, including insurance premiums. Otherwise, Ocwen denies this request.

REQUEST NO. 5

On or about January 7, 2004, payment was due for the hazard insurance premium on the property policy provided by Defendant Massachusetts Property Insurance Underwriting Association ("MPIUA").

RESPONSE NO. 5

Ocwen is without knowledge or information sufficient as to form a belief as to the truth of the allegation in Request No. 5. More specifically answering, plaintiff Joan Charles never provided Ocwen with the required notice of the payment allegedly due under the hazard insurance policy issued by MPIUA.

REQUEST NO. 6

Ocwen did not make the January 7, 2004 hazard insurance premium payment as and when due to MPIUA.

4

RESPONSE NO. 6

Ocwen denies this request for admission to the extent that it alleges that Ocwen had an obligation to make payment to MPIUA. Ocwen denies this request as the Plaintiff had failed to notify Ocwen that any payment was due and owing to MPIUA at that time for insurance on the property.

REQUEST NO. 7

By not making the January 7, 2004 premium payment as and when due, Ocwen failed to comply with 12 U.S.C. § 2605 (g).

RESPONSE NO. 7

Ocwen denies this allegation.

REQUEST NO. 8

On or about January 8, 2004, but in any event prior to February 2, 2004, MPIUA cancelled Joan Charles' hazard insurance policy for the property.

RESPONSE NO. 8

Ocwen is without knowledge or information sufficient as to form a belief as to the truth of the allegation in Request No. 8. More specifically answering, plaintiff Joan Charles never provided Ocwen with any notice of payment due for the MPIUA insurance policy for the property, as required under the terms of her mortgage.

REQUEST NO. 9

According to the MPIUA, the MPIUA cancelled Joan Charles' hazard insurance policy because of the non-payment of the premium due on or about January 7, 2004.

RESPONSE NO. 9

Ocwen is without knowledge or information sufficient as to form a belief as to the truth of the allegation in Request No. 9. More specifically answering, plaintiff Joan Charles never provided Ocwen with any notice of payment due for the MPIUA insurance policy for the property, as required under the terms of her mortgage.

REQUEST NO. 10

On or about February 2, 2004, the property suffered a significant fire loss.

RESPONSE NO. 10

On information and belief, Ocwen admits the allegation in Request No. 10.

REQUEST NO. 11

The fire loss on the property has rendered the property uninhabitable and as of February 8, 2006, has not been repaired.

RESPONSE NO. 11

On information and belief, Ocwen admits the allegation in Request No. 11.

SIGNED UNDER PAINS AND PENALTIES OF PERJURY THIS ___ DAY OF MARCH 2006.

*[signature]*
Name: Nichelle Jones
Title: Default Servicing Liaison
OCWEN LOAN SERVICING, LLC AS SUCCESSOR-IN-INTEREST TO OCWEN FEDERAL BANK, FSB

As to objections:

MICHIENZIE & SAWIN, LLC,

*[signature]*
Richard C. Demerle (BBO#652242)
Michienzie & Sawin LLC
745 Boylston Street
Boston, MA 02116-2636
(617) 227-5660

DATE: March __, 2006

6

## CERTIFICATE OF SERVICE

I, Christopher Matheson, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by U.S. mail, first class, postage pre-paid on March 23, 2006.

_____
Christopher Matheson