UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11625 RWZ

|  |  |
|---|---|
| JOAN CHARLES,<br>    Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK, OCWEN FINANCIAL CORPORATION, MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION and ONE CALL INSURANCE AGENCY, INC.,<br>    Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The material and undisputed facts are as follows:

1. The Defendant, Massachusetts Property Insurance Underwriting Association ("MPIUA") is an association of property insurance underwriters with a principle place of business at 2 Center Plaza, Boston, Massachusetts. (Complaint, ¶ 4).

2. Massachusetts Property Insurance Underwriting Association issued a Policy of Insurance, (Policy No. 0662672-3) for 14 Ditson Street, Dorchester, MA to Joan Charles for the policy period of January 8, 2003 to January 8, 2004. (Affidavit of Joseph Tragno, ¶¶ 2-3).

3. The premium for Policy No. 0662672-3, for the policy period of January 8, 2003 to January 8, 2004 was paid. (Affidavit of Joseph Tragno, ¶ 4).

4. The policy of insurance included the following special endorsement HO-FP (12-01):

> WE WILL NOT RENEW THIS POLICY AUTOMATICALLY. A RENEWAL OFFER/PREMIUM INVOICE WILL BE SENT TO YOU. IN ORDER TO CONTINUE COVERAGE WITHOUT INTERRUPTION, YOU MUST RETURN THE PREMIUM INVOICE WITH YOUR PAYMENT TO MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCATION, BEFORE THE EXPRIATION DATE OF THIS POLICY. IF PAYMENT OF THE

> PREMIUM IS RECIVED BY THE MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION WITHIN THE TIME PERIOD PROVIDED IN THE RENEWAL OFFER/PREMIUM INVOICE, MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION WILL RENEW THIS POLICY, EFFECTIVE AS OF THE DATE OF THE EXPRIATION OF THE POLICY.  IF PAYMENT IS RECIVED BY MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION AFTER THE TIME PERIOD PROVIDED IN THE RENEWAL OFFER/PREMIUM INOVICE, MASSACHUSETTS PROPERTY INSURANCE UNDERWRITNG ASSOCATION WILL DETERMINE WHETHER TO PROVIDE COVERAGE, ON WHAT TERMS COVERAGE WILL BE PROVIDED AND WHEN COVERAGE WILL BECOME EFFECTIVE.
>
> WE MAY ELECT NOT TO RENEW THIS POLICY.  WE MAY DO SO BY DELIVERY TO YOU, OR MAILING TO YOU AT YOUR LAST MAILING ADDRESS, SHOWN IN THE DECLARATIONS, WRITTEN NOTICE AT LEAST 45 DAYS BEFORE THE EXPIRATION DATE OF THIS POLICY, AND TO THE MORTGAGEE SHOWN ON THE DECLARATIONS AT LEAST 10 DAYS BEFORE THE EXPIRATION DATE OF THIS POLICY.  (Affidavit of Joseph Tragno, ¶ 5; Exhibit "2").

5. On December 4, 2003, a Renewal Offer/Premium Invoice was forwarded to Joan Charles, 14 Ditson Street, Dorchester, MA and her insurance agent, One Call Insurance Agency, Inc., 121 B Tremont Street, Brighton, MA.  (Affidavit of Joseph Tragno, ¶ 6, Exhibit 3).

6. Joan Charles received the Renewal Offer/Premium Invoice in December (Exhibit "4", Deposition of Joan Charles, Page 18). She testified that she sent the Notice to Ocwen Federal Bank (Exhibit "4", Deposition of Joan Charles, Page 24). She knew in early December that if the bill was not paid by January 8, 2004, her insurance coverage would lapse (Exhibit "4", Deposition of Joan Charles, Page 98-99, 108-109)

7. On January 7, 2004, payment was due for the hazard insurance premium on the property policy provided by Defendant Massachusetts Property Insurance Underwriting Association.  (Complaint, ¶ 11).

8. MPIUA did not receive back the premium on or before the policy expiration date of January 8, 2004.  (Affidavit of Joseph Tragno, ¶ 8).

9. Policy number 0662672 expired on January 8, 2004 because of failure to the premium for the renewal policy.  (Complaint, ¶ 11; Affidavit of Joseph Tragno, ¶ 9).

10. Joan Charles did nothing between time the policy lapsed on January 8, 2004 and the date of the fire of February 2, 2004 to determine whether or not the insurance premium had been paid. (Exhibit "4", Deposition of Joan Charles, Page 99).

11. On Sunday, February 2, 2004, the Property experienced a substantial fire loss. (Complaint, ¶ 15).

12. On Monday, February 3, 2004, Joan Charles learned that her insurance policy had not been renewed (Exhibit "4", Deposition of Joan Charles, Page 46).

13. On Monday, February 3, 2004, approximately twenty-seven (27) days after the deadline for renewing the policy, Plaintiff, through her son, attempted to tender payment of the insurance premium to MPIUA. At the time she tendered this payment, she knew her property had suffered a fire loss. (Complaint, ¶¶ 11, 16; Exhibit "4", Deposition of Joan Charles, Page 47-48, 110).

14. MPIUA did not accept such payment. (Complaint, ¶ 17).

15. Plaintiff, through her son, attempted to tender such payment at approximately 4:50 p.m.. (Complaint, ¶ 17).

16. The business hours of the MPIUA in February 2004 were Monday through Friday, 8:00 a.m. to 4:00 p.m.. The doors of the business closed at 4:00 p.m. and no applications were accepted after 4:00 p.m.. (Affidavit of Joseph Tragno, ¶ 12).

17. The Defendant Massachusetts Property Insurance Underwriting Association refused to pay a claim for a fire loss arising on February 3, 2004 at 14 Ditson Street, Dorchester, MA because there was no policy in effect at the time of the fire. (Affidavit of Joseph Tragno, ¶ 14).

> Respectfully submitted,
> By my attorney,
>
> /s/ Michael W. Reilly
>
> Michael W. Reilly, Esq.
> Tommasino & Tommasino
> 2 Center Plaza
> Boston, MA   02108
> (617) 723-1720
> MA BBO# 415900