# EXHIBIT 11

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION No.: 04-11625 RWZ

JOAN CHARLES,
    Plaintiff,

v.

OCWEN FEDERAL BANK, OCWEN FINANCIAL
CORPORATION, MASSACHUSETTS PROPERTY
INSURANCE UNDERWRITING ASSOCIATION
and ONE CALL INSURANCE AGENCY, INC.,
    Defendants,

### DEFENDANT, MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION'S ANSWERS TO OCWEN FEDERAL BANK'S FIRST INTERROGATORIES

**INTERROGATORY NO. 1**

Please identify the individual(s) signing these Answers to Interrogatories. Please include full name, occupation, business address, residential address and citizenship status.

**ANSWER NO. 1**

Name:    Joseph A. Tragno
Occupation:    Underwriting Manager, Massachusetts Property Insurance Underwriting Association
Business Address:    Two Center Plaza, Boston, MA 02108
Residential Address:    12 Argyle St., Revere, MA 02151
Citizenship:    U.S. Citizen

**INTERROGATORY NO. 2**

If, in the course of answering these Interrogatories, inquiry was made of persons other than the person signing the Interrogatories, please identify with whom the person signing these Interrogatories communicated and what information those other persons provided.

ANSWER NO. 2

N/A.

INTERROGATORY NO. 3

Please identify all documents used to answer these interrogatories.

ANSWER NO. 3

Underwriting File Policy Numbers 0608764, 0613788 and 0662672.

INTERROGATORY NO. 4

Please state the basis for your allegation that the Policy did not lapse, as you allege in Paragraph 13 of your Answer.

ANSWER NO. 4

The Policy had a term of one year from January 8, 2003 to January 8, 2004. MPIUA mailed a Renewal Offer/Premium Invoice to the producer and the insured on December 4, 2003 in the amount of $1,906 with the minimum amount due of $476.50. Payment was not received by MPIUA within six days of the policy expiration date of January 8, 2004. As such, the policy expired.

INTERROGATORY NO. 5

Please explain the difference between the word "expired" and the word "lapsed," as you use both those words in Paragraph 13 of your Answer.

ANSWER NO. 5

MPIUA does not use the term "lapse" to describe the situation where a policy expires for non-payment of premium.

INTERROGATORY NO. 6

Please state the basis for your allegation that, if you are found liable to the Plaintiff, that "Ocwen is a joint tortfeasor, such that Ocwen is liable for their contribution share of liability to the Plaintiff," as alleged in Paragraph 4 of your cross-claim against Ocwen Federal Bank, FSB, Ocwen Financial Corporation and Once (sic) Call Insurance Agency, Inc. In answering, please

also explain how both Ocwen Federal Bank, FSB and Ocwen Financial Corporation would be liable, as you allege in Paragraph 4 of your cross-claim.

ANSWER NO. 6

Plaintiff has alleged that Ocwen was responsible for making payment for the property insurance on the policy. If that allegation is correct then Ocwen would be either a joint tortfeasor and responsible for indemnification and/or contribution or would be solely liable for Plaintiff's damages.

INTERROGATORY NO. 7

Please describe the business relationship you had with the Plaintiff from January 1, 1999 through July 21, 2004, the date the Plaintiff commenced the above-captioned action, including without limitation the services you provided to the Plaintiff.

ANSWER NO. 7

From January 1, 1999 until January 8, 2004, MPIUA provided homeowners insurance for the Plaintiff for the property located at 14 Ditson St., Dorchester, MA.

Policy Numbers:    0608764
                   0613788
                   0662672

INTERROGATORY NO. 8

Please identify all documents that relate to your business relationship with the Plaintiff from January 1, 1999 through July 21, 2004.

ANSWER NO. 8

Objection, to the extent this request seeks attorney/client and/or work product information. The non attorney/client or work product documents are as follows:

  Policy No. 0608764
  - Policy Declaration page for Policy No. 0608764,
    Policy Term May 1, 1998 to May 1, 1999 for Plaintiff's property at 14 Ditson St., Dorchester, MA.

