UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN CHARLES,<br>    Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK FSB;<br>OCWEN FINANCIAL CORPORATION;<br>MASSACHSUETTS PROPERTY<br>INSURANCE UNDERWRITERS<br>ASSOCIATION; and ONE CALL<br>INSURANCE AGENCY, INCORPORATED,<br><br>    Defendants. | CIVIL ACTION NO. 04-11625-RWZ |

**AFFIDAVIT OF CHOMIE NEIL**

I, Chomie Neil, hereby declare under oath as follows:

1.    I have personal knowledge of the facts set forth herein and, if sworn to testify, could competently testify thereto.

2.    Since 1998, I have been employed by Ocwen Loan Servicing, LLC or its predecessor, Ocwen Federal Bank, FSB. Since 2004, I have been a Senior Loan Analyst. Part of my job involves having knowledge of Ocwen's records.

3.    According to Ocwen's records, the plaintiff, Joan Charles ("Charles") is the obligee of a note secured by real property located at 14 Ditson Street, Boston, Massachusetts (the "Property").

4.    Ocwen is both holder of the note and mortgagee of the Property, having been assigned both by New Century Mortgage, Inc. on January 7, 2002.

5.    Ocwen received mortgage payments from Charles, and escrowed a portion of the funds received for the payment of hazard insurance premiums.

6. Prior to the transaction which gave rise to the mortgage, Charles had obtained hazard insurance for the Property, through Massachusetts Property Insurance Underwriters Association, which remained in effect until January 7, 2004.

7. However, during the period after January 2003 and January 7, 2004, Ocwen never received written verification of renewal, notice indicating that that a premium payment was due, the name of the insurance carrier or the amount of the insurance premium for the period following January 7, 2004.

8. The address of 88 Willis Street in New Bedford, Massachusetts has never been the mailing address for Ocwen.

9. Ocwen first became aware that the hazard insurance policy had expired after being contacted by Charles after the fire occurred in February 2004.

10. After being notified of the expiration of the hazard insurance policy, Ocwen took steps to insure the Property by purchasing a forced placement hazard policy from Assurant.

11. It is the practice at Ocwen to await receipt of written notice of the amount of the premium and denotation of the specific carrier to which payment will be tendered prior to issuing and tendering a check for the hazard insurance premiums out of the escrow account.

12. Charles has not paid her monthly mortgage payment since January 14 2003, and as a result, Ocwen began foreclosure procedures as it is Ocwen's right under the Mortgage Deed.

13. Exhibit 2 is a true and correct copy of a Quitclaim Deed to 14 Ditson Street, Boston, Massachusetts.

14. Exhibit 4 is a true and correct copy of a mortgage deed to 14 Ditson Street in favor of Ocwen.

{00093223.DOC}

14. <u>Exhibit 4</u> is a true and correct copy of a mortgage deed to 14 Ditson Street in favor of Ocwen.

15. <u>Exhibit 5</u> is a true and correct copy of a notice of assignment from New Century Mortgage, Inc. to Ocwen Loan Servicing, LLC as Servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, Mortgage Pass-Through Certificates, Series 2002-HE1, dated January 7, 2002.

16. <u>Exhibit 6</u> is a true and correct copy of a Hazard Insurance Authorization and Requirements for 14 Ditson Street Boston, Massachusetts executed by Joan Charles.

**Signed under the pains and penalties of perjury this 28th day of September 2006.**

_____
Chomie Neil

{00093556.DOC}