# EXHIBIT 5


**NEW CENTURY MORTGAGE CORPORATION**


OCWEN

JOAN CHARLES                                                  1/7/02

14 DITSON ST
BOSTON, MA  02122


Exhibit: 7
Witness: Charles
Date: 9·20·06
CM

New Century Loan Number: 0000556862

Re: NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS

Dear Sir or Madam:

The servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from your present servicer, **New Century Mortgage Corporation** ("New Century") to a new servicer, **Ocwen Federal Bank FSB** ("Ocwen"), effective **3/1/02** (the "Effective Date of Transfer"). Please be assured that this assignment, sale or transfer of servicing of the mortgage loan from **New Century** to **Ocwen** does not in any way affect any terms or conditions of your mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the Effective Date of Transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after the Effective Date of Transfer, or at closing. In this case, all information from your present and new servicers is combined in this one notice.

The date on which **Ocwen** will start accepting payments from you is **3/1/02**. Please send all payments due on or after **3/1/02** to **Ocwen** at the address shown on the coupon.

**New Century** will stop accepting payments from you as of **2/28/02**. **Ocwen** will be mailing you a monthly billing statement with a new loan number shortly. However, if you do not receive the billing statement prior to your first payment due date, please use the temporary payment coupon below and mail to the address on the coupon.

Additional services offered by **Ocwen** are:

Escrow:  If you have an escrow/impound account, **Ocwen** will review it annually. Your payment will then be adjusted to ensure that there will be sufficient funds to cover your taxes and/or insurance premiums when they are due.

Internal Revenue Reporting:  In January 2003 and each year thereafter, **Ocwen** will provide you with an interest statement for the payments you made on your loan on or after the Effective Date of Transfer. The statement will also reflect the amount disbursed for property taxes, if you have an escrow/impound account for payment of taxes. Your present servicer will provide you with the required IRS statement for activity, if any, on your loan prior to the Effective Date of Transfer.

Consumer Protection:  You should also be aware of the following information which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 USC 2605 et seq.)

*RE2281D (122101) mye 9322 Page 1 of 2*

C 0092

During the 60 day period following the Effective Date of Transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 20 business days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. Not later than 60 business days after receiving your request, your servicer must make any appropriate corrections to your account and must provide you with a written clarification regarding any dispute. During this 60 business day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A "Business Day" is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

Customer Service: If you have questions relating to the transfer of servicing from your present servicer, you may contact **New Century's** Loan Servicing Department at 1-800-561-4567, a toll free number, between 8:30 a.m. and 5:30 p.m. Pacific Time, Monday through Friday. If you have other questions relating to the transfer of servicing to your new servicer, you may contact **Ocwen's** Cusomer Service Department at 1-800-74-OCWEN, a toll free number, Monday through Thursday between 9:00 a.m. and 9:00 p.m. Eastern Standard Time and Friday between 9:00 a.m. and 6:30 p.m. Eastern Standard Time. Any correspondence to **Ocwen** should be sent to 12650 Ingenuity Drive, Attn: Research Dept., Orlando, FL 32826. Please refer to your loan number when contacting us in writing or by phone.

Ocwen is pleased to have you as our customer and look forward to servicing your mortgage banking needs.

_____ *Joan Charles* _____        _____
JOAN CHARLES

_____        _____

_____

## TEMPORARY PAYMENT COUPON

| 0000556862 | 3/1/02 | $2,406.27 | $ 277.22 | $2,683.49 |
|---|---|---|---|---|
| Loan Number | Payment Due Date | Payment Amount | Impound Payment | Total Payment |

| | | |
|---|---|---|
| JOAN CHARLES | Late Charge | $ |
| 14 DITSON ST | Total remittance | |
| BOSTON, MA  02122 | | |

Ocwen Federal Bank FSB
P.O. Box 514577
Los Angeles, CA 90051-4577

Assign,Sale,Transfer of Servicing Rights RE22B/2D (122101) mye Page 2

C 0093

# EXHIBIT 6

# HAZARD INSURANCE AUTHORIZATION AND REQUIREMENTS

NEW CENTURY MORTGAGE CORPORATION
800 WEST CUMMINGS PARK SUITE # 5550
WOBURN, MA 01801
Escrow Co: SAME AS TITLE

Date: January 7, 2002
Loan Number: 0000556862
Escrow Number:

Exhibit: 8
Witness: Charles
Date: 9.20.06
CM

Borrower's Name(s): JOAN CHARLES

Property Address: 14 DITSON STREET, BOSTON, MA 02122

Listed below are your Lender's policies and procedures, and minimum requirements, for the Hazard Insurance which must be provided covering the subject property.

