UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:  04-11625 RWZ

|  |  |
|---|---|
| JOAN CHARLES, | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| OCWEN FEDERAL BANK, OCWEN FINANCIAL CORPORATION, MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION and ONE CALL INSURANCE AGENCY, INC., | ) |
| Defendants, | ) |
|  | ) |

**MOTION TO QUASH DEPOSITION**

Now comes the Defendant Massachusetts Property Insurance Underwriting Association (MPIUA) and moves this Court to quash the deposition scheduled for 2:00 p.m. on Friday, October 13, 2006. In support thereof, the Defendant says that the discovery deadline has long passed. The Defendants have filed Motions for Summary Judgment. Scheduling three depositions after filing of Motions for Summary Judgment when the Court has gone out of its way to allow parties to complete all discovery prior to filing Summary Judgments is inappropriate and unfair.

1. Defendant MPIUA was served this Complaint in August of 2004. In February of 2005, the Court ordered initial discovery to be made by the parties. In April of 2005, the Court ordered the parties to go forward on all necessary depositions and report back in June on the status of the case. In August of 2005, Plaintiff indicated that she was referring the matter for reference.

2. In May of 2006, the Court held a further scheduling conference and ordered Plaintiff's Summary Judgment Motions to be filed on or before June 1, 2006. Defendant, Ocwen Bank, indicated at that hearing that it needed to depose Plaintiff, Joan Charles, prior to responding to Summary Judgment. Plaintiff at no time indicated any need to take depositions of Defendant MPIUA. The Court continued the time for the Defendant to file oppositions to Motion for Summary Judgment based upon the necessity to depose Plaintiff, Joan Charles on June 20, 2006, July 28, 2006 and September 13, 2006. Ms. Charles was deposed on September 20, 2006.

3. On September 28, 2006, Defendants filed various Summary Judgment Motions against the Plaintiff.

4. What is striking is that over the two years this case has been pending before this Court, the Plaintiff has never sent any discovery to the Defendant, MPIUA. No interrogatories or Document Request has been served by the Plaintiff on MPIUA.

5. This Court has held at least five scheduling conferences with counsel on this case. At each conference, the Court has asked the Plaintiff's counsel what discovery remains to be done. Counsel has never indicated at any of those scheduling conferences his intention to depose MPIUA.

6. At this point, long after the discovery deadline has ended, long after the Court has repeatedly extended the time for Summary Judgments and six days before responses to

Summary Judgments are due, is not appropriate or fair for the Plaintiff, for the first time, to begin depositions. It should be noted that Plaintiff has also marked two other depositions long after the end of discovery, which the Defendant understands will be subject to separate Motions to Quash.

Wherefore, the Defendant MPIUA moves this Court to quash the deposition subpoena for the deposition of MPIUA for 2:00 p.m. on October 13, 2006.

Respectfully submitted,
By my attorney,

/s/ Michael W. Reilly

Michael W. Reilly, Esq.
Tommasino & Tommasino
2 Center Plaza
Boston, MA   02108
(617) 723-1720
MA BBO# 415900