UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
JOAN CHARLES,                           \*
    Plaintiff,                          \*
vs.                                     \*      CIVIL ACTION
                                        \*      No. 04-11625RWZ
OCWEN FEDERAL BANK, FSB;                \*
OCWEN FINANCIAL CORPORATION;            \*
MASSACHUSETTS PROPERTY                  \*
INSURANCE UNDERWRITING                  \*
ASSOCIATION; and                        \*
ONE CALL INSURANCE AGENCY,              \*
INCORPORATED,                           \*
    Defendants.                         \*
                                        \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT ONE CALL'S MOTION TO QUASH DEPOSITION

    Now comes the Defendant One Call Insurance Agency ("One Call") and moves this Court to quash the deposition notice directed to Mr. Harold Salant (the principal of One Call) by plaintiff's counsel on October 6th, purporting to schedule Mr. Salant's deposition for 10:00 a.m. on Friday, October 13, 2006.

    In support hereof, One Call says that the discovery deadline has long passed, and the current notice is in express contravention of plaintiff's own representations to the court at the May 17, 2006 status conference in which all further steps for this case were specifically discussed and agreed.   In the wake of conducting certain agreed discovery, the parties filed their respective summary judgment motions, which are now pending.   Scheduling three depositions after filing of Motions for Summary Judgment when the Court has gone out of its way to allow parties to complete all discovery prior to filing Summary Judgments is inappropriate and unfair.

    In further support hereof, One Call states:

1.      Defendant One Call was served with this Complaint in August of 2004.  In February of 2005, the Court ordered initial discovery to be made by the parties.  On February 8, 2005, Plaintiff served the Defendant, One Call, with a Notice of Taking Deposition scheduled for February 23, 2005.  The deposition was cancelled by agreement.  In April 2005, plaintiff's counsel represented to the court that he still intended to depose a representative of One Call, as well as other parties.  At that time, the Court ordered the parties to go

forward on all necessary depositions and report back in June on the status of the case. Despite his prior representations, plaintiff never took any steps to proceed with the depositions he outlined. Rather, at the June 2005 conference, plaintiff's counsel indicated that other available insurance for plaintiff's claim had been located, a reference proceeding was possible (which might in turn obviate the claims against the Fair Plan and One Call), and he did not express any intention to take any discovery from One Call. From the June 2005 status conference until October, 2006, the plaintiff never indicated any further intent to depose One Call. (Plaintiff did send interrogatories to One Call, which One Call answered a long time ago.)

2. In May of 2006, the Court held a further scheduling conference and ordered Plaintiff's Summary Judgment Motion to be filed on or before June 1, 2006. Defendant, Ocwen Bank, indicated at that hearing that it needed to depose Plaintiff, Joan Charles, prior to responding to Summary Judgment. The court ordered that this one deposition be completed before June 1st. Plaintiff at no time indicated any need to take any depositions. Indeed, at the May 2006 conference, plaintiff's counsel represented to the court that he intended to serve a summary judgment motion as to liability against codefendant Ocwen, and that if successful he would *voluntarily dismiss both One Call and the Fair Plan*. After the plaintiff failed to produce documents, the Court continued the time for the Defendant to file oppositions to Motion for Summary Judgment based upon that outstanding discovery and the need to depose Plaintiff, Joan Charles, on June 20, 2006, July 28, 2006 and September 13, 2006. Ms. Charles was deposed on September 20, 2006.

3. In accordance with the amended scheduling order for the case[1], on September 28, 2006, Defendants filed various Summary Judgment Motions against the Plaintiff.

4. At this point, long after the discovery deadline has ended, long after the Court has repeatedly extended the time for Summary Judgments and six days before responses to Summary Judgments are due, it is not appropriate or fair for the Plaintiff to try to proceed with a deposition of One Call which he, in effect, waived by June of 2005. It should be noted that Plaintiff has also marked two other depositions long after the end of discovery, (of defendants Fair Plan and Ocwen) which the Defendant understands will also be subject to separate Motions to Quash.

WHEREFORE, the Defendant, One Call, moves this Court to quash the deposition

---

[1] The electronic notice from the court stated as follows:

"Docket Text: Judge Rya W. Zobel : endorsed ORDER entered granting [40] Motion for Extension of Time; opposition 9/28/06 for summary judgment; 10/19/06 for oppositions to cross motions; 10/26/06 for replies; Motion Hearing set for 11/9/2006 02:00 PM in Courtroom 12 before Judge Rya W. Zobel. There will be no more extensions. (Urso, Lisa)"

subpoena for the deposition of One Call ostensibly scheduled for 10:00 a.m. on October 13, 2006 (or any other time).

>ONE CALL INSURANCE AGENCY, INC.
>By its attorney,
>
>/s/ William D. Chapman
>William D. Chapman
>BBO #551261
>MELICK, PORTER & SHEA, LLP
>28 State Street
>Boston, MA 02109-1775
>(617) 523-6200

Date: October 11, 2006

## CERTIFICATE OF SERVICE

I, William D. Chapman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

>/s/ William D. Chapman
>William D. Chapman

Dated: October 11, 2006