UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *Joan Charles*, </br>      *Plaintiff*, </br> </br> *v.* </br> </br> *Ocwen Federal Bank, FSB;* </br> *Ocwen Financial Corporation;* </br> *Massachusetts Property Insurance* </br> *Underwriting Association and One Call* </br> *Insurance Agency, Inc.* </br>      *Defendants.* | C.A. No. 04-11625-RWZ |

**PLAINTIFF, JOAN CHARLES', OPPOSITION TO MOTION OF ONE CALL INSURANCE AGENCY, INC. AND MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION'S (AND WHEN / IF FILED TO MOTION OF OCWEN LOAN SERVICING, LLC) TO QUASH DEPOSITION NOTICES**

NOW COMES the plaintiff in this action, Joan Charles (hereinafter "Plaintiff"), by and through her counsel, James Hoyt, Portnoy & Greene, P.C., and hereby opposes the Motions of defendants One Call Insurance Agency, Inc.("One Call") and Massachusetts Property Insurance Underwriting Association ("MPIUA"), and prospectively opposes the expected Motion of Ocwen Loan Servicing, LLC, successor to Ocwen Federal Bank, FSB, et al. ("Ocwen"), to quash depositions noticed by Plaintiff.

In support thereof, Plaintiff states as follows:

Defendants' motions to quash are ironic and border on hypocritical. Defendants have claimed verbally and in their pleadings that it is unfair or improper to conduct discovery after the summary judgment record has been completed, and yet all three defendants participated in the deposition of Plaintiff on September 20, 2004 over the objections of Plaintiff on these very same grounds. Defendants claim as additional grounds to quash the "undisputed" existence of insurance to cover Plaintiff's loss. As the Plaintiff has yet to receive any insurance proceeds, has

been flatly told by MPIUA that there is no MPIUA coverage and has further been told by Ocwen's "forced placement" insurance company Assurant Group ("Assurant") that they will await the result of the instant legal action prior to determining coverage, Plaintiff suggests that the existence of insurance coverage is very much in dispute.

Plaintiff further states that the original discovery deadline (3/18/05) claimed by Defendants to have passed was in fact a preliminary schedule which was discussed and modified at the various scheduling conferences held in this matter. It was explicitly modified by the Court's order of 4/19/2005 ("go forward with depositions") and implicitly modified by the Court's granting Plaintiff's Motion to Amend, the Court's granting Ocwen's more recent Motions to Extend Deadlines (in order to conduct discovery) and by the very dealings and representations to the Court regarding the intentions of the parties to put extensive discovery off pending determination of whether insurance was in fact available.

Over Plaintiff's objection, Plaintiff was noticed and deposed in between the scheduled submission of Plaintiff's Motion for Summary Judgment and the scheduled submission by Defendants of their oppositions and cross motions. Now Defendants are objecting to the depositions of their clients in between their submissions and Plaintiff's scheduled response. To label this as simply ironic would be kind.

As far as Attorney Riley's conflict, Plaintiff notes that Attorney Riley had other counsel attend Plaintiff's deposition and examine Plaintiff, a task clearly more involved than simply attending the deposition of one's client.

WHEREFORE, Plaintiff requests that this Honorable Court deny Defendants' Motions to Quash Depositions.

                                        Respectfully Submitted,
                                        The Plaintiff,
                                        Joan Charles,
                                        By her Attorney,

                                        _____s/ James Hoyt_____
                                        James Hoyt (BBO # 644651)
                                        Portnoy & Greene, P.C.
                                        Attorney for Plaintiff
                                        687 Highland Ave.
                                        Needham, MA 02494
Dated: October 12, 2006                (781) 644-6050

## CERTIFICATE OF SERVICE

      I, James Hoyt, hereby certify that a copy of the forgoing Opposition was served June 19, 2006 via the Court's ECF system to:

William B. Chapman
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109-1775

Michael W. Reilly
Tommasino & Tommasino
2 Center Plaza
Boston, MA 02108

Paul Michienzie
Michienzie & Sawin, LLC
745 Boylston Street, 5th Floor
Boston, MA 02114

                                        _____s/ James Hoyt_____
                                        James Hoyt