UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN CHARLES,<br>    Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK FSB, OCWEN FINANCIAL CORPORATION, MASSACHUSETTS PROPERTY INSURANCE UNDERWRITERS ASSOCIATION, and ONE CALL INSURANCE AGENCY, INCORPORATED,<br>    Defendants. | CIVIL ACTION NO. 04-11625-RWZ |

**MEMORANDUM IN SUPPORT OF THE DEFENDANTS, OCWEN LOAN SERVICING, LLC AS SUCCESSOR-IN-INTEREST TO OCWEN FEDERAL BANK, FSB AND OCWEN FINANCIAL CORPORATION'S EMERGENCY MOTION FOR PROTECTIVE ORDER**

Pursuant to L.R. 37.1, the defendants, Ocwen Loan Servicing, LLC as successor-in-interest to Ocwen Federal Bank, FSB and Ocwen Financial Corporation (collectively, "Ocwen") respectfully submit this Memorandum in Support of Ocwen's Emergency Motion for Protective Order.

**I.  Introduction**

The Plaintiff has served upon Ocwen a notice of deposition for October 17, 2006. [Attached as Exhibit "A"]. This deposition is in clear violation of the discovery deadlines and the July 28, 2006 Scheduling Order, and is sought at a time when the summary judgment record has already been established. As such, this Court should preclude the Plaintiff from taking this deposition.

{00094513.DOC}

## II.   Background

The plaintiff, Joan Charles ( the "Plaintiff" or "Charles") commenced this action seeking damages against Ocwen and others for the purported failure to ensure that the hazard insurance coverage for her property was maintained. The original complaint, filed on July 21, 2004, was subsequently amended on March 17, 2005. On May 12, 2006, pursuant to Fed. R. Civ. P. 26, 33 and 34, Ocwen served interrogatories and requests for documents on the Plaintiff, seeking to discover information relating to the basis of the Plaintiff's claims against Ocwen. On May 22, 2006, the Court entered a scheduling order in which the Court set the following deadlines;

Motions due by 6/1/2006;

Oppositions and any cross motions by 6/22/06;

Plaintiff's opposition 7/13/06;

Reply of no more than 5 pages by 6/27/06;

Motion Hearing on 8/8/06

On June 1, 2006, Charles filed a motion for summary judgment. At the time Charles filed the motion, she had yet to respond to Ocwen's discovery requests. On June 16, 2006, after various attempts by Ocwen's counsel to ensure compliance with the discovery requests, and to take a deposition of Charles, Ocwen moved to extend the deadlines established by the Court on May 22, 2006. This motion was granted, and the Court gave the defendants until July 6, 2006 to file their oppositions and to give Charles the opportunity to respond to the discovery and to appear for a deposition. In response to the Court's order, Ocwen rescheduled the deposition of Charles for June 30, 2006.

However, by June 29, 2006, although Charles had technically "answered" Ocwen's interrogatories in largely unresponsive manner, Charles had yet to provide *any* response to Ocwen's document request. The delay severely limited Ocwen's ability to prepare for the deposition. In light of Charles continuing failure to timely comply with the discovery requests, the parties agreed to reschedule the deposition, and jointly moved the Court to extend all deadlines for an additional eight weeks. On July 28, 2006, the Court entered a new Scheduling Order granting the motion and setting the following deadlines:

Opposition 9/28/06 for summary judgment;

10/19/06 for oppositions to cross motions;

10/26/06 for replies;

Motion Hearing set for 11/9/2006

In its Order, the Court expressly stated that there would be no further extensions. Shortly thereafter, Charles provided a response to Ocwen's document request. Ocwen initially scheduled the deposition of Charles for July 27, 2006 but rescheduled the deposition at the Plaintiff's attorney's request. Charles eventually appeared for her deposition on September 20, 2006. On September 28, 2006, Ocwen filed its Motion for Summary Judgment and Opposition. On October 7, 2006, Charles served a notice of deposition of Ocwen Federal Bank, FSB for October 17, 2006. On October 11, 2006, the undersigned participated in a discovery conference regarding the notice of deposition with the Plaintiff's counsel via telephone. No agreement was reached between counsel, and the Plaintiff's counsel, Mr. Hoyt expressed his intention to go forward with the deposition on the date of the notice.

{00094513.DOC}

### III. Legal Standard

A party who violates a scheduling or pretrial order is subject to the entry of a protective order under Fed. R. Civ. P. 37(b). Fed. R. Civ. P. 16(f). Federal court has broad discretion in fashioning appropriate sanctions under Rule 16 for failure to comply with pretrial orders of court. *Lindsey v. U.S.*, 693 F. Supp. 1012 (W.D. Okla. 1988). A court may enter any such order as are just, including requiring the offending party to pay the reasonable expenses incurred because of the non-compliance. Rule 16(f).

### IV. Argument

The Court could not have been clearer in its July 28, 2006 Scheduling Order. The pretrial deadlines were extended for 8 weeks, with *no further extensions*. (emphasis added). The Plaintiff cannot provide any valid reason why, after receiving response to Ocwen's discovery back in March of 2006, and after the pretrial deadlines were extended various times over a period of 4 months, she is entitled to take depositions now. The Plaintiff's conduct is especially egregious in light of the fact the much of the delay has been due to her failure to timely respond to Ocwen's discovery requests.

