# EXHIBIT A



**ASSURANT**

Specialty
Property

June 14, 2006

260 Interstate N. Circle, SE
Atlanta, GA 30339-2210
T 770.763.1712
F 301.971.1663
www.assurant.com

James Hoyt
Portnoy and Greene, P.C.
687 Highland Ave
Needham, MA 02494

RE:    Named Insured     : Ocwen Loan Servicing
        Additional Insured   : Joan Charles
        Property Address   : 14 Ditson Street, Dorchester, MA 02122-1406
        Policy #           : ALR089903000
        Loan #           : 100840636
        Date of Loss      : 2/1/04
        Claim #          : 00100291021
        Cause of Loss    : Fire

We are in receipt of your June 5, 2006 letter concerning the above referenced fire claim. There have been numerous people involved in this claim including but not limited to the Adjuster's from Cunningham Lindsey, the Public Adjuster Mark Petrocelli, R. M. Mancuso & Associates, Ocwen Loan Servicing Attorney Richard C. Demerle and yourself. All of which have been attempting to come to an agreement on the amount of damage to the above referenced property.

Mr. Petrocelli provided an estimate in the amount of $561,805.99, given the vast difference between the Cunningham Lindsey Adjuster's original estimate and the estimate from Mr. Petrocelli, it was agreed that a General Contractor should inspect and provide their estimate; therefore, R. M. Mancuso & Associates were hired.

We did receive an estimate from Mr. Mancuso in the amount of $315.695.29, however Mr. Petrocelli did not agree with the amount as he felt an out of date price base may have been used or various code upgrades may not have been taken into consideration. Mr. Petrocelli contacted Mr. Mancuso concerning these issues. Through our adjuster at Cunningham Lindsey, we received a supplement, written by Mr. Mancuso addressing the issues. The supplemental amount comes to $36,242.83.

We have also been in contact with Richard Demerle concerning the status of the pending court case. It is understood that there have been Motions for Summary Judgment filed with the Court concerning the fire claim. Our file will remain pending final ruling of the Summary Judgments before payment consideration can be made.

*Runan A. Belcher*

Runan A. Belcher
Claims Examiner
AMERICAN SECURITY INSURANCE COMPANY

cc:    Richard C. Demerle, Esq.
       Michienzie & Swain LLC
       745 Boylston Street
       Boston, MA 02116

This correspondence is written without prejudice to the parties herein involved and is not meant to be nor should it be considered to be a waiver of any of your rights or ours.

# EXHIBIT B

# PŎRTNOY AND GREENE, P.C.

197 FIRST AVENUE, SUITE 130                                   TELEPHONE: 781-444-8888
NEEDHAM, MA 02494                                             FACSIMILE: 781-444-3393


February 8, 2005


Paul Michienzie
Michienzie & Sawin, LLC
745 Boylston Street, 5th Floor
Boston, MA 02114


**RE:  Joan Charles v. Ocwen  Federal Bank, FSB et al**
**Case # 04-CV-11625-RWZ**

Dear Attorney Michienzie:

This letter is sent in response to your letter dated December 21, 2004.  I had hoped to respond sooner but as of December 23, 2004 I have been afflicted with various ailments culminating in surgery on January 21, 2005, from which I am just now getting caught up on prior business.

With regard to settlement, I will be quite frank.  It is my belief that ultimately your clients will be found to be responsible for the extensive damages suffered by my client.  As both myself and Attorney Barry Greene have stated in lengthy and detailed correspondence and demands made directly to your client (to which we have not received any offer of settlement), our client's demand is and has been that you fully indemnify her for *all* economic damages suffered by her including all costs and fees incurred, and further pay her a significant sum for the intangible damages and suffering directly attributable to your client's actions and in-actions, some of which can only be described as outrageous.

Once your client has agreed, in principle to this measure of damages as settlement, we can retain experts to appraise the cost of repairs to the house and calculate the remaining economic damages to date, as well as discuss a number that properly represents the less tangible damages suffered by my client.  Without retaining such an expert, all I can tell you is that my client has a burned out hulk of a three unit house, has lost and will lose, realistically, at least two years of rent on two of those units, has paid and will pay two years of rent for her own family, and has had numerous additional expenses directly related to the events related in her complaint.

In addition to the out of pocket damages, my client has suffered other harm such as repeatedly being charged with criminal violations of the building code, destruction of her credit, continued harassment by your clients for payment of her mortgage notice of foreclosure proceedings by your clients, being told by an agent of your client that the

house has already been foreclosed on, and the trespass on the property by agents of your client.

