UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *Joan Charles*, <br>     *Plaintiff,* <br> <br> *v.* <br> <br> *Ocwen Federal Bank, FSB;* <br> *Ocwen Financial Corporation;* <br> *Massachusetts Property Insurance* <br> *Underwriting Association and One Call* <br> *Insurance Agency, Inc.* <br>     *Defendants.* | ) <br> ) <br> ) <br> )    C.A. No. 04-11625-RWZ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF, JOAN CHARLES' MEMORANDUM OF LAW IN OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT

NOW COMES the plaintiff in this action, Joan Charles (hereinafter "Plaintiff"), by and through her counsel, James Hoyt, Portnoy & Greene, P.C., and hereby submits this, her Memorandum of Law in support of her opposition to the Motions for Summary Judgment filed by defendant Ocwen Loan Servicing, LLC, successor to Ocwen Federal Bank, FSB, ("Ocwen"), defendants One Call Insurance Agency, Inc. ("One Call") and Massachusetts Property Insurance Underwriting Association ("MPIUA").

### INTRODUCTION

Plaintiff states for the record her objection to the failure of all defendants to attend noticed depositions in violation of Fed.R.Civ.P. 30. Such failure to attend creates an unfair advantage in the defendants with regard to their submissions for Summary Judgment. When Plaintiff first filed for partial summary judgment, it was done with the express intention of narrowing the issues and potentially reaching a negotiated resolution of the case. Plaintiff brought her motion based on a single, clear legal issue regarding the liability of Ocwen under the Real Estate Settlement Practices Act ("RESPA"). Evidence of such liability was established

through the pleadings and initial written discovery. As such, mindful of at least one defendant's complaint that the cost of litigation itself was harmful, Plaintiff chose to forego more extensive discovery into all of the numerous issues raised in this case. *After* submission of Plaintiff's Motion, Ocwen noticed the deposition of Plaintiff. The deposition was held over Plaintiff's objection regarding the unfair advantage created by defendants conducting further discovery in between scheduled submissions. All defendants participated in the deposition of Plaintiff.

All of the defendants then submitted Motions for Summary Judgment that not only went beyond the scope of Plaintiff's submission, but in fact have noticeably ignored the one clear law that was presented by Plaintiff.

In an effort to attempt to address the myriad of issues raised by defendants' motions, Plaintiff noticed the depositions which went unattended despite the defendants' failure to obtain a protective order or quash. As such, Plaintiff is twice unfairly harmed by defendants' improper manipulation of discovery.

## RESPA

The liability of Ocwen for Plaintiff's actual damages, fees and costs under RESPA is absolutely clear.

> 12 U.S.C. § 2605 (g) states: "If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a *timely manner* as such payments become due." (emphasis added)

> 24 C.F.R. 3500.17(k) further states "(1) If the terms of any federally related mortgage loan require the borrower to make payments to an escrow account, the *servicer must pay the disbursements in a timely manner, that is, on or before the deadline to avoid a penalty*, as long as the borrower's payment is

>not more than 30 days overdue.  (2)  The servicer must advance funds to make disbursements in a timely manner as long as the borrower's payment is not more than 30 days overdue." (emphasis added)
>
>12 U.S.C. § 2605 (f) states in relevant part:  "Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:  (1) Individuals: In the case of any action by an individual, an amount equal to the sum of (A) any actual damages to the borrower as a result of the failure, and (3) Costs: In addition to the amounts under paragraph (1) or (2), in the case of any successful action under this section, the costs of the action together with any attorneys fees incurred in connection with such action as the court may determine to be reasonable under the circumstances.

Ocwen's liability under RESPA is not contingent on anything except her own payment not being more than 30 days overdue.  It is undisputed that Plaintiff was current on her mortgage payment.  The responsibility to pay the insurance and for Plaintiff's damages shifted unequivocally to Ocwen.  Plaintiff, Joan Charles paid her insurance!  The law places the burden for payment squarely on Ocwen and makes Ocwen liable to Plaintiff for its failure.

### FORCED PLACE INSURANCE

All defendants have made the argument that the forced place insurance through "Assurant Group" precludes all of Plaintiff's claims.  Defendants' arguments fail for two very simple reasons.  The first is that no money has been received and that Assurant has indicated that its payment is contingent on this legal action (*See* Exhibit A, letter from Assurant).  The second is that even if Assurant eventually does pay on the claim, Plaintiff's damages are far greater than simply the amount of money needed to repair the property.  Plaintiff was forced to hire attorneys and public insurance adjusters, forced to pay rent and forego collecting rent, forced into financial ruin and chaos and in almost every way had her life destroyed for the past two and one half years and running.

Defendants have argued that the forced placement insurance was available and known to Joan Charles and that the delay is somehow her own fault.  This allegation is ridiculous on its face.  Counsel for *Ocwen* did not even know about the coverage until the third scheduling conference in this legal action, and then only after the prodding of Plaintiff's counsel.  (*See* Exhibit B, letter from Plaintiff's counsel).  While Plaintiff and counsel did receive very limited and confusing correspondence from persons claiming to be insurance adjusters, such correspondence was received at approximately the same time as agents of Ocwen actually breaking into the property and telling Plaintiff that it had already been foreclosed on.  There was no affirmative indication that there might be a policy other than MPIUA's policy, and the first contact of Plaintiff's Counsel with Assurant was not until April 19, 2005.  (*See* Exhibit F).

