UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                          \*
JOAN CHARLES,                             \*
    Plaintiff,                       \*
vs.                                       \*          CIVIL ACTION
                                          \*          No. 04-11625RWZ
OCWEN FEDERAL BANK, FSB;                  \*
OCWEN FINANCIAL CORPORATION;              \*
MASSACHUSETTS PROPERTY                    \*
INSURANCE UNDERWRITING                    \*
ASSOCIATION; and                          \*
ONE CALL INSURANCE AGENCY,                \*
INCORPORATED,                             \*
    Defendants.                      \*
                                          \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION OF ONE CALL INSURANCE AGENCY, INC., TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS, AND ONE CALL'S CROSS MOTION FOR SANCTIONS

The defendant, One Call Insurance Agency, Inc. ("One Call"), hereby opposes the plaintiff's motion to compel its deposition and to impose sanctions. One Call hereby cross-moves for sanctions against plaintiff. In support hereof, One Call states as follows.

1.      As outlined in One Call's motion to quash its deposition (filed 10-11-06), the plaintiff's attempt to depose One Call, by purported notice served by fax on 10-6-06 for a deposition on 10-13-06, was in blatant violation of this court's scheduling order, and was contrary to plaintiff's own representations to the court. Plaintiff did not seek leave of court, nor agreement of counsel, before submitting the purported deposition notices (in the midst of summary judgment proceedings). The purported notices submitted by the plaintiff were nullities,

having no legal effect on One Call. Plaintiff is barred by this court's order, and/or is judicially estopped, from attempting to take the presently-noticed depositions, including any of One Call.

2.    The subject notice to One Call was a nullity and of no legal consequence for additional reasons. A true copy of the notice at issue is attached hereto as Exhibit A. As plaintiff's instant motion concedes, the subject deposition notice was not directed to the defendant, One Call. The plaintiff did not submit a Rule 30(b)(6) notice to One Call. Rather, the purported notice was directed to Harold Salant. Mr. Salant is not a party to this case. As such, the notice does not comply with Fed. R. Civ. P. 30(b)(6), and is a nullity. The plaintiff did not subpoena Mr. Salant, nor did plaintiff's counsel request the appearance of Mr. Salant without a subpoena. As such, the notice does not comply with Fed. R. Civ. P. 45, and is a nullity. Plaintiff's attempt to depose One Call by serving a deposition notice directed to a non-party, Harold Salant, was contrary to Fed. R. Civ. P. 30(b)(6) and 45, and imposed no legal obligation on either One Call or Mr. Salant to respond.

3.    The court should impose sanctions on plaintiff for forcing One Call to respond to her nullity of a notice and her ensuing motion to compel and for sanctions. Sanctions in this situation are all but directly spelled out in the applicable rules. Fed. R. Civ. P. 30(g)(2) provides that sanctions may be awarded in a situation where a party who has noticed a witness deposition fails to serve a subpoena upon the witness, and the witness because of such failure does not attend. Although this rule is not directly applicable to the current situation, the effect of plaintiff's misconduct is the same as that contemplated by the Rule - - namely, that the other parties incur expense because of the noticing party's failure to properly notice the deposition.

2

For all the foregoing reasons (including those contained in One Call's pending motion to quash, which is incorporated herein by reference), the plaintiff's motion to compel and for sanctions should be denied, and One Call should be awarded sanctions against the plaintiff[1] for having to respond to the defective notice and instant motion.

ONE CALL INSURANCE AGENCY, INC.

By its attorney,


/s/ William D. Chapman
William D. Chapman
BBO #551261
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
(617) 523-6200

Date: October 19, 2006

---

[1]  The analogous rule, Fed. R. Civ. P. 30(g)(2), states that the award consist of "the reasonable expenses incurred by that party" (who has incurred time and expense associated with the defective notice), "including reasonable attorney's fees"

## CERTIFICATE OF SERVICE

I, William D. Chapman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.


/s/ William D. Chapman
William D. Chapman


Date: October 19, 2006