UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN CHARLES,<br>　　　Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK FSB, OCWEN FINANCIAL CORPORATION, MASSACHUSETTS PROPERTY INSURANCE UNDERWRITERS ASSOCIATION, and ONE CALL INSURANCE AGENCY, INCORPORATED,<br>　　　Defendants. | CIVIL ACTION NO. 04-11625-RWZ |

**BRIEF OF THE DEFENDANTS OCWEN LOAN SERVICING, LLC AS SUCCESSOR-IN-INTEREST TO OCWEN FEDERAL BANK, FSB AND OCWEN FINANCIAL CORPORATION IN REPLY TO THE OPPOSITION OF THE PLAINTIFF, JOAN CHARLES TO THE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to L.R. 56.1, the defendants, Ocwen Loan Servicing, LLC as successor-in-interest to Ocwen Federal Bank, FSB and Ocwen Financial Corporation (collectively, "Ocwen") respectfully submit this Brief in Reply to the Plaintiff's Opposition to Ocwen's Motion for Partial Summary Judgment[1].

### I.　　Introduction

The plaintiff, Joan Charles (the "Plaintiff"), in her Opposition to Ocwen's Motion for Summary Judgment filed with this Court (the "Plaintiff's Opposition"), continues to violate the Local Rules and the Federal Rules of Civil Procedure regarding the filing of

---

[1] Ocwen recognizes a motion for leave is normally required to file a reply brief. LR 7.1(B) (3). However, the Court's July 28, 2006 order gave the parties until October 26, 2006 to file a reply, and as such, it appears to the undersigned that leave is not required. If the Court's interpretation of this Order is incongruent with the undersigned, Ocwen respectfully requests the Court to grant leave to file this reply brief.

Rule 56 motions and oppositions. The Plaintiff's Opposition does not specifically deny any fact set forth in Ocwen's Motion for Partial Summary Judgment ("Ocwen's Motion") and addresses matters outside the scope of the Ocwen's Motion. The Plaintiff primarily seeks to rehabilitate the severe procedural defects in her own Motion she filed in June 2006 (the "Plaintiff's Motion"), matters clearly not responsive to Ocwen's Motion. Moreover, of the items which could constitute valid responses to Ocwen's Motion, none are supported by citations to the summary judgment record. Furthermore, the Plaintiff does not specifically identify any material factual disputes. As such, Ocwen respectfully requests this court to strike the Plaintiff's Opposition, deem the facts set forth in Ocwen's Motion admitted, and grant partial summary judgment in Ocwen's favor.

## II.     Background

The Plaintiff filed her Motion on June 1, 2006. In the Plaintiff's Motion, the Plaintiff fails to comply with LR 56.1 in several respects. Most importantly, the Plaintiff fails to provide the required statement of undisputed facts. [*See* Ocwen's Opp. Mot. Summ. J]. On September 28, 2006, Ocwen filed its own Motion and its opposition to the Plaintiff's motion ("Ocwen's Opposition"). In its Opposition, Ocwen argues, *inter alia*, that the Plaintiff's clear violation of LR 56.1 is grounds for denial of the Plaintiff's Motion. On October 19, 2006, the Plaintiff filed her Opposition in which the Plaintiff responds to Ocwen's Motion, and the summary judgment motions of the defendants Massachusetts Property Underwriters Association and Once Call Insurance Agency, Inc. In her Opposition, the Plaintiff argues in short: 1) that the undisputed facts establish a RESPA violation; and 2) that the existence of "Forced Placed" insurance coverage has relevance only to the amount of damages, not to liability. In addition, the Plaintiff argues that her

Motion complies with LR 56.1, and alternatively, offers a "statement of facts" to remedy the aforementioned defects.

### III.   Argument

The Plaintiff's Opposition is legally insufficient and not predicated upon evidence contained within the summary judgment record. As such, the Plaintiff's Opposition should be stricken, the facts set forth in Ocwen's Motion for Partial Summary Judgment should be deemed admitted, and partial summary judgment should be granted in Ocwen's favor.

   A.   The Plaintiff's Opposition Fails to Comply With Fed. R. Civ. P. 56 and LR 56.1

The Plaintiff's Opposition fails to comply with the Rules of Civil Procedure and the Local Rules of the District of Massachusetts in several respects. First, the Plaintiff fails to specifically dispute the facts alleged in Ocwen's Motion for Summary Judgment, and support her Opposition with affidavits, discovery or citation to anything contained in the summary judgment record. *See* LR 56; Fed. R. Civ. P. 56(c). Second, by way of her Opposition, the Plaintiff wrongfully attempts to redress the defects her own Motion, matters which are outside the scope of what constitutes an opposition under Fed. R. Civ. P. 56.

   1.   The Plaintiff Does Not Dispute the Facts Set Forth In Ocwen's Summary Judgment Motions With Affidavits or Citations to the Record.

LR 56.1 requires that oppositions to motions for summary judgment include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions, and other documentation. The remedy for failing to provide such a concise statement is that

the court may deem the statement of facts contained within the moving party's summary judgment motion admitted. *See Brown v. Armstrong*, 957 F. Supp. 1293, 1297 (D. Mass. 1997).

Upon review of the Plaintiff's filings, it is unclear whether the Plaintiff offers *any* statement of facts in support of its opposition. The document titled "Plaintiff, Joan Charles' Statement of Undisputed Facts In Support of Her Opposition to Motions for Summary Judgment" is either an imprecise and ultimately failed attempt at complying with the rules, or a bald-faced attempt to rectify the Plaintiff's prior failure to do so in her own Motion. Indeed, the Plaintiff admits in her Opposition that she offers this document for the purposes of remedying her violations of LR 56.1. [Pl's Opp. Mot. Summ. J.. at. 6].

