UNITES STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOAN CHARLES,<br><br>                    Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK, FSB; OCWEN FINANCIAL CORPORATIONMASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION; AND ONE CALL INSURANCE AGENCY INCORPORATED,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION NO.: 04-11625RWZ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFEDANDANT, ONE CALL INSURANCE AGENCY, INC.'S BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

Defendant, One Call Insurance Agency, Inc. ("One Call") submits this brief in reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

## I. Introduction

The plaintiff, Joan Charles's ("the plaintiff") statement in her opposition regarding the defendant's attendance at depositions is inappropriate. The defendant has been granted a protective order by the court regarding that deposition notice and therefore its attendance was not required. The plaintiff's allegation that the defendant has acted improperly during discovery is

baseless and the plaintiff should not be permitted to continue to make such disparaging remarks in this case.

One Call will address only those claims that the plaintiff has made in her opposition regarding defendant, One Call.

## II.    Argument

A.    The Plaintiff failed to comply with LR 56.1.

The plaintiff, Joan Charles, has failed to comply with LR 56.1 in her opposition brief. The plaintiff has not provided the required statement of the material facts with references to the supporting evidence. The rule states that, "opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation." LR 56.1 The plaintiff's failure to abide by the rules should result in the plaintiff's opposition being stricken from the record.

B.    The Plaintiff did not have an uninsured loss.

The Plaintiff apparently concedes the presence of insurance coverage under the Assurant Policy at the time of loss. This concession is dispositive on the issue of One Call's potential causing of an uninsured loss. The law requires that the plaintiff suffer an uninsured loss to make an uninsured claim.  When there is in fact coverage for the loss, the plaintiff suffered no harm. *See Rae v. Air-Speed, Inc.,* 386 Mass. 187, 196, 435 N.E. 2d 628 (1982); *Rayden Engineering Corp. v. Church,* 337 Mass. 652, 661-62, 151 N.E. 2d 57 (1958); *LaClair v. Silberline*

*Manufacturing Co. Inc.,* 379 Mass. 21, 30, 393 N.E. 2d 867 (1979); *Capital Site Management Associates v. Inland Underwriters Insurance Agency, Ltd.,* 61 Mass. App. Ct. 14, 19, 806 N.E. Ed 959, 964 (2004).

C.    The Plaintiff has failed to meet the requirements of M.G.L. c. 175 § 99.

The plaintiff failed to submit her claim to a reference prior to filing suit. The plaintiff argues that this is unnecessary as there is not a dispute as to the amount of the loss. This is factually incorrect as a matter of law. The summary judgment record shows only that the coverage is in place, but there was a dispute as to the amount of the loss.

The request of the Assurant Group's adjuster and plaintiff's private adjuster for a third General Contractor's opinion, does not meet the requirements of a reference. A reference requires that the loss be determined by three people, and the decision is to be put in writing and binding on the parties. That has not occurred in this case, and therefore the plaintiff has failed to meet the requirements of M.G.L. c. 175 § 99.

D.    The plaintiff's argument of negligence of One Call fails to address the issues discussed in defendant's motion for summary judgment.

The plaintiff does not address the defendant's claim that One Call did not have a legal duty to the plaintiff to "coordinate her insurance payments" with her mortgage provider. The plaintiff does state that she feels that the liability against Ocwen and MPIUA is established in law, but fails to state any legal basis for her claim against One Call. The plaintiff refers to statements of MPIUA employees and the MPIUA's producers manual, but has failed to provide

citations or quotations for which her claims are based. The plaintiff has therefore been unable to provide any evidence in the summary judgment record that One Call had any duty to "coordinate her insurance payments" with her mortgage provider.

### III.    Conclusion

For the forgoing reasoning, One Call Insurance Agency, Inc. respectfully requests that this honorable court ALLOW the defendant's motion for summary judgment.

By their attorneys,


/s/ Diana D. Delaney
William D. Chapman, BBO 551261
Diana D. Delaney, BBO 642384
Melick, Porter & Shea, LLP
28 State Street, Floor 22
Boston, Massachusetts 02109
Telephone:  (617) 523-6200
Facsimile:  (617) 523-8130

Dated:  October 27, 2006

## CERTIFICATE OF SERVICE

I, Diana D. Delaney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.


/s/ Diana D. Delaney
Diana D. Delaney


Dated: October 27, 2006