UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11625-RWZ

_____
                                          )
JOAN CHARLES,                             )
              Plaintiff,                  )
                                          )
v.                                        )
                                          )
OCWEN FEDERAL BANK FSB;                   )
OCWEN FINANCIAL CORPORATION;              )
MASSACHSUETTS PROPERTY                    )
INSURANCE UNDERWRITERS                    )
ASSOCIATION; and ONE CALL                 )
INSURANCE AGENCY, INCORPORATED,           )
              Defendants.                 )
_____)

**ANSWER OF OCWEN LOAN SERVICING,
SUCCESSOR-IN-INTEREST TO OCWEN FEDERAL BANK, FSB
AND OCWEN FINANCIAL CORPORATION TO
PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND AND
<u>COUNTERCLAIM AGAINST THE PLAINTIFF, JOAN CHARLES</u>**

Now comes Ocwen Loan Servicing, LLC, successor-in-interest to Ocwen Federal

Bank, FSB and Ocwen Financial Corporation (together, "Ocwen") and respectfully respond

to the Plaintiff's Amended Complaint and Jury Demand as follows.

**FACTS**

1.      Ocwen lacks sufficient information upon which to form a belief as to the

truth of the allegations contained in paragraph 1 of the Amended Complaint.

2.      Ocwen admits the allegations contained in paragraph 2 of the Amended

Complaint.

3.      Ocwen lacks sufficient information upon which to form a belief as to the

truth of the allegations contained in paragraph 3 of the Amended Complaint.

4.      Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint.

5.      The allegations in this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, Ocwen denies the allegations contained in paragraph 5 of the Amended Complaint.

4.[sic]  Ocwen admits to the allegations contained in paragraph 4.[sic] of the Amended Complaint..

5.[sic]  Ocwen admits that the plaintiff gave a mortgage on the Property to New Century Mortgage Corp. on or about January 7, 2002.

6.      Ocwen denies that is the holder of the mortgage but admits that the servicing of the note and mortgage were transferred to Ocwen Loan Servicing, LLC successor-in-interest to Ocwen Federal Bank, FSB.

7.      Uniform Covenant 3 of the mortgage speaks for itself and, as a result, no response is required.

8.      Uniform Covenant 5 of the mortgage speaks for itself and, as a result, no response is required.

9.      The allegations in this paragraph call for a legal conclusion to which no response is required.  Further answering, Ocwen denies that it was responsible for payment of the insurance premiums due on the Property.

10.      Ocwen admits to the allegations contained in paragraph 10 of the Amended Complaint.

11.      Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint.

12.    Ocwen admits that it did not pay the insurance premium, but Ocwen denies that it was obligated to do so.

13.    Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint.

14.    Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint.

15.    Ocwen admits that a fire occurred on the Property on February 2, 2004. Ocwen lacks sufficient information upon which to form a belief as to the truth of the remainder of the allegations contained in paragraph 15 of the Amended Complaint.

16.    Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint.

17.    Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18.    Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint.

19.    Ocwem admits that it sent MPIUA a check for $1,906.00 for the payment of a hazard insurance premium. Ocwen lacks sufficient information upon which to form a belief as to the truth of the remainder of the allegations contained in the paragraph 19 of the Amended Complaint.

20.    Ocwen admits that MPIUA returned the check. Ocwen lacks sufficient information upon which to form a belief as to the truth of the remainder of the allegations contained in paragraph 20 of the Amended Complaint.

21.     The letter, if any, referenced this paragraph speaks for itself and as a result no response is required.  Further, Ocwen denies that the letter constitutes a demand letter pursuant to Mass. General Laws chapter 93A.

22.     Ocwen denies the allegations contained in paragraph 22 of the Amended Complaint.

23.     Ocwen admits that it has accurately reported the Plaintiff's default on the Note and Mortgage.  Owen denies the remainder of the allegations contained in paragraph 23 of the Amended Complaint.

