UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN CHARLES,<br>         Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK FSB, OCWEN<br>FINANCIAL CORPORATION,<br>MASSACHUSETTS PROPERTY<br>INSURANCE UNDERWRITERS<br>ASSOCIATION, and ONE CALL<br>INSURANCE AGENCY,<br>INCORPORATED,<br>         Defendants. | CIVIL ACTION NO. 04-11625-RWZ |

**MEMORANDUM OF THE DEFENDANTS OCWEN LOAN SERVICING, LLC
AS SUCCESSOR-IN-INTEREST TO OCWEN FEDERAL BANK, FSB AND
OCWEN FINANCIAL CORPORATION IN SUPPORT OF ITS MOTION FOR
RECONSIDERATION OF THE COURT'S ORDER ON THE PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

The defendants, Ocwen Loan Servicing, LLC as successor-in-interest to Ocwen

Federal Bank, FSB and Ocwen Financial Corporation (collectively, "Ocwen")

respectfully submit this Memorandum in Support of Ocwen's Motion for Reconsideration

of the Court's Order on the Plaintiff's Motion for Partial Summary Judgment.  This

Motion and Memorandum are provided pursuant to discussions with the Court at the

pretrial conference on April 25, 2007.

The Court has opined in its March 26, 2007 Order ("Order"), that based on the

text of the statute, RESPA does not require notice to the lender before the lender must

pay the insurance premiums from escrow.  Respectfully, Ocwen submits that the only

workable and reasonable application of RESPA to the facts of this case requires such notice.

The applicable RESPA provision requires only that the lender make payments from escrow "as they come due." 12 U.S.C. §2605(g). RESPA does not spell out further what is required. However, it follows that in order to comply with this provision, one must be aware that such a payment has "come due." Holding otherwise would be an unreasonable application of the law, and would place the burden on the *lender*, not the borrower to maintain insurance on the property. Such interpretation flies in the face of the express provisions of the Mortgage and reads additional requirements into RESPA not expressly authorized by Congress.

The Court is correct in pointing out the scarcity of Federal decisional law in this area. However, the *Hyderi* decision to which the Court cites is instructive. In *Hyderi*, the plaintiff, like the Plaintiff in the case at bar, took the position that a lender violates §2605(g) simply by failing to make an insurance payment regardless of whether the lender received notice of the due premium. *Hyderi v. Washington Mut. Bank,* 235 F.R.D. 390 FN 9 (N.D. Ill. 2006). The *Hyderi* court characterized this absolutist construction of RESPA as a "novel interpretation of Section 2605(g)." *Id.* The Court recognized that there is *no indication that 12 USC §2605(g) was designed to impose absolute liability. Id.* The Court recognized instances wherein absolute liability should not be imposed if it would produce absurd results. *Id.* Requiring a lender to pay an obligation without notice of such an obligation would produce such an absurd result. Therefore, §2605(g) should not be enforced against a lender without notice of a payment obligation.

Moreover, imposing liability without notice is tantamount to requiring the *lender* to obtain and maintain hazard insurance. If no notice is required, the lender would be required to investigate whether such coverage exists, make payment, and place the policy if the borrower has failed to do so. This burden shifting directly contravenes the terms of the Mortgage, which places the duty on Ms. Charles not Ocwen. *See* 12 USC §2615 (providing that nothing in RESPA affects the validity of a mortgage). Furthermore, in those instances where the insurance policy has expired and no new policy is in place, without notice of a new payment obligation, the lender would have no choice but to issue a payment to the old insurer at the old premium, an action that would invite liability upon the lender for making the wrong payment to the wrong entity. A more reasonable approach under RESPA is to require the lender upon receipt of notice to pay the premium. If the lender does not receive notice, the lender should not be held responsible for payment.

This common sense approach with respect to payments made on escrowed loans has been endorsed by courts in many states[1]. Courts have distinguished between the duty to pay insurance premiums from escrow and the duty to maintain the insurance itself. The lender, by receiving payments and maintaining the escrow agrees to make payments from escrow *only when requested*. The borrower retains the duty to maintain the insurance and renew when appropriate. By example, in *Hassell v. Sterling Fed. Sav. & Loan Assoc.,* 271 N.E. 2d. (Ill. 1971), an Illinois appeals court held that a provision in a mortgage requiring the mortgagor to escrow the insurance premiums and for the mortgagee to pay the premiums when due did not imply a duty on the part of the

---

[1] Although these cases are not decided under RESPA, they do illustrate the approach taken in many jurisdictions where the duty to maintain hazard insurance lies by contract with the mortgagor, but the insurance payments are held in escrow by the mortgagee.

mortgagee to ensure the policy was renewed.  In the *Hassell* court's view, the mortgagor's duty to provide the insurance implied a duty on the part of the mortgagor to request payment.  *See also Home Fed. Sav. & Loan Assoc. v. Dooley's of Tucson,* 716 P.2d 1042 (Ariz. 1986) (holding mortgagee who held funds in trust to pay insurance premiums did not breach duty to mortgagor by failing to pay such premiums when no bill was received by the mortgagor). *Beckford v. Empire Mut. Ins. Group*, 135 A.D. 2d. 228, 233 (N.Y. 1988). (holding that the monthly payments to be held in escrow to be used for payment of the insurance premium does not impose a duty upon the lender to acquire insurance upon cancellation of the policy).

The instant case is not simply an instance where the lender failed to pay an obligation before the deadline for payment.  The policy period had expired and there was no policy in place after January 8, 2004 for which to make payment.  At the end of the policy period, Ms. Charles was under no duty to purchase additional coverage from MPIUA.  To obtain insurance, Charles could have solicited any willing insurer. Moreover, she could have tendered payment herself and recouped the funds from Ocwen. The duty to maintain insurance rested *solely* with the Plaintiff. Ocwen's only duty was to pay the premiums from the account when notified of the obligation. [Mortgage, ¶¶3 & 15].  As a result, without a policy in place creating the duty to pay a premium, Ocwen had no payment due for it to consider.

If the Court were to reverse its ruling on the Motion, the Plaintiff would still have opportunity to litigate her RESPA claim.  The Plaintiff would be free to assert that Ocwen had received the required notice, assuming there is competent evidence supporting the claim.  The dispute would be resolved by a jury upon reviewing the

evidence and evaluating the credibility of the witnesses. As such, Ocwen requests that

this Honorable Court allow Ocwen to defend the Plaintiff's RESPA claim at the trial of

this matter.

WHEREFORE, Ocwen respectfully requests this Honorable Court to enter an

Order modifying its Order of March 26, 2007 and thereby denying the Plaintiff's Motion

for Partial Summary Judgment.

Respectfully submitted by,

**DEFENDANTS OCWEN LOAN SERVICING,
LLC AS SUCCESSOR-IN-INTEREST TO
OCWEN FEDERAL BANK FSB AND OCWEN
FINANCIAL CORPORATION**

By their attorneys,

  /s/ Christopher J. DeCosta
Paul Michienzie, Esq. - BBO #548701
Christopher J. DeCosta, Esq. – BBO #657527
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, MA 02116

Dated: May 22, 2007

## CERTIFICATE OF SERVICE

I, Christopher J. DeCosta, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by U.S. mail, first class, postage pre-paid or ECF on May 22, 2007.


 /s/ Christopher DeCosta
Christopher J. DeCosta