UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *Joan Charles*,<br>    *Plaintiff*,<br><br>v.<br><br>*Ocwen Federal Bank, FSB;*<br>*Ocwen Financial Corporation;*<br>*Massachusetts Property Insurance*<br>*Underwriting Association and One Call*<br>*Insurance Agency, Inc.*<br>    *Defendants.* | )<br>)<br>)<br>)<br>)   C.A. No. 04-11625-RWZ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF, JOAN CHARLES', OPPOSITION AND MEMORANDUM TO THE MOTION FOR RECONSIDERATION OF DEFENDANT OCWEN LOAN SERVICING LLC

NOW COMES the plaintiff in this action, Joan Charles (hereinafter "Plaintiff"), by and through her counsel, James Hoyt, Portnoy & Greene, P.C., and hereby submits this her opposition and memorandum to the Motion for Reconsideration of Defendant Ocwen Loan Servicing, LLC, successor to Ocwen Federal Bank, FSB and Ocwen Financial Corporation (hereinafter "Ocwen"). Plaintiff presents such opposition on two grounds: 1) Ocwen presents the exact same facts and essentially the same arguments as it presented in its original opposition to Plaintiff's Motion for Summary Judgment, failing to raise any issue generally considered to be valid grounds for reconsideration; and 2) this Court's granting summary judgment was a proper and valid interpretation of the relevant statute.

**I.    Plaintiff's Motion for Reconsideration fails to raise any new facts or legal argument.**

"To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." ISG v. GREENBERG TRAURIG, *482 F.3d 1, 6* (1st Cir. 2007) quoting PALMER v. CHAMPION MORTG., *465 F.3d 24*, 30 (1st Cir. 2006).

"Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." PALMER v. CHAMPION MORTG., *465 F.3d 24, 30* (1st Cir. 2006), quoted by ISG v. GREENBERG TRAURIG, *482 F.3d 1, 14* (1st Cir. 2007).

"The granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly."" PALMER v. CHAMPION MORTG., *465 F.3d 24, 30* (1st Cir. 2006), quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995).

Ocwen's Motion for Reconsideration does nothing but revisit and reargue theories and facts that it did, at length, address in its opposition to Plaintiff's Motion for Summary Judgment. There are certainly no new facts raised by Ocwen, and its entire argument is a re-argument of what Congress intended in the plain language of 12 U.S.C. §2605(g).

**II.  The plain language of 12 U.S.C. §2605(g) was properly interpreted by the Court.**

Ocwen continues to argue that somehow 12 U.S.C. §2605(g) must not and can not make the escrow agent / lender responsible for payment of insurance premiums, arguing incredulously that "[h]olding otherwise would place the burden on the *lender,* not the borrower.…" *Ocwen's Memorandum, p. 2.*  Such shifting of burden is, however, obviously and exactly what was intended by the relevant provisions of RESPA.  The Plaintiff fulfilled her obligation with regard to the insurance when she paid Ocwen, as escrow agent, for such insurance.  It is imminently reasonable for a regulatory statute such as RESPA to shift the burden to the escrow agent, and this is exactly what the plain language of the statute does.  The statute's use of "*shall"* is not ambiguous, nor is it made contingent on any event whatsoever, and the corresponding regulations only require that the borrower's payment not be more than 30 days overdue.  The

facts are quite simple, Plaintiff paid Ocwen and Ocwen did not pay the insurance, a clear failure of its obligation under RESPA.

WHEREFORE, Plaintiff requests that Ocwen's Motion for Reconsideration be denied.

                                        Respectfully Submitted,
                                        The Plaintiff,
                                        Joan Charles,
                                        By her Attorney,

                                        __s/ James Hoyt_____
                                        James Hoyt (BBO # 644651)
                                        Portnoy & Greene, P.C.
                                        Attorney for Plaintiff
                                        687 Highland Ave.
                                        Needham, MA 02494

Dated: June 8, 2007                        (781) 644-6050

## CERTIFICATE OF SERVICE

I, James Hoyt, hereby certify that a copy of the forgoing Opposition and Memorandum was served this 8th day of June, 2007 via the Court's CM/ECF filing to the following persons:

William B. Chapman
Melick, Porter & Shea, LLP

Michael W. Reilly
Tommasino & Tommasino

Paul Michienzie
Christopher DeCosta
Michienzie & Sawin, LLC

                                        s / James Hoyt_____
                                        James Hoyt