**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
|  | CIVIL ACTION NO.: 04-11625 RWZ ) |
| **JOAN CHARLES**, | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| **OCWEN FEDERAL BANK, OCWEN FINANCIAL CORPORATION, MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION** and **ONE CALL INSURANCE AGENCY, INC.**, | ) ) ) ) |
| Defendants, | ) ) |

**EMERGENCY MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER BY MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION**

Now comes the Defendant, Massachusetts Property Insurance Underwriting Association ("MPIUA"), pursuant to Federal Rule Civil Procedure 26(c) and moves this Court to issue a Protective Order and to quash the Deposition noticed by Plaintiff Joan Charles for July 9, 2007 attached hereto as Exhibit I and the Deposition noticed by Co-Defendant Ocwen Federal Bank for July 9, 2007 attached hereto as Exhibit II.

In support thereof, the Defendant says:

1. The Joan Charles' Notice of Deposition should be quashed because Joan Charles has no claims left pending before this Court. This Court entered Summary Judgment dismissing Joan Charles' claims against MPIUA and

One Call. Joan Charles has settled her claims with Ocwen Federal Bank. There are no claims remaining by Ms. Charles. Ms. Charles is not entitled to take further Discovery.

2. Joan Charles' Notice of Deposition should be quashed and a Protective Order should be issued because the discovery deadline has long since passed in this case, and no good cause has been provided for the failure to comply with the discovery deadline.

3. Joan Charles' Notice of Deposition should be quashed and a Motion for a Protective Order should be issued because this Court has previously allowed a Motion to Quash the Deposition of MPIUA on October 20, 2006 on the grounds that the depositions in October of 2006 were untimely. These depositions are even more untimely in July of 2007.

4. The Court should quash the Deposition notice of Ocwen Bank because Ocwen Bank has no viable claims left in this case. Ocwen Bank has settled its dispute with Joan Charles. The remaining claims by Ocwen Bank are its cross-claims against MPIUA and One Call. Those cross-claims arise from contribution and breach of contract. Those claims were resolved by this Court in its decision on the Motion for Summary Judgment. Under the doctrine of the law of the case, Ocwen cannot recover on its cross-claims when its cross-claims theories have been rejected by this Court's decision on the Motion for Summary Judgment.

5. The Notice of Deposition of Ocwen Bank should also be quashed by this Court and a Protective Order should be entered because, as set out above, the discovery deadline on this case has long since lapsed and the Court previously allowed a Motion to Quash the same deposition in October of 2006.

6. The Defendant has submitted a Memorandum of Law in support of this Motion to Quash and the Motion for a Protective Order.

WHERFORE:  The Defendant moves this Court to quash the Notices or Depositions by Joan Charles and Ocwen Federal Bank, to issue a Protective Order that those depositions shall not be taken unless the Court specifically authorizes them and, if requested by Ocwen Bank, set a schedule for the filing of Summary Judgments on Ocwen Bank's cross-claim against MPIUA.

    Respectfully submitted,
    By my attorney,

    /s/ Michael W. Reilly, Esq.
    Tommasino & Tommasino
    2 Center Plaza
    Boston, MA   02108
    (617) 723-1720
    MA BBO# 415900

MPIUA certifies that it complied with Local Rule 37.1 prior to filing this motion.

_____
/s/ Michael W. Reilly, Esq.