# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
|  | CIVIL ACTION NO.: 04-11625 RWZ |
| JOAN CHARLES, )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>OCWEN FEDERAL BANK, OCWEN FINANCIAL )<br>CORPORATION, MASSACHUSETTS PROPERTY )<br>INSURANCE UNDERWRITING ASSOCIATION )<br>and ONE CALL INSURANCE AGENCY, INC., )<br>        Defendants, )<br>) |  |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

### I.  INTRODUCTION

The Plaintiff served her complaint on Defendant MPIUA in August of 2004. In April of 2005, the Court instructed the parties to complete all Discovery and report back by June of 2005. In August of 2005, the Plaintiff indicated that she was going to participate in a reference hearing in order to try to resolve some of the issues in this case.

In May of 2006, the court held a further scheduling conference and ordered Plaintiff's Summary Judgment Motions to be filed on or before June 1, 2006. The Defendant Ocwen indicated that it needed to take the deposition of Plaintiff Joan Charles and did not request any other depositions. The Plaintiff scheduled no depositions at that time. The Court granted several extensions of time for discovery in order to allow the

deposition of Joan Charles. That deposition occurred on September 20, 2006. On September 28, 2006 Defendants filed various Summary Judgment Motions against the Plaintiff.

On October 5, 2006, the Plaintiff issued a Notice of Deposition of MPIUA for October 13. MPIUA filed a Motion to Quash the depositions. This Court allowed that Motion on October 20 , 2006. The grounds of the Motion to Quash were that the Notice of Deposition was long after the Discovery deadline had run, that there was no good cause given for the late notice in the scheduling of the deposition, and that no previous attempt had been made to obtain any discovery from MPIUA.

Ocwen Insurance in February of 2007 answered the Amended Complaint of the Plaintiff and asserted a cross-claim again MPIUA. The answer was filed after all parties had fully briefed the Motions for Summary Judgment. The cross-claim alleged that MPIUA was liable as a joint tort feaser under Massachusetts General Law Chapter 231 Section 1 and that MPIUA breached its contract because it was required to notify Ocwen prior to any cancellation or non-renewal of the insurance contract.

On March 26, 2007, this Court allowed MPIUA's Motion for Summary Judgment and issued a Memorandum of Decision. This Court found that MPIUA did not breach its contract of insurance with Joan Charles when it failed to pay the claim (Memorandum of Decision Pages 10 and 11) and that MPIUA's failure to pay the claim did not constitute negligence (Memorandum of Decision Page 11).

On April 26, 2007, this Court held a further pre-trial conference. The Plaintiff indicated that she wished to take three depositions in order to complete discovery on her claim against Ocwen Federal Bank. Ocwen Bank did not indicate it had any further discovery to be completed. The Court referred the case to the Magistrate for arbitration.

On June 21, 2007, the Magistrate Kenneth Neiman held a mediation between Joan Charles and Ocwen Federal Bank. Neither MPIUA nor One Call Insurance attended the mediation since they had previously advised both the Magistrate and the parties that in light of this court's action on the Motion of Summary Judgment, they did not intend to participate in any mediation. Magistrate Neiman's report after mediation indicated that all claims between Joan Charles and Ocwen Federal Bank were resolved at the mediation. The case was referred back to this court to deal with the "remaining matters."

## II.  THE COURT SHOULD QUASH THE NOTICE BY JOAN CHARLES AND ISSUE A PROTECTIVE ORDER.

### A. Joan Charles Has No Remaining Claims in this Case.

Ms. Charles' claim against Ocwen Federal Bank has been resolved by settlement. Her claims against MPIUA and One Call Insurance have been resolved by the Court's decision on the Motion for Summary Judgment. Ms. Charles filed her complaint

against three Defendants, Ocwen Bank, MPIUA and One Call. Ms. Charles, per the report of Magistrate Neiman, has resolved all of her claims with Ocwen Federal Bank. This Court has entered Summary Judgment on all of Ms. Charles' claims against MPIUA and One Call Insurance. As a result, Ms. Charles has no pending claims before this court and has no basis for marking depositions to pursue claims that do not exist. The Court should quash the notice of deposition.

### B. The Time for Discovery in This Case Has Long Since Passed.

This action was originally served on MPIUA in August of 2004. In the three years since that time, Joan Charles has served no Interrogatories or Request for Production of Documents on MPIUA and made no attempt to depose MPIUA until October of 2006 after Summary Judgment Motions had been filed. Ms. Charles has simply not made any real effort to conduct discovery in this case. It would not be appropriate for the Court to allow discovery to proceed at this point, three years after the case was filed and a year after discovery was completed. The failure to conduct discovery is particularly startling because Ms. Charles has never made the slightest attempt to explain or excuse her failure to conduct discovery. There is no good cause offered to the failure to pursue this case.

