UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11625RWZ

| | |
|---|---|
| JOAN CHARLES,<br>    Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK, FSB;<br>OCWEN FINANCIAL CORPORATION;<br>MASSACHUSETTS PROPERTY<br>INSURANCE UNDERWRITING<br>ASSOCIATION; and<br>ONE CALL INSURANCE AGENCY,<br>INCORPORATED,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT, ONE CALL INSURANCE AGENCY INCORPORATED'S, MOTION TO QUASH PLAINTIFF, JOAN CHARLES', NOTICE OF TAKING DEPOSITION AND CO-DEFENDANT, OCWEN FEDERAL BANK, FSB'S, CROSS-NOTICE FOR TAKING DEPOSITION OR, ALTERNATIVELY, REQUEST FOR ENTRY OF PROTECTIVE ORDER WITH RESPECT TO THE DEPOSITION NOTICES**

Now comes the Defendant, One Call Insurance Agency Incorporated (hereinafter "One Call"), and moves this Honorable Court to quash the deposition notice directed to One Call by plaintiff's counsel on June 21, 2007, purporting to schedule a Fed. R. Civ. P. 30(b)(6) deposition of a representative of One Call for 10:00 a.m. on Tuesday, July 10th, 2007, a copy of which is attached as Exhibit A. In addition, One Call moves this Honorable Court to quash the co-defendant, Ocwen Federal Bank, FSB's (hereinafter "Ocwen"), cross-notice of taking deposition of a representative of One Call for 10:00 a.m. on Tuesday, July 10th, 2007, a copy of which is attached as Exhibit B. Alternatively, One Call respectfully requests that this Honorable Court issue a protective order

regarding the Rule 30(b)(6) deposition notices and preventing further discovery requests from the plaintiff and Ocwen. The grounds for this motion are more fully set forth below.

## I. FACTUAL AND PROCEDURAL HISTORY

1. One Call was served with this Complaint in August of 2004.

2. In February of 2005, the Court ordered initial discovery to be made by the parties.

3. On February 8, 2005, the plaintiff served One Call with a Notice of Taking Deposition scheduled for February 23, 2005. The deposition was cancelled by agreement. In April of 2005, counsel for the plaintiff represented to the court that he still intended to depose a representative of One Call, as well as other parties. At that time, the Court ordered the parties to go forward on all necessary depositions and report back in June of 2005 on the status of the case. Despite his prior representations, the plaintiff's counsel never took any steps to proceed with the depositions he outlined. Rather, at the June 2005 conference, the plaintiff's counsel indicated that other available insurance for the plaintiff's claim had been located, a reference proceeding was possible (which might in turn obviate the claims against the Fair Plan and One Call), and he did not express any intention to take any discovery from One Call. From the June 2005 status conference until October of 2006, the plaintiff never indicated any further intent to depose One Call. (The plaintiff did send interrogatories to One Call, which One Call answered a long time ago.)

4. In May of 2006, the Court held a further scheduling conference and ordered the plaintiff's Summary Judgment Motion to be filed on or before June 1, 2006. Ocwen indicated at that hearing that it needed to depose the plaintiff prior to responding to Summary Judgment. The court ordered that this one deposition was to be completed before June 1st, 2006. The plaintiff at no time indicated

2

any need to take any depositions. Indeed, at the May 2006 conference, plaintiff's counsel represented to the court that he intended to serve a summary judgment motion as to liability against Ocwen, and that if successful he would *voluntarily dismiss both One Call and the Fair Plan*.  After the plaintiff failed to produce documents, the Court continued the time for Ocwen to file oppositions to the plaintiff's Motion for Summary Judgment based upon that outstanding discovery and the need to depose the plaintiff. The plaintiff was deposed on September 20, 2006.

5. In accordance with the amended scheduling order for the case[1], on September 28, 2006, the defendants filed various Summary Judgment Motions against the Plaintiff.

6. On October 6, 2006, the plaintiff, in complete disregard to the expiration of the discovery deadline and his prior waiver of intent to depose One Call, plaintiff's counsel noticed the deposition of Mr. Harold Salant (the principal of One Call), as well as the Fair Plan and Ocwen. One Call filed a Motion to Quash Deposition which the court granted on October 20, 2006. The Fair Plan and Ocwen filed similar motions which the court also granted on the same date.

