# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN CHARLES,<br>   Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK FSB;<br>OCWEN FINANCIAL CORPORATION;<br>MASSACHSUETTS PROPERTY<br>INSURANCE UNDERWRITERS<br>ASSOCIATION; and ONE CALL<br>INSURANCE AGENCY, INCORPORATED,<br>   Defendants. | CIVIL ACTION NO. 04-11625-RWZ |

## CROSS-NOTICE OF TAKING DEPOSITION

TO:   William Chapman, Esq.
      Melick, Porter & Shea, LLP
      28 State Street
      Boston, MA   02109-1775

**Please take note that** on July 10, 2007 at 10:00 a.m. at the offices of Plaintiff's Attorney, James Hoyt, Portnoy and Green, P.C., 687 Highland Avenue, Needham, MA 02494, the Defendants, Ocwen Loan Servicing, LLC, Successor-In-Interest to Ocwen Federal Bank, FSB and Ocwen Financial Corporation, will take the deposition upon oral examination, pursuant to Federal Rule of Civil Procedure 30(b)(6), of the **Person with Most Knowledge**, of One Call Insurance Agency, Incorporated, to testify with respect to the subject matters identified in Exhibit A, attached hereto, pursuant to Federal Rules of Civil Procedure, before an office authorized by law to administer oaths take testimony, and to be recorded by stenographic means. The oral examination will continue from day to day until completed.

{00119869.DOC}

Respectfully submitted,

OCWEN LOAN SERVICING, LLC,
SUCCESSOR-IN-INTEREST TO OCWEN
FEDERAL BANK, FSB AND OCWEN
FINANCIAL CORPORATION,

By its attorneys,

_____
Paul Michienzie, Esq. - BBO#548701
Christopher J. DeCosta, Esq. – BBO#657527
Michienzie & Sawin, LLC
745 Boylston Street, 5th Floor
Boston, MA 02116-2636
Tel. 617-227-5660

DATE: 6/22/07

## CERTIFICATE OF SERVICE

I, Christopher J. DeCosta, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by U.S. mail, first class, postage pre-paid to the following:

William B. Chapman, Esq.
Melick, Porter & Shea, LLP
28 State Street
Boston, MA   02109-1775

Michael W. Reilly, Esq.
Tommasino & Tommasino
2 Center Plaza
Boston, MA   02108

James E. Hoyt, Esq.
Portnoy & Greene, P.C.
687 Highland Avenue
Needham, MA   02494

_____
Christopher J. DeCosta

# EXHIBIT A

1. All matters relating to an insurance claim made by Joan Charles to Massachusetts Property Insurance Underwriting Association ("MPIUA") concerning the property at 14 Ditson Street, Dorchester, Mass. (the "Property").

2. The allegations contained in the Complaint, Amended Complaint, and the cross-claims and counterclaims filed in the above-styled action.

3. Any communications between One Call and any party relating to the Property, the fire that occurred at the Property on February of 2004, and insurance claim described above.

4. The correspondence address for Ocwen Federal Bank, FSB and/or Ocwen Loan Servicing, LLC during 2002, 2003 and 2004.

5. The policies, practices and procedures of MPIUA and One Call regarding renewal or cancellation of insurance policies.

6. Your responses to Ocwen's First Interrogatories and Request for Documents.

7. Your cross-claims against Ocwen.

8. Your role as producer for MPIUA.

9. Any communications from Joan Charles and/or her agents concerning the renewal of insurance policies and/or the claim Joan Charles made on MPIUA policy M0662672CH.

10. Any communications between One Call and Ocwen relating to the loss that occurred of the Property on February 2, 2004.

11. Any communications from MPIUA to Ocwen regarding the renewal of the MPIUA policy referenced above.

# Dina M. Schiavo

| | |
|---|---|
| **From:** | William Chapman |
| **Sent:** | Wednesday, June 27, 2007 10:41 AM |
| **To:** | Dina M. Schiavo |
| **Subject:** | FW: Charles fax to Jim Redeker |

Dina, it appears to me that P has renoticed One Call, and now so has Ocwen!

This is in the wake of court order issued yesterday that claims between P and Ocwen are settled.

P has no right to depose One Call because he sought and was denied this last fall (as discussed).

Ocwen has no right to depose us because (a) discovery period expired long ago, (b) Ocwen did not seek to depose us at last status conference, and ( C) ocwen has no viable cross claim against us.

Please speak with ocwen and P attys under 7.1 and ask them to withdraw these NTDS; assuming they refuse please file MPO asap in fed ct and coordinate with fair plan atty mike reilly, who will be doing the same thing.

| | |
|---|---|
| **From:** | William Chapman |
| **Sent:** | Thursday, April 19, 2007 1:56 PM |
| **To:** | Kelly Cognac |
| **Cc:** | Dina M. Schiavo |
| **Subject:** | Charles fax to Jim Redeker |

Dear Mr. Redeker:

I am happy to report to you that our summary judgment motion has, at long last, been allowed by the Federal Court. Per my phone call today, I have attached Judge Zobel's decision. In essence, the judge agreed that the plaintiff had failed to establish her claim that One Call owed her a duty to coordinate the payment of her insurance premiums. The court also allowed the Fair Plan's motion. The matter is now expected to proceed between plaintiff and the codefendant Ocwen, alone.

There is a lingering issue as to the cross claims by Ocwen against One Call. Ocwen has taken the position that One Call is still in the case by virtue of these cross claims. I have communicated my strident opposition to his position. I have explained to Ocwen's counsel that, for one thing, his new late-filed claim ("negligence"), which he asserted for the first time about two months ago, long after the summary judgment motions were briefed and argued, is procedurally inappropriate. We also explained that the claim is meritless on a substantive level, since a broker does not owe a mortgage bank a legal duty to coordinate payment insurance premiums - particularly insofar as the broker owed no such duty to its own insured. Further, as a result of the summary judgment decision, Ocwen's contribution claim (which was the only cross claim asserted originally) is discharged by G.L.c. 231B Sec. 3(f). We have made it fairly clear to Ocwen that, if they try to press this, we will vigorously oppose it and will seek sanctions. Ocwen is also trying to get us involved in a mediation and the upcoming pretrial conference, and I explained to counsel that we are essentially out of the case and will not be participating. The Fair Plan takes the same position.

I am happy to be able to report this good news. I will keep you posted, but it appears to me that we should soon be in a position to close this matter. Please let me know if you have any questions.

vty

wdc

enc. (Summary judgment decision)

*[handwritten notes:]*
Rule 7.1 Conf w/ DeCosta 6/27/07
left vm for Reilly
→ Still need to speak w/ P's atty.

1