  Policy No. 0613788
  - Application for Placement of Homeowners Insurance, from One Call Ins. Agency,

Policy No. 0613788 for the Plaintiff's property at 14 Ditson St., Dorchester, MA, received by MPIUA on 09/24/1999;
- Policy Declaration page for Policy No. 0613788, one year policy term 09/24/1999 to 09/24/2000, original policy mailed to the producer;
- Inspection Report for forementioned property date 10/8/1999;
- Substandard condition list dated 10/26/1999;
- Re-inspection dated 11/04/1999;
- Re-inspection report dated 11/23/1999
- Renewal Offer/Premium Invoice dated 07/26/2000;
- Request to change mortgage dated 07/28/2000;
- Amended Declaration, changing the mortgage dated 08/07/2000, original mailed to the producer One Call Ins.;
- Policy Declaration for one year term dated 09/24/2000 to 09/24/2001, original mailed to the producer One Call Ins. Agency;
- Request to change the mortgage dated 09/14/2000;
- Amended Policy Declaration, changing the mortgage dated 09/28/2000, mailed to the producer One Call Ins. Agency;
- Amended Policy Declaration, changing the mortgage dated 10/20/2000, mailed to the producer One Call Ins. Agency;
- Amended Policy Declaration "Interest of First Mortgage is Amended" dated 11/22/2000, mailed to the producer;
- Request to delete Homecomings Financial as Mortgage dated 1/8/2001;
- Amended Policy Declaration dated 7/9/2001, changing the mortgage;
- Amended Policy Declaration dated 8/20/2001 changing the mortgage, mailed to the producer One Call Ins. Agency;
- Expiration Notification;
- Renewal Offer/Premium Invoice dated 07/26/2001, mailed to producer and the Plaintiff

**Policy No. 0662672**
- Application for Placement of Homeowner Immediate Coverage for the Plaintiff from One Call Ins. for the property at 14 Ditson St., Dorchester, MA, received via fax dated 12/28/2001 accompanied by a Home Cost Estimated Worksheet estimating the replacement cost for the property at $389,000. The application requested $284,000.
- Application Return Notice dated January 3, 2002 mailed to the producer;
- Application re-faxed on January 8, 2002 in the amount of $318,000 for the Plaintiff for the property located 14 Ditson St., Dorchester, MA.
- Policy Declaration for Policy No. 0662672 issued on 01/14/002, for policy term 01/08/2002 to 01/08/2003;
- Amended Declaration dated 11/22/2000, changing the mortgage, mailed to the producer One Call Ins. Agency;
- Amended Declaration dated 7/9/2001, changing the mortgage, mailed to the producer;
- Amended Declaration dated 8/2001, changing mortgage;

- Renewal Offer/Premium Invoice dated 07/26/2001 mailed to the producer and the Plaintiff;
- Installment Premium Invoice date billed 06/13/2002, mailed to Plaintiff;
- Amended Declaration dated 11/22/2002, changing the mortgage, mailed to the producer One Call Ins. Agency;
- Expiration Notification for Policy 0662672 dated 11/28/2002;
- Renewal Offer/Premium Invoice for Policy No. 0662672, expiring 01/08/2003, mailed to the producer and the insured;
- Policy Declaration page for Policy No. 0662672 dated 01/13/2003, policy period of 01/08/2003 to 01/08/2004, mailed to the producer;
- Expiration Notification dated 12/04/2003 for Policy No. 0662672;
- Expiration date 01/08/2004;
- Renewal Offer/Premium Invoice Policy No. 0662672, expiration date 01/08/2004, dated billed 12/04/2003;
- Expiration Notification mailed to the producer and Plaintiff;
- Premium Invoice mailed to the producer;
- Copy of check No. 450009594 issued by Ocwen Federal Bank, FSB in the amount of $1,906.00 on 02/06/2004 for Policy No. 0662672
- Return letter of 02/12/2004 issued by MPIUA, returning forementioned payment to mortgage, copied the insured and the producer's file;
- Returned mail dated 02/24/2004 indicating address- Not Known received by MPIUA on or about 02/24/2004.
- Computer entry 02/24/2004, indicating re-mailed check to address on check Ocwen Federal Bank, P.O. Box 6723, Springfield, Ohio, 45501-6723.

INTERROGATORY NO. 9

Please identify all of your employees and independent contractors that worked for you with regards to business between you and the Plaintiff.

ANSWER NO. 9

Pauline Boyle, Underwriter, MPIUA

Danny Lam, Field Underwriter, MPIUA

Simone Mak, Field Underwriter, MPIUA

Bryan Sibbett, Customer Service Rep., MPIUA

Julie Liley, Senior Underwriter, MPIUA

Stacy Burns, Customer Service Rep., MPIUA

Tajudeen Badmus, Field Underwriter, MPIUA

Joseph Frissora, Customer Service Rep., MPIUA

Jennifer DeAngeles, Customer Service Rep., MPIUA

INTERROGATORY NO. 10

Please describe the business relationship you had with the defendant, One Call Insurance Agency, Incorporated, from January 1, 1999 through July 21, 2004, the date the Plaintiff commenced the above-captioned action.

ANSWER NO. 10

MPIUA did not have a business relationship with One Call Ins. Agency.

INTERROGATORY NO. 11

Please identify all documents that relate to your business relationship with the defendant, One Call Insurance Agency, Incorporated, as they relate to the Plaintiff.