1. Coverage must be in an amount at least equal to the replacement value of improvements on the property or the loan amount, whichever is less. If your loan program is a second/junior lien, coverage must be in an amount at least equal to the new loan amount plus the amount of all senior liens against the subject property.

2. The insurance company providing coverage must have a "B+" rating or better in the latest edition of "Best's Insurance Guide," must be licensed to do business in the state in which the property is located, and must be licensed to transact the lines of insurance required in this transaction.

3. Policy shall provide at least "Broad Form" coverage on properties of one to four units, and at least "Vandalism & Malicious Mischief" on properties with over four units, with no deviation. Homeowners policies must provide coverage equal to "HO2" form.

4. Policies must contain deductibles on any peril of NOT MORE THAN: $100.00 for loan of $50,000.00 or less; $250 for loans between $50,001.00 and $100,000.00; $500 for loans in excess of $100,000, and $1000 for loans of $1,000,000.00 or more.

5. Policy must provide coverage for a term of at least one year. Premiums may be paid on an annual installment basis only if the policy provides that the lender will be notified in writing of cancellation 30 days prior to expiration of coverage, for any cause.

6. If an existing policy is provided which will expire within six months from the date of the recording of the loan, said policy must be renewed for the required term as noted in #5 above.

7. All forms and endorsements pertaining to the Lender's requirements must appear on the "Declaration Page" of policy.

8. New policies must be accompanied by a signed "Broker of Record Authorization" if borrower(s) have changed Insurance Agents.

9. Verification of renewal of insurance policies must be in the Lender's office at least thirty days prior to the expiration date of the policy. If this requirement is not met, LENDER OR ITS SUCCESSORS OR ASSIGNS MAY AT THEIR OPTION, BUT WITHOUT THE OBLIGATION TO DO SO, PROVIDE COVERAGE TO REPLACE ANY EXPIRING POLICIES WHICH HAVE NOT BEEN PROPERLY RENEWED. The premium for such coverage will be remitted promptly by the undersigned, or Lender may charge borrower's account for the cost thereof.

10. Lender's Loss Payable Endorsement 438 BFU to be affixed to the policy in favor of:

    Ocwen Federal Bank FSB, Its Successors and/or Assigns
    P.O Box 57002
    Irvine, CA 92619-7002                    LOAN NO: 0000556862

11. The property address and the insured's names must be designated on the policy exactly as the ALTA Title Policy or CLTA Title Policy (whichever is issued).

12. The Lender's loan number must appear on the policy and on any subsequent endorsements.

13. The effective date of new policies, endorsements, and/or assignments shall be as of or prior to, the date of recording of this loan.

14. Please notify your agent to forward future premium notices directly to you, unless you have an impound account for payment of taxes and insurance.

15. If the security property is a condominium, the Master Policy must contain a minimum of $1,000,000 coverage for "Directors & Officers" liability. A copy of the Master Policy, or a certificate showing proof of coverage for both the Homeowners Association and the Condominium unit owner, must be submitted to the Lender prior to funding. A $1000.00 deductible is acceptable for condominiums.

16. Windstorm/Hurricane Insurance is required coverage in high risk areas. It is usually included in the homeowner policy, but may be excluded in the states of Hawaii, coastal areas of Florida and the Gulf, where a separate policy is written. If it isn't included in the homeowner policy, we will require a separate Windstorm policy.

AN ACCEPTABLE POLICY, WITH ENDORSEMENTS AND/OR ASSIGNMENTS, MUST BE FORWARDED TO AND RECEIVED BY THE LENDER BEFORE THIS LOAN CAN BE FUNDED; OTHERWISE, THE LENDER MAY BE FORCED TO PLACE INTERIM COVERAGE ON THE PROPERTY AT AN ADDITIONAL COST TO THE BORROWER(S). IN THE EVENT VALID PROOF OF INSURANCE IS NOT RECEIVED, AN INSURANCE POLICY WILL BE FORCE PLACED THROUGH FIDELITY & DEPOSIT. THE AGENT OF RECORD WILL BE ZC STERLING INSURANCE AGENCY, INC., AN AFFILIATE OF OCWEN FEDERAL BANK FSB.