The Plaintiff's attempt appears to be calculated to gain strategic advantage by supplementing the summary judgment record after all of the defendants have filed their oppositions and cross-motions for summary judgment, thereby depriving said parties the ability to respond This is not a valid basis to violate the Scheduling Order. Such action gives an unfair advantage to the Plaintiff.

The Plaintiff's position is in part due to an honest belief that because Ocwen was allowed to take the Plaintiff's deposition after the Plaintiff filed her motion for summary judgment, the Plaintiff is entitled to the same. This ignores the fact that much of the

{00094513.DOC}

delay was caused by the Plaintiff's unresponsiveness to discovery. In addition, because the Plaintiff's motion for summary judgment does not allege *any* facts, any subsequent depositions could not serve to factually contradict the Plaintiff's motion, but only to support Ocwen's cross-motion, to which the Plaintiff continues to have an opportunity to repond. As such, unlike the untimely deposition the Plaintiff now seeks to take, no prejudice could flow from Ocwen's deposition of the Plaintiff. More importantly, the Rules of Civil Procedure do not contemplate this "tit for tat" theory of judicial process. *See Polaroid Corp. v. Casselman*, 213 F. Supp 379, 381 (D.C. N.Y. 1962) ("Law suit not a game, but a search for the truth"). The only relevant factors are whether the process ensures the just, speedy and inexpensive determination of the case at bar. *See* Fed. R. Civ. P. 1. Allowing such brazen disregard of the Scheduling Order surely does not promote these goals.

The Plaintiff has slept on her rights to take additional discovery. Although counsel for Ocwen announced its intention to take the Plaintiff's deposition back in May 2006 and served notice in June 2006, Plaintiff took no action to protest or otherwise petition the Court to preclude the deposition, and made no attempts to take the depositions she now seeks. The Plaintiff waited 4 months later, until all of the Rule 56 papers were filed, and the scheduling deadlines expired, to seek to depose Ocwen and the other named parties in this case. This court should not endorse the Plaintiff's flagrant and calculating disregard for the Scheduling Order.

## V. Conclusion

Based on the foregoing, Ocwen respectfully requests this Honorable Court to enter an order precluding any further discovery in this matter to include the deposition of

Ocwen in this matter, and requiring the Plaintiff to pay Ocwen's reasonable fees incurred in filing this motion.

          Respectfully submitted by,

          **DEFENDANTS OCWEN LOAN SERVICING, LLC AS SUCCESSOR-IN-INTEREST TO OCWEN FEDERAL BANK FSB AND OCWEN FINANCIAL CORPORATION**

          By their attorneys,

          /s/ Christopher J. DeCosta
          Paul Michienzie, Esq. - BBO #548701
          Christopher J. DeCosta, Esq. – BBO #657527
          Michienzie & Sawin LLC
          745 Boylston Street, 5th Floor
          Boston, MA 02116

Dated: October 12, 2006

## CERTIFICATE OF SERVICE

I, Christopher J. DeCosta, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by U.S. mail, first class, postage pre-paid on October 12, 2006.

/s/ Christopher DeCosta
Christopher J. DeCosta

# EXHIBIT A

UNITED STATES DISTRICT COURT
**DISTRICT OF MASSACHUSETTS**

Civil Action No. 04-11625-RWZ

| | |
|---|---|
| Joan Charles,<br>    Plaintiff, | )<br>)<br>)<br>)<br>) |
| Ocwen Federal Bank, FSB;<br>Ocwen Financial Corporation;<br>Massachusetts Property Insurance<br>Underwriting Association;<br>and One Call Insurance Agency,<br>Incorporated,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF TAKING DEPOSITION

TO:    Paul Michienzie
         Richard C. Demerle
         Michienzie & Sawin, LLC
         745 Boylston Street, 5th Floor
         Boston, MA 02114

    PLEASE TAKE NOTICE that on October 17, 2006 at 10:00am at plaintiff, Joan Charles, by her attorney will take the deposition upon oral examination of Person with Most Knowledge, as to the facts and circumstances described in Plaintiff's Complaint, OCWEN FEDERAL BANK, FSB to testify with respect to the subject matters relative to the above-captioned case pursuant to Massachusetts Rules of Civil Procedure, before an officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.
    You are invited to attend and cross examine.

Plaintiff, Joan Charles, by her attorney,

James E. Hoyt
Portnoy & Greene, P.C.
687 Highland Avenue
Needham, MA 02494
(781) 449-6050
BBO No.: 644651

Dated: October 5, 2006

## CERTIFICATE OF SERVICE

I, James Hoyt, hereby certify that a true copy of the above document was sent to the following persons this 5th day of October, 2006, by facsimile and U.S. Mail, postage prepaid.

William B. Chapman
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109-1775

Michael W. Reilly
Tommasino & Tommasino
2 Center Plaza
Boston, MA 02108

Paul Michienzie
Richard C. Demerle
Michienzie & Sawin, LLC
745 Boylston Street, 5th Floor
Boston, MA 02114

_____
James E. Hoyt