Having said all this, our best estimate of the economic damages ($750,000.00) was stated in our civil action cover sheet. If your client is anxious to put a number on the remaining damages now, I am sure that any reasonable suggestion as to what such number might be will be seriously considered by my client.

It is, I believe, the position of both MPIUA and One Call, that Ocwen is solely or primarily responsible for my client's damages. Unless some dramatic change in my understanding of the underlying facts of the case comes is put forward, I do not foresee, at least in the immediate future, substantive demands and offers of settlement with these other parties.

In your letter you refer to the scheduling conference. This conference, just to be clear, was not actually attended, in person, by a representative of Ocwen. If I remember correctly, the Judge's first words, when told of your non-appearance, were something to the effect of "Let's default them." Only by the gracious indulgence of the Court, my own cooperation and assent, and the significant efforts of the Clerk, was a phone conference set up and your default avoided. Also, during this phone conference, while the exact words used by the Judge escape me, I believe the other attendees would agree that the Judge informed Attorney Russman, on speaker phone, that unless something dramatic appeared in the initial disclosure documents, she expected Ocwen to make an offer of settlement shortly after such disclosure, telling attorney Russman something to the effect that "I will expect an offer from Ocwen." When attorney Russman equivocated, the Judge repeated herself to much the same effect. In any event,

While we are on the subject of Initial Disclosures, while it appears that you have filed something like a cover sheet with the Court, I have not, as yet, actually received any of the documents you identify as in your clients' custody or control or even a description of each such document. Please provide true copies of all such documents forthwith. These documents are long overdue and may go a long way to narrowing the issues and creating room for a negotiated settlement.

Also, your recitation of Local Rules reminds me that your clients have failed to provide their Corporate Disclosure Statements. Local Rule 7.3 states that a corporate party such as your clients "must" file such a statement upon their first appearance. As such, please also provide such disclosure statements forthwith.

Also, enclosed please find various pleadings, including a Motion to Amend the Complaint to include counts of trespass and a further count of intentional infliction of emotional distress against your client. Please consider this letter a request, under Local Rule 7.1 for your assent to such motion. As you will see from the amended pleadings, the actual counts are fairly straightforward. If you feel, other than obtaining your assent to such motion, that there is some other way that the issues raised in the motion might be,

in good faith, narrowed or resolved, please inform me of the same. Unless I hear from you in this regard by noon on Friday, February 11, 2005, I will file same with the Court.

Soon to follow will be several Keeper of Records Depositions, including one for a company called "Assurant Solutions." This entity appears to be an insurance company that is or was adjusting a claim for the subject property on behalf of your clients. Do your clients have insurance that would cover the fire loss? If so, is this something that should have been brought forth long ago? What the heck is going on?

Your client continues to act in a way which I can only think is either purposefully hurtful or completely thoughtless. How dare they break into this woman's house and tell her the property is already foreclosed? Are they bent on destroying her completely? I suggest that rather than lecturing me regarding the local rules and accusing me of distorting the same, that you should counsel your client to stop persecuting Ms. Charles.

Sincerely,

James Hoyt

cc.  William B. Chapman, Esq.
     Michael Reilly, Esq.
     Barry Greene, Esq.

# EXHIBIT C

TO
Joan Charles
From                                                          12/09/04
Don Potito
Insured. Joan Charles
d/o/l. 10/17/04
We have been assigned by your insurance company to inspect damages from a fire loss
on the above date. I have tried to reach you by phone but your number was not provided
to me and it's unlisted. Please call me as soon as possible to set a date and time for our
inspection.
Thanks

Don Potito
Frontier Adjusters
Box 858
Melrose, MA 02176
Tel: 781-662-7225
E-Mail: dpotito@conversent.net

Fax 781-662-7544

ATTENTION Mr Hoyt

# EXHIBIT D

# PORTNOY AND GREENE, P.C.

197 FIRST AVENUE, SUITE 130
NEEDHAM, MA 02494

TELEPHONE: 781-444-8888
FACSIMILE: 781-444-3393

December 15, 2004

Don Potito
Frontier Adjusters
P.O. Box 858
Melrose, MA 02176

**RE:  14 Ditson Street, Dorchester MA;**
**Joan Charles v. Massachusetts Property Insurance Underwriting Association;**
**Ocwen Federal Bank, FSB; and One Call Insurance Agency, Incorporated**
**US District Court, Massachusetts Civil Action No. 04-11625-RWZ**

VIA Facsimile at (781) 662-7544

Dear Mr. Potito:

As stated earlier today by phone, I represent Joan Charles with regard to the property at 14 Ditson Street and the Fire loss of same.