After contacting Assurant, Plaintiff, through counsel and her public insurance adjuster, Petrocelli Public Insurance Adjusters ("Petrocelli"), spent the next several months attempting to negotiate settlement of the claim.  On July 29, 2006, Assurant sent a check in the amount of $86,489.91 made out to both plaintiff and Ocwen.  (*See* Exhibit G).  Not only was the amount offered insufficient to repair one of the three floors damaged, but Ocwen refused to provide the proceeds directly to Plaintiff (*See* Exhibit H).  Petrocelli reported that $561,805.99 was the appropriate cost of repair.

Defendants in their motions claim that an insurance adjusting procedure called "Reference" precludes Plaintiff from making claims against them for damages.  Reference, as stated by defendants, however, is simply a procedure by which the insured and insurer can reach a final adjustment to the claim.  In other words, if the parties to a claim can't agree on a number, reference is the procedure used to resolve the dispute.  "Reference" is not even an issue.  According to Petrocelli, supported by Assurant's letter, the amount of the claim was agreed on a

long time ago to be approximately $352,000.00.  Assurant's adjuster, Cunningham Lindsay, LLC and Petrocelli agreed to appoint a neutral third party to resolve the disputed amount in lieu of "Reference".  The adjusters reached an agreement.  There is no dispute as to what amount would be paid should the claim be honored.  The only dispute is apparently whether the claim will be honored at all (*See* Exhibit A).

## LIABILITY OF MPIUA

Plaintiff asserts three general theories of liability against MPIUA.  The first, is that sending notice on December 4, 2003 that Plaintiff's policy would expire on January 8, 2006 is in direct violation of M.G.L. c. 175 § 193P.  An insurer that fails to sent notice that a policy is to expire at least 45 days before the expiration of the policy is liable for fire damage that occurred after the expiration of the policy.  Brooks v. Hanover Insurance Co., 23 Mass.App.Ct. 992, 504 N.E.2d 1075 (1987).  The second general theory of liability against MPIUA is that the refusal of MPIUA to accept tender of a premium payment by Plaintiff's son on the day of the fire is in violation of its own policy to re-instate policies that had expired if payment is tendered within 60 days of the expiration.  MPIUA's argument that tender was made after the loss does not preclude liability.  Insurers are liable for the loss in such circumstances regardless of the tender occuring after the loss.  Parkway, Inc. v. United States Fire Ins. Co., et al., 317 Mass. 428, 58 N.E.2d 646 (1944).  Plaintiff's third general theory of liability is one of general negligence, and simply avers that a system / policy which does not send bills to the known payor, which does not give any adequate notice of pending cancellation (both in time and in form) and which does not communicate properly with its producer / agents or customers, breaches an implied duty of reasonable care to Plaintiff.

**LIABILITY OF ONE CALL**

Plaintiff asserts liability against One Call based entirely on One Call's negligence in ensuring that the MPIUA insurance was properly coordinated. Plaintiff made such assertions almost entirely based on the statements by employees of MPIUA, made prior to the instant legal action, (and supported by MPIUA's producers manual) placing the burden for proper coordination and payment of the premiums squarely on MPIUA's "Producers", which, while appearing to perform the general role of insurance agents, are apparently and according to MPIUA, much more involved in and responsible for the coordination of coverage than would be a simple agent. Plaintiff asserts the liability of One Call in an alternative capacity as it is Plaintiff's sincere belief that the liability of Ocwen and MPIUA is much more clearly established and statutory in nature.

**COMPLIANCE WITH LOCAL RULE 56.1**

In response to Ocwen's claim that Plaintiff's Motion for Partial Summary Judgment was defective within the context of Local Rule 56.1, Plaintiff states that her Statement of Material Facts was incorporated into the Motion and supporting Memorandum, and simply lacked separate designation. To the extent that the Court deems such separate designation necessary, Plaintiff offers the Statement of Undisputed Facts filed herewith. Plaintiff further states that there is, in fact, serious dispute regarding the facts and characterizations thereof presented by all of the Defendants in their "undisputed" facts.

**CONCLUSION**

What Plaintiff had intended as an effort to narrow the issues and compel reasonable settlement (her motion for partial summary judgment) has expanded dramatically in scope. Plaintiff again objects to defendants' failure to attend depositions and avers that such failure has

produced an unfair advantage in defendants. Defendants' liability, however, at least with respect to MPIUA and Ocwen is clear. The law regarding such liability is not subject to interpretation or condition. The relevant language is unequivocal. Whether the existence of forced placement insurance mitigates Plaintiff's damages is yet to be determined, but is only part of the equation.

WHEREFORE, Plaintiff requests that this Honorable Court deny the Motions of all Defendants, and grant Plaintiff's Motion for Partial Summary Judgment against Ocwen.

Respectfully Submitted,
The Plaintiff, Joan Charles
By her Attorney,

_____s/ James Hoyt_____
James Hoyt (BBO # 644651)
Portnoy & Greene, P.C.
687 Highland Ave.
Needham, MA 02494
Dated: October 19, 2006    (781) 644-6050

## CERTIFICATE OF SERVICE

I, James Hoyt, hereby certify that a copy of the forgoing Opposition was served October 19, 2006 via the Court's ECF system to:

William B. Chapman
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109-1775

Michael W. Reilly
Tommasino & Tommasino
2 Center Plaza
Boston, MA 02108

Paul Michienzie
Michienzie & Sawin, LLC
745 Boylston Street, 5th Floor
Boston, MA 02114

_____s/ James Hoyt_____
James Hoyt