Nothwithstanding the Plaintiff's admissions to the contrary, this purported "statement of facts" fails for two independent reasons: 1) it does not specifically identify what facts set forth in Ocwen's motion it disputes; 2) it does not offer support in the form of specific references to "affidavits . . . pleadings, depositions, answers to interrogatories, and admissions." Fed. R. Civ. P. 56(e). As such, the Plaintiff's Opposition should be stricken, and the statements of fact set forth in Ocwen's Motion for Partial Summary Judgment should deemed admitted.

    2.    <u>The Plaintiff Violates LR 56.1 and Fed. R. Civ. P. 56 By Addressing Matter Ouside the Scope of Ocwen's Motion</u>.

It is axiomatic that the purpose of an opposition to a motion for summary judgment is to respond to the motion factually and legally. LR 56.1 and Rule 56 require the party adverse to a motion for summary judgment to establish that there are genuine material factual issues in dispute. It follows that in an opposition one cannot respond to

matters that are not asserted in the motion it opposes. As such, by including a document that purports to be the very document that she failed to include in her own Motion violates LR 56. Such belated attempt to comply with LR 56.1 is outside the scope of a proper opposition. To remedy this clear violation, the portion of the Plaintiff's Opposition addressing the Plaintiff's non-compliance with LR 56.1, including her purported "statement of facts" should be stricken.

  B. <u>The Plaintiff's Arguments are Illogical and Not Predicated on Any Reasonable Interpretation of the Summary Judgment Record</u>

    1. <u>The RESPA Violation</u>

In her Opposition, the Plaintiff does not respond to Ocwen's arguments in its Motion, but merely reiterates the arguments she made in her own Motion. The Plaintiff relies on a literal reading of the applicable RESPA provisions in establishing a violation of those sections. However, the Plaintiff does not offer any factual basis or legal authority for liability. Specifically, she neither contradicts Ocwen's assertion that it never received proper notice of the renewal, nor does she provide legal authority for treating 12 U.S.C. §2605 as a strict liability statute. Indeed, as set forth in Ocwen's Opposition and Motion, such construction would violate to the legislative intent of RESPA and interfere with validly bargained agreements between the Owcen and the Plaintiff set forth in the Note and Mortgage.

2. The Fact That Ocwen Placed its Own Hazard Insurance on the Property with the Plaintiff as a Named Insured Is Determinative of Liability

In essence, the Plaintiff argues that the existence of the Assurant hazard insurance policy is relevant only to the computation of damages, but not to Ocwen's liability. As a threshold matter, in a negligence action, proof the plaintiff was damaged by the actions of the defendant is an essential element. *See Mass. Practice*, Vol. 14C §20.291 (1996). Furthermore, the mere failure to renew the Plaintiff's insurance policy cannot constitute a violation of RESPA, in light of the fact that functionally, Ocwen merely exchanged one hazard insurance policy for the another.

The Plaintiff's entire case rests on her contention that act the she was damaged by the expiration of her hazard insurance policy prior to the fire at her property. Ocwen has produced proof that in fact such a policy was in effect, albeit through Assurant instead of Massachusetts Property Insurance Underwriters Association ("MPIUA"). The Plaintiff does not dispute the existence of this policy, but merely takes issue with the adjustment of her insurance claim. This is a matter between Assurant and the Plaintiff and has no bearing on Ocwen's liability.

The Plaintiff confuses the damages which flow from the *fire itself* with the damages arising from the expiration of the MPIUA policy. Indeed, the Plaintiff makes no allegation that Ocwen caused the fire in question. The Plaintiff has not demonstrated that she was harmed in any way by the application of the Assurant policy instead of the MPIUA policy. In addition, the Plaintiff has not shown why Ocwen should be responsible for Assurant's failure to pay or otherwise adjust her insurance claim to her

satisfaction.  Ocwen's role in the transaction was as a *lender*, not an insurer.  As such, no damages to the Plaintiff flow from Ocwen's actions.

## CONCLUSION

The Plaintiff's Opposition does not comply with LR 56 or the Rules of Civil Procedure.  Contrary to Rule 56, the Plaintiff responds to arguments made *not* in Ocwen's Motion, but in Ocwen's Opposition.  Moreover, the Plaintiff fails to cite supporting documents contained within the summary judgment record.  As such, Ocwen respectfully requests this Court to enter an order striking the Plaintiff's Opposition, deeming the facts as set forth in Ocwen's Motion for Partial Summary Judgment as admitted, and granting Ocwen's Motion for Partial Summary Judgment.

Respectfully submitted by,

**DEFENDANTS OCWEN LOAN SERVICING, LLC AS SUCCESSOR-IN-INTEREST TO OCWEN FEDERAL BANK FSB AND OCWEN FINANCIAL CORPORATION**

By their attorneys,

/s/ Christopher J. DeCosta
Paul Michienzie, Esq. - BBO #548701
Christopher J. DeCosta, Esq. – BBO #657527
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, MA 02116

Dated: October 26, 2006

## **CERTIFICATE OF SERVICE**

I, Christopher J. DeCosta, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by U.S. mail, first class, postage pre-paid on October 26, 2006.

/s/ Christopher DeCosta<br>
Christopher J. DeCosta