24.     Ocwen denies the allegations contained in paragraph 24 of the Amended Complaint.


## COUNT I
### (Violation of 12 U.S.C.  §2605 - Ocwen)

25.     Ocwen repeats and realleges its responses to paragraphs 1 through 24 above.

26.     Ocwen denies the allegations contained in paragraph 26 of the Amended Complaint.

27.     12 USC sec. 2605 speaks for itself and, as a result, no response is required.

28.     Ocwen denies the allegations contained in paragraph 28 of the Amended Complaint.


## COUNT II
### (Violation of 15 U.S.C. §1692c - Ocwen)

29.     Ocwen repeats and realleges its responses to paragraphs 1 through 28 above.

30.     The letters, if any, referred to in this paragraph speak for themselves.  Ocwen denies any allegations which contradict or are inconsistent with the documents.

31.     Ocwen denies the allegations contained in paragraph 31 of the Amended Complaint.

32.     Ocwen admits that it has accurately reported the Plaintiffs default on the Note and Mortgage.  Ocwen denies the remainder of the allegations contained in paragraph 32 of the Amended Complaint.

33.     Ocwen denies the allegations contained in paragraph 33 of the Amended Complaint.

## COUNT III
### (Violation of M.G.L. ch. 93A - Ocwen)

34.     Ocwen repeats and realleges its responses to paragraphs 1 through 33 above.

35.     Ocwen admits receiving a letter purporting to be a 93A demand.  Ocwen denies that such letter complies with the requirements of c.93A.

36.     Ocwen admits that it replied to the purported 93A demand.  Ocwen states that the letter speaks for itself and Ocwen denies any allegations that contradict or are inconsistent with the document.

37.     Ocwen denies the allegations contained in paragraph 37 of the Amended Complaint.

## COUNT IV
### (Violation of M.G.L. ch. 93 and Thereby ch. 93A - Ocwen)

38.     Ocwen repeats and realleges its responses to paragraphs 1 through 37 above.

39.     Ocwen denies the allegations contained in paragraph 39 of the Amended Complaint.

## COUNT V
### (Negligence - Ocwen)

40.     Ocwen repeats and realleges its responses to paragraphs 1 through 39 above.

41.     Ocwen denies the allegations contained in paragraph 41 of the Amended Complaint.

42.     Ocwen denies the allegations contained in paragraph 42 of the Amended Complaint.

43.     Ocwen denies the allegations contained in paragraph 43 of the Amended Complaint.

## COUNT VI
### (Negligence - One Call)

44.     Ocwen repeats and realleges its responses to paragraphs 1 through 43 above.

45.     The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

46.     The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

47.     The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

## COUNT VII
### (Negligence - MPIUA)

48.     Ocwen repeats and realleges its responses to paragraphs 1 through 47 above.

49.     The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

50.     The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.  Further, to the extent that this paragraph states that Ocwen was responsible for payment of the insurance premium, that allegation is denied.

51.     The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.  Further, to the extent that this paragraph states that Ocwen was responsible for payment of the insurance premium, that allegation is denied.

## COUNT VIII
### (Breach of Contract - Ocwen)

52.     Ocwen repeats and realleges its responses to paragraphs 1 through 51 above.

53.     Ocwen admits that it has the legal right to enforce the mortgage and that the plaintiff was a party to the mortgage.  Ocwen denies the remainder of the allegations contained paragraph 53 of the Amended Complaint.

54.     Ocwen denies the allegations contained in paragraph 54 of the Amended Complaint.

55.     Ocwen denies the allegations contained in paragraph 55 of the Amended Complaint.

56.     Ocwen denies the allegations contained in paragraph 56 of the Amended Complaint.

## COUNT IX
### (Breach of Contract - One Call)

57.     Ocwen repeats and realleges its responses to paragraphs 1 through 56 above.

58.     The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

59.     The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

60.     The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

## COUNT X
### (Breach of Contract - MPIUA--Notice)

61.     Ocwen repeats and realleges its responses to paragraphs 1 through 60 above.

62.     The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

63.     The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.  Further, to the extent that this paragraph states that Ocwen was responsible for payment of the insurance premium, that allegation is denied.