### C. This Court Quashed This Deposition in October of 2006.

Nine months ago, Ms. Charles attempted to depose MPIUA. MPIUA filed a Motion to Quash, raising similar issues as raised in this Motion. This Court allowed the

Motion to Quash. This new deposition notice is, in effect, a Motion to Reconsider the Court's Order Allowing the Motion to Quash. There is no reason to reconsider the Motion to Quash, which was properly allowed on October of 2006 and should be allowed at this point.

### III. THE COURT SHOULD QUASH THE DEPOSITION NOTICE OF ONE CALL AND GRANT A PROTECTIVE ORDER.

**A. There is Good Cause for Conducting Late Discovery by Ocwen Federal Bank.**

Ocwen Federal Bank has been a party to this lawsuit for three years. Ocwen Federal Bank has been subject to all of the discovery deadlines the court has set. In particular, Ocwen Federal Bank was subject to the discovery deadline which the court set in June of 2006. Ocwen requested the Court on several occasions to extend the Discovery deadline in order to allow it to depose Joan Charles, which the Court did. At no point, prior to the Notice served on June 22, 2007 had Ocwen indicated that it had any desire to depose MPIUA or One Call. The Court should not allow Ocwen to commence discovery three years after an action was filed and a year after discovery was to have been completed, particularly when it has offered no good cause for its failure to conduct this discovery at any time during the last three years.

### B. Ocwen Also Has No Viable Claim to Pursue in This Case.

Ocwen's claim against Joan Charles has been settled by mediation. Ocwen's cross-claims against MPIUA have been resolved by this Court's Memorandum of Decision on March 26, 2007 on the Summary Judgment Motion by MPIUA.

Initially, it should be noted that the Motions for Summary Judgment were filed by MPIUA in October of 2006. At that point, Ocwen had not answered the Amended Complaint by Joan Charles, and thus there was no pending cross claims by Ocwen which could be addressed in MPIUA's Motion for Summary Judgment. After MPIUA filed its Motion for Summary Judgment, but before this Court decided the Motion, Ocwen filed an Answer to the Amended Complaint with a cross claim against MPIUA. As a result, neither MPIUA nor this court has the opportunity to address the cross-claim in connection with the Motion for Summary Judgment.

The cross-claims of Ocwen raised the identical issues that were resolved by this Court. Count I of the cross-claim seeks contribution pursuant to M.G.L. Ch. 231(b) Sec. 1. That contribution statute allows contribution "where two or more persons become jointly liable in tort for the same injury to person or property." This Court in its Memorandum of Decision ruled on Page 11 that the Defendant MPIUA was not negligent. As a result, MPIUA is not a joint tortfeasor pursuant to 231(b) Section 1. The Court's decision on the Motion for Summary Judgment resolves the contribution issue. 231(b) Sec. (3) specifically

provides that "the judgment of the Court in determining the liability of the several Defendants to the Claimant for an injury shall be binding as among such Defendants in determining their right to such contribution." This Court has determined that the Defendant MPIUA is not liable in tort to Joan Charles. Ocwen Bank is bound by that decision when it seeks contribution.

Similarly, Count II of the cross-claim alleges that MPIUA breached a contract with Ocwen because it did not provide notice prior to any cancellation or non-renewal. Putting aside, for the moment, the fact that MPIUA did not have any contract with Ocwen Insurance, this Court specifically addressed the issue on Pages 11 and 12 of its decision and held that this case involves a "non-renewal by the <u>insured</u> and not a non-renewal initiated by <u>the insurer</u>" and therefore no notice was required by MPIUA. Ocwen is attempting to make the same argument, as a third party beneficiary to the insurance contract, that failed when made by Joan Charles, the first party to the contract.

This Court should enter a Motion to Quash and a Protective Order in regards to the deposition of Ocwen Federal Bank. If Ocwen Federal Bank insists that its cross-claims continues to be viable despite the Court's decision on the Motion for Summary Judgment, the Court should allow the Defendants time to move for Summary Judgment on the Ocwen cross-claim.

## IV. COMPLIANCE WITH LOCAL RULE 37.1.

Counsel for MPIUA, Michael W. Reilly, Esq., certifies that he complied with Local Rule 37.1 by conducting a telephone conference on behalf of MPIUA and One Call Insurance with James Hoyt, Counsel for Ms. Charles, on June 25, 2007. Mr. Hoyt refused to withdraw his Notice of Deposition and indicated that Defendant should file a Motion to Question if they though it was appropriate.

On June 26, 2007, Michael W. Reilly, Esq. left a telephone message for Christopher DeCosta, counsel for Ocwen explaining the reasons that MPUA and One Call were seeking to quash the subpoena. Mr. DeCosta called back and left a phone message indicating that One Call would not withdraw the Notices of Deposition.

## V. CONCLUSION

All of the issues in this case have been resolved. This Court should not allow Ms. Charles or Ocwen to conduct further discovery at this late date on claims that have been resolved.

Respectfully submitted,
By my attorney,

/s/ Michael W. Reilly, Esq.
Tommasino & Tommasino
2 Center Plaza
Boston, MA  02108
(617) 723-1720
MA BBO# 415900