7. The various Summary Judgment Motions (including One Call's) were heard on November 16, 2006. On January 17, 2007, a status conference was held. On March 26, 2007, the Court granted One Call's Motion for Summary Judgment. The court also allowed the Fair Plan's Motion for Summary Judgment, and allowed plaintiff's Motion for Summary Judgment against Ocwen on the liability issue. Based on the court's Summary Judgment rulings, the matter was to proceed between

---

[1] The electronic notice from the court stated as follows:
"Docket Text: Judge Rya W. Zobel : endorsed ORDER entered granting [40] Motion for Extension of Time; opposition 9/28/06 for summary judgment; 10/19/06 for oppositions to cross motions; 10/26/06 for replies; Motion Hearing set for 11/9/2006 02:00 PM in Courtroom 12 before Judge Rya W. Zobel. There will be no more extensions. (Urso, Lisa)"

the plaintiff and Ocwen, alone.

8. One Call is out of the case and plaintiff and Ocwen have reportedly settled. Plaintiff and Ocwen now seem to claim there is a remaining claim to be tried by Ocwen against One Call and by Ocwen against the Fair Plan. However, these claims are meritless and do not constitute a proper basis on which further discovery (or any further proceedings) might be had against One Call (or the Fair Plan). For example, and with that limitation, one of Ocwen's purported claims was asserted against One Call two months <u>after</u> the Summary Judgment Motions were briefed and argued. The late filed cross-claim of negligence is procedurally inappropriate and substantively meritless. Furthermore, Ocwen's pre-existing cross-claim of contribution was discharged by M.G.L. 231B(3)(f) as a result of the Summary Judgment decision in favor of One Call.

9. On April 25, 2007 a status conference was held. One-Call has consistently and repeatedly taken the position that it is effectively out of the case. The court then referred the plaintiff and Ocwen to mediation. At that time, the plaintiff was allowed the right to three depositions <u>as it related to the plaintiff's claims against Ocwen</u>. A deposition of One Call was not specifically ordered by the Court nor was it agreed to by One Call. At no point during the status conference did the court reverse its previous decision in favor of One Call's Motion to Quash Deposition of October 13, 2006 or any other time.

10. On June 25, 2007, the plaintiff and Ocwen reported to the court that they had settled the matter and a thirty-day order of dismissal was entered.

11. Despite the pending settlement agreement, the plaintiff and Ocwen have noticed the deposition of One Call for July 10, 2007 at 10:00 a.m.

4

## II. ARGUMENTS

### A. PLAINTIFF AND OCWEN'S DEPOSITION NOTICES SHOULD BE QUASHED.

One Call requests that the deposition notices served on it by the plaintiff and Ocwen be quashed for several reasons. First, the discovery deadline has long passed, and the current notice is in express contradiction of the plaintiff's representations to the court at the May 17, 2006 status conference in which all further steps for this case were specifically discussed and agreed. In the wake of conducting certain agreed discovery, the parties filed their respective summary judgment motions with the court. One Call's Motion for Summary Judgment was granted on March 26, 2007 which effectively discharged it from the subject litigation.

Second, at the April 25, 2007 status conference, the court allowed the plaintiff the right to three depositions <u>as it related to her claims against Ocwen</u> only. The plaintiff unsuccessfully attempted to depose One Call eight months ago. The court granted One Call's Motion to Quash Deposition in response to the plaintiff's October 2006 notice to it. At the April 25, 2007 status conference, the court did not reverse its previous decision concerning the taking of One Call's deposition, nor did it specifically order that One Call be deposed, nor did One Call agree to be deposed. Therefore, the plaintiff and Ocwen should be barred from their current attempt to depose One Call.

The attempt to depose One Call amounts to mere harassment in light of fact that One Call was essentially discharged from the case by Summary Judgment Motion three months ago. In addition, the preservation of judicial economy and fairness to One Call should prevent the plaintiff and Ocwen from conducting additional irrelevant discovery as the remaining issues strictly relate to

the claims between the two parties only. The defendant, One Call Insurance Agency Incorporated, respectfully moves this Honorable Court to quash the deposition notices for One Call ostensibly scheduled for 10:00 a.m. on July 10, 2007 (or any other time).