ANSWER NO. 11

None.

INTERROGATORY NO. 12

Please identify all notices you provided to Ocwen Federal Bank, FSB and/or Ocwen Financial Corporation relative to any and all insurance policies on the Property. In addition to the identifying information requested in Paragraph 3(b) of the "Definitions" section above, please provide the dates that you sent the respective notices to Ocwen Federal Bank, FSB and/or Ocwen Financial Corporation.

ANSWER NO. 12

No notices were sent to Ocwen Federal Bank by MPIUA. MPIUA sent a letter dated 02/12/2004 to Ocwen Federal Bank, returning a check dated 02/6/2004.

INTERROGATORY NO. 13

Please identify all of your communications with the Plaintiff relative to the Property, including without limitation all insurance policies and any and notices regarding renewals of insurance policies.

ANSWER NO. 13

See Answer No. 8.

INTERROGATORY NO. 14

Please identify all of your communications with any third parties relative to the Property, including without limitation all insurance policies and any and notices regarding renewals of insurance policies.

ANSWER NO. 14

I do not understand this interrogatory.

INTERROGATORY NO. 15

Please describe the facts and circumstances regarding your efforts to originate or facilitate the origination of the Policy, including without limitation any, communications you had with the Plaintiff or with defendants Ocwen Federal Bank, FSB and/or Ocwen Financial Corporation.

ANSWER NO. 15

See Answer No. 8.

INTERROGATORY NO. 16

Please describe the facts and circumstances regarding your efforts to renew or facilitate the renewal of the Policy for any policy period prior to January 8, 2004, including without limitation any communications you had with the Plaintiff or with defendants Ocwen Federal Bank, FSB and/or Ocwen Financial Corporation.

ANSWER NO. 16

The Renewal offer was sent to the Plaintiff and One Call Ins. Agency.

INTERROGATORY NO. 17

Please describe the facts and circumstances regarding your efforts to renew or facilitate the renewal of the Policy for the period after January 8, 2004, including without limitation any communications you had with the Plaintiff or with defendants Ocwen Federal Bank, FSB and/or Ocwen Financial Corporation.

ANSWER NO. 17

See Answer No. 16.

INTERROGATORY NO. 18

Please describe what actions you required the Plaintiff to take to renew the Policy before it expired on January 8, 2004 and what actions, if any, the Plaintiff took to renew the Policy before it expired on January 8, 2004.

ANSWER NO. 18

MPIUA required the Plaintiff to make payment to the MPIUA with a minimum payment due $476.50 and an annual premium due $1,906.00. Payment must be received on or before the expiration date of 01/08/2004.

No action was taken by the Plaintiff prior to January 8, 2004.

INTERROGATORY NO. 19

Please describe what actions you required any party other than the Plaintiff to take to renew the Policy before it expired on January 8, 2004 and what actions, if any, any party other than the Plaintiff took to renew the Policy before it expired on January 8, 2004.

ANSWER NO. 19

None.

INTERROGATORY NO. 20

Please describe any requirement, if any, that you had - contractual or otherwise - to inform the Plaintiff and/or any third party that the Policy would expire on January 8, 2004.

ANSWER NO. 20

MPIUA mails Expiration Notifications to all policyholders and their producers attempting to notify 55-60 days in advance of the expiration date of the expiring policy.

INTERROGATORY NO. 21

Please explain why the Policy shows a mailing address for Ocwen Federal Bank, FSB at "88 Willis St, New Bedford, MA 02740."

ANSWER NO. 21

That was the address supplied to Massachusetts Property Insurance Underwriting Association.

INTERROGATORY NO. 22

Please identify all documents and all communications you directed to 88 Willis Street, New Bedford, Massachusetts 02740 regarding the Policy.

ANSWER NO. 22

None.

INTERROGATORY NO. 23

Please identify each person whom you intend to call as a witness at trial.

ANSWER NO. 23

As discovery is on going, this answer will be supplemented in a timely manner.

INTERROGATORY NO. 24

For each and every person whom you expect to call as an expert witness at trial, please state the following:

    a.    the identity of each such expert by giving his/her name, address, specialty, and professional education and experience;

    b.    the subject matter on which each expert is expected to testify;

    c.    the substance of the facts and opinions to which each such expert is expected to testify; and

    d.    the summary of grounds for each such opinion.

ANSWER NO. 24

Defendant has not identified any expert witnesses at this point. Defendant reserves the right to supplement the answer and recognizes its obligation to supplement in a timely manner.

Signed under the pains and penalties of perjury this 16TH day of June, 2006.

Joseph Tragno
Underwriting Manager
Massachusetts Property Insurance
Underwriting Association

As to Objections

Michael W. Reilly, Esq.