Each of the undersigned acknowledges that he or she has read and understands the foregoing provisions and insurance requirements. This authorization will remain irrevocable for the undersigned as owner(s) of the subject property, and or any assignees, for as long as this loan remains on the subject property.

_Joan Charles_
JOAN CHARLES                                                        C 0164

# EXHIBIT 7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN CHARLES,<br>    Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK FSB;<br>OCWEN FINANCIAL CORPORATION;<br>MASSACHSUETTS PROPERTY<br>INSURANCE UNDERWRITERS<br>ASSOCIATION; and ONE CALL<br>INSURANCE AGENCY, INCORPORATED,<br><br>    Defendants. | CIVIL ACTION NO. 04-11625-RWZ |

## **AFFIDAVIT OF CHOMIE NEIL**

I, Chomie Neil, hereby declare under oath as follows:

1. I have personal knowledge of the facts set forth herein and, if sworn to testify, could competently testify thereto.

2. Since 1998, I have been employed by Ocwen Loan Servicing, LLC or its predecessor, Ocwen Federal Bank, FSB. Since 2004, I have been a Senior Loan Analyst. Part of my job involves having knowledge of Ocwen's records.

3. According to Ocwen's records, the plaintiff, Joan Charles ("Charles") is the obligee of a note secured by real property located at 14 Ditson Street, Boston, Massachusetts (the "Property").

4. Ocwen is both holder of the note and mortgagee of the Property, having been assigned both by New Century Mortgage, Inc. on January 7, 2002.

5. Ocwen received mortgage payments from Charles, and escrowed a portion of the funds received for the payment of hazard insurance premiums.

{00093223.DOC}

6. Prior to the transaction which gave rise to the mortgage, Charles had obtained hazard insurance for the Property, through Massachusetts Property Insurance Underwriters Association, which remained in effect until January 7, 2004.

7. However, during the period after January 2003 and January 7, 2004, Ocwen never received written verification of renewal, notice indicating that that a premium payment was due, the name of the insurance carrier or the amount of the insurance premium for the period following January 7, 2004.

8. The address of 88 Willis Street in New Bedford, Massachusetts has never been the mailing address for Ocwen.

9. Ocwen first became aware that the hazard insurance policy had expired after being contacted by Charles after the fire occurred in February 2004.

10. After being notified of the expiration of the hazard insurance policy, Ocwen took steps to insure the Property by purchasing a forced placement hazard policy from Assurant.

11. It is the practice at Ocwen to await receipt of written notice of the amount of the premium and denotation of the specific carrier to which payment will be tendered prior to issuing and tendering a check for the hazard insurance premiums out of the escrow account.

12. Charles has not paid her monthly mortgage payment since January 14 2003, and as a result, Ocwen began foreclosure procedures as it is Ocwen's right under the Mortgage Deed.

13. <u>Exhibit 2</u> is a true and correct copy of a Quitclaim Deed to 14 Ditson Street, Boston, Massachusetts.

14. <u>Exhibit 4</u> is a true and correct copy of a mortgage deed to 14 Ditson Street in favor of Ocwen.

14. <u>Exhibit 4</u> is a true and correct copy of a mortgage deed to 14 Ditson Street in favor of Ocwen.

15. <u>Exhibit 5</u> is a true and correct copy of a notice of assignment from New Century Mortgage, Inc. to Ocwen Loan Servicing, LLC as Servicer for Deutsche Bank National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital Trust 2002-HE1, Mortgage Pass-Through Certificates, Series 2002-HE1, dated January 7, 2002.

16. <u>Exhibit 6</u> is a true and correct copy of a Hazard Insurance Authorization and Requirements for 14 Ditson Street Boston, Massachusetts executed by Joan Charles.

**Signed under the pains and penalties of perjury this 28th day of September 2006.**

_____
Chomie Neil

{00093556.DOC}