As I also stated by phone, there appears to be a significant amount of confusion as to the status of the property.  Although your client may have told you that the property has been foreclosed on, and that the fire loss was some time in October of this year, to the best of my knowledge, this is simply not the case.  My client remains the owner of the property.

As such, in an effort to clear some of the confusion, please send me, as soon as possible, by fax or mail all of the documents and correspondence in your possession regarding 14 Ditson Street.  Please call if you have any questions or concerns.

Sincerely,

James Hoyt

# EXHIBIT E

ATTENTION

MR HOYT

**SAFEGUARD PROPERTIES, INC.**    (216) 739-2900

MORTGAGE CO.

This property winterized 10/22/04    Loan # 100840636

Service performed:

Disconnect meter                          Blew lines

Drained tank ~~Do not use~~         Replaced kitchen trap

SPI-006/1-00

JOAN CHARLES

# EXHIBIT F

# PORTNOY AND GREENE, P.C.

197 First Avenue, Suite 130
Needham, MA 02494

Telephone: 781-~~444-8888~~ *726-7700*
Facsimile: 781-~~444-3393~~
*726-7750*

April 19, 2005

Runan Belcher
Assurant Solutions
260 Interstate North Circle
South East Atlanta, GA 30339

VIA FACSIMILE at (305) 971-1663 and US MAIL

**RE:    Joan Charles**
**14 Ditson Street, Dorchester MA**
**Claim Number: C-04001660**

Dear Ms. Belcher:

My office represents Ms. Joan Charles regarding Ms. Charles' property at 14 Ditson Street Dorchester, Massachusetts, the fire damage to the property, and all related matters.

Please direct all correspondence and inquiry to my attention at the above address and phone number. In the event you are unable to reach me and need immediate assistance, Attorney Barry Greene can be reached at (781) 449-6050.

It was a pleasure speaking with you this morning. I look forward to hearing from your adjuster in order to set up Ms. Charles' recorded statement.

Sincerely,

James Hoyt

# EXHIBIT G



# ASSURANT
## Solutions

260 Interstate N. Circle, NW
Atlanta, GA 30339-2111
T 770.763.1000
F 770.859.4403

www.runan.belcher@assurant.com

July 29, 2005

James Hoyt
The Law Offices of Portnoy & Greene, P.C.
197 1st Avenue, Suite 130
Needham, MA 02494

RE:    Named Insured         : Ocwen Federal Bank
       Additional Insured    : Joan Charles
       Policy #              : ALR089903000
       Loan #                : 100840636
       Date of Loss          : 2/1/04
       Claim #               : 00100291021

Our review of the above referenced claim has been completed. A check in the amount of $86,489.91 has been issued and mailed to Richard C. Demerle, Esq., the Attorney representing Ocwen Loan Servicing. A copy of the estimate is included for your review.

Below is an explanation of the payment:

| | |
|---|---|
| Claim Amount | : $102,810.99 |
| Less Recoverable Depreciation | : $ 14,085.05 |
| Less Non-Recoverable Depreciation | : $ 1,236.03 |
| Less Deductible | : $ 1,000.00 |
| Payment Amount | : $ 86,489.91 |

Please contact the lender to discuss disbursement of the funds. Please refer to the following policy language concerning the loss settlement and collection of the recoverable depreciation.

We will pay no more than the actual cash value until actual repair or replacement is completed. You may make further claim for the recoverable depreciation within 180 days after the loss based upon and for any specific additional cost to you actually incurred within that period in replacing the damaged property on a replacement cost basis.

Be sure to include the claim or policy number on any correspondence sent to us.

*Runan A. Belcher*

Runan A. Belcher
Claims Examiner
AMERICAN SECURITY INSURANCE COMPANY

cc:    Richard C. Demerle, Esq.
       Michienzie & Sawin LLC
       745 Boylston Street
       Boston, MA 02116-2636

# EXHIBIT H

LAW OFFICES
OF

# PORTNOY AND GREENE, P.C.

687 HIGHLAND AVENUE
NEEDHAM, MA 02494

TELEPHONE: 781-449-6050
FACSIMILE: 781-449-4574

August 19, 2005


Richard DeMerle, Esq.
Michienzie & Sawin, LLC
745 Boylston Street, 5th Floor
Boston, MA 02114

**RE: Joan Charles v. Ocwen Federal Bank, FSB et al**
**Case # 04-CV-11625-RWZ**

VIA Certified Mail, Return Receipt Requested.