64.    The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.  Further, to the extent that this paragraph states that Ocwen was responsible for payment of the insurance premium, that allegation is denied.

## COUNT XI
### (Breach of Contract - MPIUA--Tender of Premium)

65.    Ocwen repeats and realleges its responses to paragraphs 1 through 64 above.

66.    The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

67.    The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

68.    The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

## COUNT XII
### (Breach of Contract - MPIUA--Payment of Claim)

69.    Ocwen repeats and realleges its responses to paragraphs 1 through 68 above.

70.    Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 70 of the Amended Complaint.

71.    Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in this paragraph.  Further, the allegations contained in

this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

72.    The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

### COUNT XIII
**(Violation of M.G.L. ch. 175 §193P - MPIUA)**

73.    Ocwen repeats and realleges its responses to paragraphs 1 through 72 above.

74.    The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

75.    The allegations contained in this paragraph pertain to another defendant and, as a result, no response is required from Ocwen.  To the extent that this paragraph suggests wrongdoing on Ocwen's behalf, those allegations are denied.

### COUNT XIV
**(Intentional Infliction of Emotional Distress - Ocwen)**

76.    Ocwen repeats and realleges its responses to paragraphs 1 through 75 above.

77.    Ocwen admits that it lawfully instituted foreclosure proceedings pursuant to the provisions contained within the Mortgage and Note.

78.    Ocwen denies the allegations contained in paragraph 78 of the Amended Complaint.

79.    Ocwen denies the allegations contained in paragraph 79 of the Amended Complaint.

80.     Ocwen denies the allegations contained in paragraph 80 of the Amended Complaint.

81.     Ocwen denies the allegations contained in paragraph 81 of the Amended Complaint.

## COUNT XV
### (Trespass to Chattel – Ocwen)

82.     Ocwen repeats and realleges its responses to paragraphs 1 through 81 above.

83.     Ocwen denies the allegations contained in paragraph 83 of the Amended Complaint.

84.     Ocwen denies the allegations contained in paragraph 84 of the Amended Complaint.

## COUNT XVI
### (Trespass – Ocwen)

85.     Ocwen repeats and realleges its responses to paragraphs 1 through 84 above.

86.     Ocwen denies the allegations contained in paragraph 86 of the Amended Complaint.

## COUNT XVII
### (Intentional Infliction of Emotional Distress – Ocwen)

87.     Ocwen repeats and realleges its responses to paragraphs 1 through 86 above.

88.     Ocwen denies the allegations contained in paragraph 88 of the Amended Complaint.

89.     Ocwen lacks sufficient information upon which to form a belief as to the truth of the allegations contained in paragraph 89 of the Amended Complaint.

90.     Ocwen denies the allegations contained in paragraph 90 of the Amended Complaint.

91.     Ocwen denies the allegations contained in paragraph 91 of the Amended Complaint.

92.     Ocwen denies the allegations contained in paragraph 92 of the Amended Complaint.

### COUNT XVIII
### (Trespass to Chattel – Ocwen)

93.     Ocwen repeats and realleges its responses to paragraphs 1 through 92 above.

94.     Ocwen denies the allegations contained in paragraph 94 of the Amended Complaint.

95.     Ocwen denies the allegations contained in paragraph 95 of the Amended Complaint.

### COUNT XIX
### (Trespass – Ocwen)

96.     Ocwen repeats and realleges its responses to paragraphs 1 through 95 above.

97.     Ocwen denies the allegations contained in paragraph 97 of the Amended Complaint.

**WHEREFORE,** Ocwen respectfully requests that the Court enter an order dismissing the Amended Complaint and awarding attorneys' fees and costs incurred in defending the Amended Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate her damages, if any, and, therefore, cannot recover in this action.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because of the loan documents.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff is estopped from recovering in this action.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed because she has not properly served Ocwen.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed because she has not properly effected service upon Ocwen.