B. **ALTERNATIVELY, ONE CALL REQUESTS THE ENTRY OF A PROTECTIVE ORDER WITH RESPECT TO PLAINTIFF AND OCWEN'S DEPOSITION NOTICES.**

In the alternative to quashing the plaintiff and Ocwen's request for deposition, One Call should be granted a protective order denying further requests of the same. A protective order may be issued pursuant to Fed. R. Civ. P. 26(c), upon a motion by a party for cause shown and as justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. The plaintiff and Ocwen should not be allowed to circumvent the court's prior decisions, in favor of One Call, in a vain attempt to reopen discovery. Allowing the deposition testimony of One Call, at this point in time, will be irrelevant, a waste of judicial economy, and will impose an unnecessary burden and expenses upon One Call. Furthermore, subjecting One Call to a deposition would be unjust in consideration of the fact that: (1) the discovery deadline expired two years ago; (2) the court denied the plaintiff's previous attempt to depose One Call in October of 2006; (3) summary judgment was found in favor of One Call which effectively discharged it from the case; (4) the court's April 25, 2007 decision to allow the plaintiff the right to three depositions was strictly related to the plaintiff's claims against Ocwen; (5) the plaintiff and Ocwen have settled their claims; and (6) an Order of Dismissal has been entered.

### III. **CONCLUSION**

Based on the foregoing arguments, One Call respectfully requests that this Honorable Court ALLOW its Motion to Quash the Plaintiff, Joan Charles, and Co-Defendant, Ocwen Federal Bank, FSB's, Deposition Notices. A proposed Order is attached. Alternatively, One Call requests that this Honorable Court enter a protective order with respect to Plaintiff, Joan Charles, and Co-Defendant, Ocwen Federal Bank, FSB's, Deposition Notices. A proposed protective order is attached. Finally, One Call also requests that this Honorable Court enter any other relief it deems just and proper.

                Respectfully submitted,

                The Defendant,

                ONE CALL INSURANCE AGENCY, INC.,

                By its attorney,

                /s/ William D. Chapman
                William D. Chapman, BBO #551261
                Dina M. Schiavo, BBO #666343
                MELICK, PORTER & SHEA, LLP
                28 State Street, 22nd Floor
                Boston, MA 02109-1775
                Tel: (617) 523-6200

Date: July 2, 2007

## CERTIFICATE OF SERVICE

I, William D. Chapman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

/s/ William D. Chapman
William D. Chapman

Dated: July 2, 2007

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11625RWZ

| | |
|---|---|
| JOAN CHARLES,<br>    Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK, FSB;<br>OCWEN FINANCIAL CORPORATION;<br>MASSACHUSETTS PROPERTY<br>INSURANCE UNDERWRITING<br>ASSOCIATION; and<br>ONE CALL INSURANCE AGENCY,<br>INCORPORATED,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Upon defendant, One Call Insurance Agency Incorporated's, Motion to Quash Plaintiff, Joan Charles', Notice of Taking Deposition and Co-Defendant, Ocwen Federal Bank, FSB's, Cross-Notice for Taking Deposition, it is hereby ordered that the motion is ALLOWED.

It is so ordered.

By the Court:

_____

Dated: _____

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11625RWZ

| | |
|---|---|
| JOAN CHARLES, <br>     Plaintiff, <br> <br> v. <br> <br> OCWEN FEDERAL BANK, FSB; <br> OCWEN FINANCIAL CORPORATION; <br> MASSACHUSETTS PROPERTY <br> INSURANCE UNDERWRITING <br> ASSOCIATION; and <br> ONE CALL INSURANCE AGENCY, <br> INCORPORATED, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **ORDER**

Upon defendant, One Call Insurance Agency Incorporated, Request for Entry of Protective Order, it is ordered that the motion is ALLOWED. The plaintiff, Joan Charles, and the co-defendant, Ocwen Federal Bank, FSB, shall not conduct or proceed with the Rule 30(b)(6) deposition notices served upon counsel for One Call Insurance Agency Incorporated.

It is so ordered.

By the Court:

_____

Dated: _____