Dear Attorney DeMerle:

Enclosed please find the insurance check which neither we nor our client have endorsed.

The only reason I can think of for your client insisting that we endorse the check before they do is that they intend to deposit same in their own account and pay Ms. Charles as, when and if they see fit. This is entirely unacceptable. If your clients' intention is to allow the reconstruction of this property to begin as soon as possible, as was discussed at the scheduling conference, there is no reason that the funds would not be made immediately available to Ms. Charles.

If your client is concerned that Ms. Charles might not intend to rebuild the property, this office can provide whatever documentation is necessary to demonstrate that appropriate construction contracts are being negotiated.

Until those funds are made available, no work can begin and the damage to Ms. Charles and the property will continue. As such, please have your client endorse the check and return it to this office as soon as possible.


Sincerely,


James Hoyt
Enc.


cc. Without enclosure
    William B. Chapman, Esq.
    Michael Reilly, Esq.



ATLANTA        AP-CWB-MIAMI                                              50-937                      XAPCWC01

**AMERICAN SECURITY INSURANCE COMPANY**
  P&C Claims Department                                        213
  260 Interstate North Circle NW
  Atlanta, Georgia 30339                    JPMORGAN CHASE        Check #        60025580
  (800) 326-7781                            Syracuse, New York    Date Issued    07/29/2005

                                                                 PAY  $********86,489.91

Pay to
the Order   PORTNOY AND GREENE, P.C.
of:         AND OCWEN LOAN SERVICING LLC
            AND JOAN CHARLES

**PAY:**  Eighty-Six Thousand Four Hundred Eighty-Nine and 91/100 Dollars

Insured      JOAN CHARLES
Claimant     JOAN CHARLES
Policy #     ALRALR089903000          Payment Type      FINAL
Claim No.    00100291021              Sub Producer Code  G280000
Cause Of Loss FIRE                    Date Of Loss       02/01/2004

⑈⑆0060025580⑈⑆ ⑈⑆021309379⑈⑆ 601⑈8⑈40713⑈⑆

# EXHIBIT I

RENEWAL OFFER/PREMIUM INVOICE

**MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION**
(617) 723-3800
(800) 392-6108

Insured's Name and Mailing Address

JOAN CHARLES A/K/A JOAN F. GREAVES
14 DITSON STREET
DORCHESTER, MA 02122

Producer

ONE CALL INS AGCY., INC.
121 B TREMONT ST
BRIGHTON MA 02135

Expiration Date  01/08/ 2004

Policy Number    0662672 - 4

The Association offers to renew this policy. To accept this renewal offer please return the tear-off portion of this invoice and payment to the Association. To avoid a lapse in coverage this invoice and payment must be received by the Association on or before the Expiration date/Due date. If payment is received within sixty days of the Expiration date/Due date the policy will be renewed as of the date of the Associations receipt of the payment. Payments received by the Association more than sixty days after the Expiration date/Due date will be rejected and the policy will not be renewed.

Any changes to the Renewal Policy may only be made by submitting an Endorsement Request to the Association after you have paid this invoice. To make the changes effective as of the inception date of the Renewal Policy, the Endorsement Request must be received by the Association on or before the inception date of the Renewal Policy.

### Please Remember

* Read the Inspection and Credit reporting notices on the reverse side.
* Make your check payable to MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION
* Write your policy number on your check.
* Mail the original tear-off portion of this Offer/Invoice and your check in the enclosed envelope.
* Mail only one original Offer/Invoice and one check per envelope. Copies of the Offer/Invoice cannot be processed by the lockbox.
* Do not send any other correspondence with this Offer/Invoice and your check.
* Do not send cash.
* Mail this Invoice and your check to the address below.

UMAEXPIH

Tear Here ————————————————————————————————————————————— Tear Here

PLEASE WRITE YOUR POLICY NUMBER ON YOUR CHECK AND RETURN THIS
INVOICE WITH YOUR PAYMENT IN THE ENVELOPE PROVIDED.