## SEVENTH AFFIRMATIVE DEFENSE

The damages alleged by the Plaintiff were not proximately caused by Ocwen.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery in this action because of the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff, by her conduct or actions and/or the conduct or actions of her agents or servants, has waived any and all rights that she may have against Ocwen.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to any recovery under M.G.L. c. 93A because the transactions and actions set out in the Plaintiff's Complaint are permitted under the law of Massachusetts.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to comply with the conditions precedent to bringing this action as required by M.G.L. c. 93A.

## TWELVTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim against Ocwen upon which relief can be granted under M.G.L. c. 93A.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the mortgage at issue places the burden of insuring the Property upon the Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint should be dismissed for failure to join indispensable parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

This action is barred by the applicable statute of frauds.

## SIXTEENTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the parole evidence rule.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of a prior breach of contract.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any breach of the agreement or contract alleged by the Plaintiff was caused by the Plaintiff's prior breach.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unilateral mistake.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her own bad faith.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her own negligence.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for intentional infliction of emotional distress are barred because Ocwen's actions were permitted by law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any damages the Plaintiff may have incurred are completely set off by the damages Ocwen has sustained as a result the Plaintiff's own breach of contract.

## COUNTERCLAIM OF THE DEFENDANT OCWEN LOAN SERVICING, LLC AGAINST THE PLAINTIFF, JOAN CHARLES

### Allegations as to Jurisdiction

1.      Ocwen Loan Servicing, LLC (hereinafter, "Ocwen") as successor-in-

interest to Ocwen Federal Bank, FSB is a limited liability company organized under the

laws of the state of Delaware and which has a principal place of business at 1675 Palm

Beach Lakes Blvd., West Palm Beach, Florida.

2.      The Plaintiff, Joan Charles ("Charles") is a Massachusetts resident.

### The New Century Loan

3.      On or about January 7, 2002 Charles entered a loan transaction with New

Century Mortgage, Inc. whereby she received $301,750.00 in loan proceeds from New

Century.

4.      In return for the loan funds, Charles executed a promissory note in New Century's favor in the amount of $301,750.00 (the "New Century Note").

5.      The Note was secured by a mortgage executed in New Century's favor on real property known as 14 Ditson Street, Dorchester, Massachusetts (the "New Century Mortgage").

6.      The servicing of the New Century Note and Mortgage were subsequently assigned to Ocwen, pursuant to a power of attorney and pooling agreement.

7.      In return for the loan funds, Charles executed a promissory note in New Century's favor in the amount of $301,750.00 (the "New Century Note").

8.      As part of her obligations contained within the New Century Note and Mortgage, Charles was required to pay to Ocwen monthly installments of principal, interest, fees and amounts to be held in escrow for various tax and insurance obligations. Failure to pay a monthly payment is considered to be a default under the terms of the Note and Mortgage.

9.      The monthly payments were scheduled to be paid over a thirty-year period.

10.     Initially, her monthly payment was to be $2,406.27, but was subject to change because the interest rate on the Note was variable.

11.     Charles has failed to make any payments on the New Century Note and Mortgage since January 2004.

12.     Charles has failed to maintain hazard insurance as required by the New Century Mortgage.

13.    Charles currently owes over $450,000 on the New Century Note and Mortgage, consisting of past due principal, interest, fees, and escrow advancements.

**The Conseco Loan**

14.    On or about December 11, 2002, entered a loan transaction with Conseco Finance Servicing Corporation ("Conseco") whereby she received a $36,000 line of credit.

15.    In return for the line of credit, Charles executed a note in Conseco's favor. (the "Conseco Note").

16.    A security for the Conseco Note, Charles executed a mortgage on 14 Ditson Street, Dorchester, Massachusetts (the "Conseco Mortgage").