**INVOICE**

Insured's Name:  JOAN CHARLES A/K/A JOAN F. GREAVES          Policy Number:    0662672 - 4

| Date Billed | Premium Due | Minimum Due | Due Date | Amount Enclosed |
|---|---|---|---|---|
| 12/04/ 2003 | $1,906.00 | $476.50 | 01/08/ 2004 | |

Please make sure your check is made payable and sent to:

MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION
PO BOX 9693
MANCHESTER, NH 03108-9693

0662672200004000170000000476502 0040308

**EXPIRATION NOTIFICATION**
**HOMEOWNERS POLICY PROGRAM**
THIS IS NOT A BINDER OF INSURANCE

MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION
Two Center Plaza, Boston, Massachusetts 02108-1904
(617)723-3800,(800)392-6108,FAX (617)557-5678

12/04/2003

| POLICY NUMBER | EXPIRATION DATE |
|---|---|
| 0662672 - 4 | 01/08/2004 |

NAMED INSURED & MAILING ADDRESS

JOAN CHARLES A/K/A JOAN F. GREAVES
14 DITSON STREET
DORCHESTER      MA      02122

PRODUCER

ONE CALL INS AGCY., INC.
121 B TREMONT ST
BRIGHTON      MA      02135

The policy will expire at 12:01 A.M., standard time, on the expiration date shown and will not automatically be renewed. To renew your insurance, return the tear-off portion of the Renewal Offer/Premium Invoice with either the Premium Due or Minimum Due.

THE RESIDENCE PREMISES COVERED BY THE POLICY IS LOCATED AT:
14 DITSON STREET , DORCHESTER, MA 02122
This offer applies to the Residence Premises. Coverage is provided where a Premium or Limit of Liability is shown for the Coverage.

| SECTION I COVERAGES: | | LIMIT OF LIABILITY | PREMIUM |
|---|---|---|---|
| A | Dwelling | $351,000 | $2,196 |
| B | Other Structures | $17,550 | |
| C | Personal Property | $105,300 | |
| D | Loss of Use | $105,300 | |
| SECTION II COVERAGES: | | | |
| E | Personal Liability | $300,000 | $61 |
| F | Medical Payments to Others | $1,000 | |
| | | TOTAL BASE PREMIUM | $2,257 |

DEDUCTIBLE SECTION I:  $1,000 EXCEPT $2,000 FOR WINDSTORM OR HAIL.
IN CASE OF SECTION I LOSS, WE COVER ONLY THAT PART OF THE LOSS OVER THE DEDUCTIBLE STATED.

FORM & ENDORSEMENTS made part of this offer at the time of issue.

| DED ADJ | 10/00 | DEDUCTIBLE ADJUSTMENT | -$258 |
|---|---|---|---|
| HO 00 03 | 10/00 | SPECIAL FORM | |
| HO 01 20 | 09/01 | SPECIAL PROVISIONS - MASSACHUSETTS | |
| HO 04 16 | 10/00 | PREMISES ALARM OR FIRE PROTECTION SYSTEM | -$44 |
| HO 04 27 | 04/02 | LIMITED FUNGI, WET OR DRY ROT, OR BACTERIA COVERAGE | |
| HO 04 96 | 10/00 | NO SECTION II-LIABILITY FOR HOME DAY CARE COVERAGES | |
| HO 23 71 | 09/01 | MASSACHUSETTS TENANTS RELOCATION EXPENSE | $8 |
| HO 24 41 | 09/01 | LEAD POISONING EXCLUSION - MASSACHUSETTS | -$57 |
| HO FP | 12/01 | SPECIAL ENDDORSEMENT | |

| | |
|---|---|
| TOTAL PREMIUM ADJUSTMENT | -$351 |
| TOTAL ANNUAL PREMIUM | $1,906 |
| 25% DOWNPAYMENT (IF APPLICABLE) | $476.50 |

MORTGAGEE
OCWEN FEDERAL BANK FSB
ISAOA ATIMA
88 WILLIS ST
NEW BEDFORD      MA      02740

MORTGAGEE
CONSECO FINANCE MTG CORP
ISAOA ATIMA
P O BOX 6075
RAPID CITY      SD      57709-6075

RATING INFORMATION:      FAMILY   0003      Frame      TERRITORY   02      PROTECTION   02

TO INSURED:  THE RENEWAL OFFER/PREMIUM INVOICE HAS BEEN SENT TO YOUR PRODUCER
IF IT IS NOT ENCLOSED WITH THIS NOTIFICATION.

Date: 12-04-2003

UMAHOEXP

INSURED COPY