17.    Pursuant to the Conseco Note and Mortgage, Charles received approximately $24,000 in loan funds from Conseco.

18.    The Conseco Note and Mortgage required Charles to make regular monthly payments of Principal and Interest.

19.    As part of her obligations contained within the Conseco Note and Mortgage, Charles was required to pay to Ocwen monthly installments of principal, interest. Failure to pay a monthly payment is considered to be a default under the terms of the Conseco Note and Mortgage

20.    Since November 2003, Charles has failed to make her monthly payments as required under the Conseco Note and Mortgage, and as such, is in default of the Conseco Note and Mortgage.

21.    Ocwen is the authorized servicer of the Note and Mortgage pursuant to a power of attorney and pooling agreement.

**COUNT I**
**Breach of Contract**
**(New Century Loan)**

22.     Ocwen restates paragraphs 1 through 21 of its Counterclaim as if expressly restated herein.

23.     Charles' failure to make her monthly payments on the Note and Mortgage constitutes a breach of the New Century Note and Mortgage.

24.     Charles' failure to maintain hazard insurance constitutes a breach of the New Century Note and Mortgage.

25.     As a result of Charles' breach of the New Century Note and Mortgage, Ocwen has been damaged.

**COUNT II**
**Quantum Meruit**
**(New Century Loan)**

26.     Ocwen restates paragraphs 1 through 25 of its Counterclaim as if expressly restated herein.

27.     As a result of receiving the benefit of $301,750.00 in loan funds plus use of the funds without payment of interest, and her failure to make the required monthly payments when due, Charles has been unjustly enriched.

28.     Therefore, Charles is liable to Ocwen for the benefit conferred upon her.

**WHEREFORE**, Ocwen respectfully requests this Honorable Court to enter judgment in Ocwen's favor and against Charles for the full amount due Ocwen under the New Century Note and Mortgage, and for the attorney's fees and costs incurred in filing this action.

## COUNT III
### Breach of Contract
### (Conseco Loan)

29.     Ocwen restates paragraphs 1 through 28 of its Counterclaim as if expressly restated herein.

30.     Charles' failure to make her monthly payments on the Conseco Note and Mortgage constitutes a breach of the Conseco Note and Mortgage.

31.     Charles' failure to maintain hazard insurance constitutes a breach of the Conseco Note and Mortgage.

32.     As a result of Charles' breach of the Conseco Note and Mortgage, Ocwen has been damaged.

## COUNT IV.
### Quantum Meruit
### (New Century Loan)

33.     Ocwen restates paragraphs 1 through 31 of its Counterclaim as if expressly restated herein.

34.     As a result of receiving the benefit of $24,000.00 in loan funds plus use of the funds without payment of interest, and her failure to make the required monthly payments when due, Charles has been unjustly enriched.

35.     Therefore, Charles is liable to Ocwen for the benefit conferred upon her.

**WHEREFORE**, Ocwen respectfully requests this Honorable Court to enter judgment in Ocwen's favor and against Charles for the full amount due Ocwen under the Conseco Note and Mortgage, and for the attorney's fees and costs incurred in filing this Counterclaim.

**CROSS-CLAIM OF
OCWEN FEDERAL BANK FSB
AND OCWEN FINANCIAL CORPORATION
AGAINST
MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION
AND ONE CALL INSURANCE AGENCY INCORPORATED**

1.      The Defendant / Plaintiff-in-Cross-Claim Ocwen Federal Bank FSB and Ocwen Financial Corporation (together, "Ocwen") are entities with an address at 1675 Palm Beach Lakes Blvd, West Palm Beach, FL.

2.      The Co-Defendant / Defendant-in-Cross-Claim Massachusetts Property Insurance Underwriting Association ("MPIUA") is an association of property insurance underwriters with a principle place of business at Two Center Plaza, Boston, MA.

3.      The Co-Defendant / Defendant-in-Cross-Claim One Call Insurance Agency Incorporated ("One Call") is a domestic corporation with a principle place of business at 121B Tremont Street, Suite 25, Brighton, MA.

4.      According to the MPIUA policy No. 0662672-3 dated January 8, 2003 (the "Policy"), the Plaintiff Joan Charles was a named insured and Ocwen was named as a mortgagee.

5.      On or about March 16, 2005, Joan Charles filed an Amended Complaint (incorporated by reference herein) in this Court, alleging, among other things, that Ocwen was negligent in failing to pay the insurance premiums for the Policy.

**Count I**
**(Contribution Against MPIUA)**

6.      Ocwen repeats and incorporates by reference paragraphs 1 through 5 above, as if set forth fully herein.

7.      Ocwen specifically denies that it is liable to the Plaintiff.  However, if Ocwen is found liable to the Plaintiff, then MPIUA is a joint tortfeasor, such that MPIUA is liable for its contribution share of liability to the Plaintiff, in accordance with M.G.L. ch. 231B §1 et seq.

**Count II**
**(Breach of Contract Against MPIUA)**

8.      Ocwen repeats and incorporates by reference paragraphs 1 through 7 above, as if set forth fully herein.

9.      Pursuant to the Policy, MPIUA was required to notify Ocwen at least 10 days prior to any cancellation or non-renewal.

10.     On January 8, 2004, the Policy was cancelled for non-payment of premiums.

11.     At no time prior to January 8, 2004 did MPIUA notify Ocwen that it had decided to cancel the Policy.

12.     MPIUA's failure to notify Ocwen of its decision to cancel the Policy at least 10 days prior to the cancellation constitutes a breach of an insurance contract.

13.     As a result of MPIUA's breach of the Policy provisions, Ocwen has incurred damages.

**Wherefore,** Ocwen respectfully requests that judgment enter in its favor on Counts I and II of its Cross-Claim against MPIUA, including interest, costs and attorneys' fees.

### Count III
### (Contribution Against One Call)

14.    Ocwen repeats and incorporates by reference paragraphs 1 through 13 above, as if set forth fully herein.

15.    Ocwen specifically denies that it is liable to the Plaintiff.  However, if Ocwen is found liable to the Plaintiff, then One Call is a joint tortfeasor, such that One Call is liable for its contribution share of liability to the Plaintiff, in accordance with M.G.L. ch. 231B §1 et seq.

### Count IV
### (Negligence Against One Call)

16.    Ocwen repeats and incorporates by reference paragraphs 1 through 15 above, as if set forth fully herein

17.    As insurance agent for Charles, One Call owed a duty to Ocwen to inform Ocwen of the amounts due under the Policy, the name and address of the insurance carrier, and if said insurance carrier intended to cancel the Policy.

18.    One Call breached its duty to Ocwen by failing to inform Ocwen that the Policy was to be cancelled on January 8, 2004.

19.    As a result of One Call's negligence, Ocwen has sustained damages.

**Wherefore,** Ocwen respectfully requests that judgment enter in its favor on Count III and IV of its Cross-Claim against One Call, including interest, costs and attorneys' fees.

### Jury Demand

Ocwen respectfully requests a jury trial on all issues so triable.

> OCWEN LOAN SERVICING, LLC as successor-in-interest to OCWEN FEDERAL BANK FSB and OCWEN FINANCIAL CORPORATION;
> By their attorneys,
>
> /s/ Christopher J. DeCosta
> Paul Michienzie, Esq. - BBO #548701
> Christopher J. DeCosta, Esq. – BBO #657527
> Michienzie & Sawin LLC
> 745 Boylston Street, 5th Floor
> Boston, MA 02116
> Tel. 617-227-5660

Dated: February 12, 2007

## CERTIFICATE OF SERVICE

I, Christopher J. DeCosta, hereby certify that I served a true and accurate copy of the foregoing, via electronically filing upon the following:

Michael W. Reilly, Esq.
Tommasino & Tommasino
2 Center Plaza
Boston, MA  02108

William B. Chapman, Esq.
Melick, Porter & Shea, LLP
28 State Street
Boston, MA   02109-1775

James Hoyt, Esq.
Portnoy & Greene, P.C.
687 Highland Avenue
Needham, MA 02494

/s/ Christopher J. DeCosta____
Christopher J. DeCosta